**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

*[Proposed] Co-Lead Counsel for Movants and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOGOU INC., SOHU, INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, AND JAMES (XIUFENG) DENG,<br><br>Defendants. | **CASE No.: 1:19-cv-00230-JPO**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION THE SOGOU INVESTOR GROUP TO APPOINT LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |

Plaintiffs Lizhen Zhang, Juean Xu, Yuehua Ding, and Maggie Xu ("Movants" or the "Sogou Investor Group") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(3)(B) (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movants as Lead Plaintiffs for the class of all persons or entities who purchased or otherwise acquired Sogou Inc. ("Sogou" or the "Company")'s American Depository Shares ("ADS") pursuant and/or traceable to Sogou's false and misleading Registration Statement and Prospectus issued in connection with the Company's initial public offering on November 9, 2017 (the "IPO"); and

(2) approving Movants' selection of The Rosen Law Firm, P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel for the Class.

### INTRODUCTION AND BACKGROUND

The action was commenced on January 9, 2019 against Sogou, certain of Sogou's officers, and directors, and its controlling shareholders for violations under the Securities Act. That same day, Pomerantz issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Sogou is China's fourth largest internet company. Sogou's search engine is powered by artificial intelligence and provides certain services that are unique from other search engines. For example, its cross-language search service eliminates the Chinese-English language barrier by engaging users to locate English content on the internet by running searches in Chinese and then

reading content for which Sogou provides a Chinese translation. On November 9, 2017, Sogou declared its IPO of 45,000,000 ADS priced as $13 per ADS.

The complaint alleges that Sogou's Registration Statement contained untrue statements of material fact and omitted to state material facts both required by governing regulations and necessary to make the statements made not misleading, including: (1) Chinese regulators were analyzing Sogou for regulatory action because of an increase in Sogou merchants' sales of counterfeit goods; (2) Chinese regulators were analyzing Sogou for regulatory action because Sogou's existing software, advertising procedures, personnel, and audit procedures were insufficient to safeguard against compliance violations with governing Chinese regulations, and would need to be updated, enhanced, and strengthened, thus resulting in increased expenses; (3) Sogou's cost of revenues were skyrocketing primarily because of significant increases in Traffic Acquisition Cost, which is a primary driver of Sogou's cost of revenues, as Sogou was dealing with significant price inflation from increased competition; (4) Sogou was going to alter its strategy concerning smart hardware and push the Company's AI capabilities to increase product competitiveness; (5) as a result of altering its smart hardware strategy, Sogou had already decided to phase out non-AI-enabled hardware products, such as legacy models of Teemo Smart Watch, and transition to use products integrating AI technologies, which Sogou hoped would reduce its hardware revenues in the second half of 2018; and (6) as a result of the foregoing, Sogou's public statements were materially false and misleading at all relevant times.

Notwithstanding these misrepresentations and omissions in the Registration Statement, Defendants went forward with the IPO. When the truth of Defendants' misrepresentations and omissions became known, the price of Sogou's shares declined well below its IPO price.

## ARGUMENT

### I.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(A)(ii) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movants Are Willing to Serve as Class Representatives

Movants have filed herewith PSLRA certifications attesting that they are willing to serve as representatives of the class and remain willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2. Accordingly, Movants satsify the first requirement to serve as Lead Plaintiffs for the Class.

4

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost $250,604 in connection with their purchases of Sogou ADS. *See* Ex. 3 hereto. Movants are not aware of any other movant that has suffered greater losses in of Sogou ADS during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satsify the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Securities Act by issuing the false and misleading Registration Statement. Movants' interests are closely aligned with the other Class members' and their interests are, therefore, typical of the other members of the Class.

### 2.    Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained

adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed as Lead Plaintiffs. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in Sogou ADS and are therefore, extremely motivated to pursue claims in this action.

### D.  Movants Are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

The presumption that Movants are the most adequate Lead Plaintiffs is not, therefore subject to rebuttal. Movants have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed as Lead Plaintiffs for the Class.

Furthermore, before filing this motion, Movants agreed to move together as a group with Rosen Law and Pomerantz as proposed Co-Lead Counsel. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed as Lead Plaintiffs for the Class.

## II.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary to protect the interests of the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movants have selected Rosen Law and Pomerantz as Co-Lead Counsel. The firms have been actively researching Movants' and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms have an extensive history of working together to bring significant recoveries to investors, including *Menaldi v. Och-Ziff Capital Management Group LLC*, 1:14-cv-03251 (S.D.N.Y.) ($29 million settlement) and *In re: Galena Biopharma Inc. Sec. Litig.*, 3:14-cv-00367 (D. Or.) ($20 million settlement), and are experienced in the area of securities litigation and class actions, having been appointed as lead and co-lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Exs. 4 and 5 hereto. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and

8

expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

<u>CONCLUSION</u>

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) appointing Movants as Lead Plaintiffs of the Class; (2) approving Movants' selection of The Rosen Law and Pomerantz as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 11, 2019

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181

9

Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*[Proposed] Co-Lead Counsel for Movants and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim