**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SOGOU INC., SOHU, INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, and JAMES (XIUFENG) DENG,<br><br>        Defendants | Case No.: 1:19-cv-00230-JPO<br><br>Hon. J. Paul Oetken |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK S. FRATER AND**
**KETAN PATEL FOR APPOINTMENT AS CO-LEAD PLAINTIFFS**
**<u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.  FACTUAL BACKGROUND ............................................................................................. 2

II.  PROCEDURAL HISTORY ............................................................................................ 3

III.  ARGUMENT .................................................................................................................. 4

    A.  Movants Should Be Appointed Co-Lead Plaintiffs. ........................................... 4

        1.  Movants Filed a Timely Motion. .................................................................. 5

        2.  Movants Have the Largest Financial Interest. .............................................. 6

        3.  Movants Satisfy the Relevant Requirements of Rule 23. ............................. 6

            a.  Movants' Claims Are Typical. ............................................................. 7

            b.  Movants Are Adequate Representatives. .............................................. 8

    B.  The Court Should Approve Co-Lead Plaintiffs' Choice of Counsel. ............................. 8

IV.  CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)................................................................................................... 8

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ...................................................................................... 7, 8

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................ 7

*Francisco v. Abengoa, S.A.*,
No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016)................................... 9

*Inchen Huang v. Depomed, Inc.*,
289 F. Supp. 3d 1050 (N.D. Cal. 2017) ................................................................................. 9

*Isaacs v. Musk,*
No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) ............................... 9

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................. 7

*Levin v. Res. Capital Corp.*,
No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015) ............................... 9

*Micholle v. Ophthotech Corp.*,
No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)................................... 5

*Pope v. Navient Corp.*,
No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018) ............................... 9

*In re Tesla, Inc. Sec. Litig.*,
No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018)................................ 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................................. 5, 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ................................... 7

**Statutes**

15 U.S.C. § 77z-1(a)(3)(A)(i) .................................................................................................... 5

15 U.S.C. § 77z-1(a)(3)(B) ........................................................................................................ 4

ii

15 U.S.C. § 77z-1(a)(3)(B)(iii) ............................................................................................... 4, 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) ........................................................................................... 5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ....................................................................................... 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ............................................................................................ 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ....................................................................................... 8

15 U.S.C. § 77z-1(a)(3)(B)(v) ..................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23 .............................................................................................. 1, 5, 6, 7

Mark S. Frater and Ketan Patel ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") for appointment as co-lead plaintiffs, and approval of their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class (the "Class") of purchasers of Sogou, Inc. ("Sogou" or the "Company") American Depository Shares ("ADSs") pursuant and/or traceable to the Company's initial public offering taking place on November 9, 2017 (the "IPO").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" movants, as defined by the PSLRA, and should be appointed co-lead plaintiffs based on the financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## I.    FACTUAL BACKGROUND[1]

Sogou is an internet search company, which offers "Sogou Search", which is powered by artificial intelligence and is the second largest search engine used in China ("AI"). ¶¶ 2,5. Sogou is incorporated in the Cayman Islands and its stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "SOGO". ¶ 23.

The claims in this action arise from the materially misleading Registration Statement and Prospectus (collectively the "Offering Documents") issued in connection with the IPO. ¶ 11. In the IPO, Defendants offered 45,000,000 ADSs at a price to the public of $13.00 per ADS. ¶ 8. The Company received total proceeds of over $625 million. ¶¶ 10, 46.

The Offering Documents were inaccurate and misleading and, as a result, contained untrue statements of material fact and omitted to state material facts both required by governing regulations and necessary to make the statements made not inaccurate statements of material fact. ¶ 78. The Offering Documents failed to disclose that (1) Chinese regulators were analyzing Sogou for regulatory action because of an increase in Sogou merchants' sales of counterfeit goods; (2) Chinese regulators were analyzing Sogou for regulatory action because Sogou's existing software, advertising procedures, personnel, and audit procedures were insufficient to safeguard against compliance violations with governing Chinese regulations, and would need to be updated, enhanced, and strengthened, thus resulting in increased expenses; (3) Sogou's cost of revenues were skyrocketing primarily because of significant increases in Traffic Acquisition Cost, which is a primary driver of Sogou's cost of revenues, as Sogou was dealing with significant price inflation

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in *Luo v. Sogou, Inc., et al.*, Case No. 1:19-cv-00230 on January 9, 2019. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

from increased competition; (4) Sogou was going to alter its strategy concerning smart hardware and push the Company's AI capabilities to increase product competitiveness; (5) as a result of altering its smart hardware strategy, Sogou had already decided to phase out non-AI-enabled hardware products, such as legacy models of Teemo Smart Watch, and transition to use products integrating AI technologies, which Sogou hoped would reduce its hardware revenues in the second half of 2018; and (6) as a result of the foregoing, Sogou's public statements were materially false and misleading at all relevant times. ¶¶ 11, 54.

The truth began to emerge on June 7, 2018 when non-U.S.-based Chinese news sources began to report that Sogou had been ordered to take down illegal advertisements by the Chinese authorities. ¶ 55.  On July 1, 2018, more news outlets reported Sogou being involved in running illegal advertisements that insulted Chinese national heroes and martyrs and called for their punishment. ¶ 56-57. Then, on July 30, 2018, Sogou announced its Second Quarter 2018 financial results, including a revised downward guidance for the Third Quarter of 2018. ¶ 58. The Second Quarter of 2018 results disclosed that Sogou was forced to shut down part of its advertising business for 10 days in connection with advertisements that did not comply with relevant regulations, and that the Company planned to phase out all non AI-enabled hardware products. *Id*. On this news, the price of Sogou's ADSs plunged to $9.55 per ADS on Monday, July 30, 2018 from $10.33 on Friday July 27, 2018, and by August 15, 2018, Sogou ADSs were down to $8.36. ¶ 59.

## II.    PROCEDURAL HISTORY

Plaintiff Jiajia Luo ("Luo") commenced the first-filed action against Sogou on January 9, 2019. That same day, counsel acting on Luo's behalf published a notice on *Globe Newswire* announcing a securities class action had been initiated against Defendants herein. *See* Exhibit C

3

("Press Release") to the Declaration of Eduard Korsinsky in Support of Movants' Motion ("Korsinsky Decl.").

## III.    ARGUMENT

### A.    Movants Should Be Appointed Co-Lead Plaintiffs.

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiffs most capable of adequately representing the interests of the Class—is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

4

As set forth below, Movants satisfy the forgoing criteria and have complied with all of the PSLRA's requirements to be appointed co-lead plaintiffs. Movants have, to the best of their knowledge, the largest financial interest in this litigation – having lost $239,465.56 as a result of their transactions and meeting the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Korsinsky Decl. In addition, Movants are not aware of any unique defenses that Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed co-lead plaintiffs. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.     Movants Filed a Timely Motion.

On January 8, 2019, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), counsel for Luo published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants herein and advising purchasers of Sogou ADSs that they had 60 days from the publication of the January 9, 2019 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Korsinsky Decl.; *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *2 (S.D.N.Y. Mar. 13, 2018) (filing a notice on *Globe Newswire* satisfied the PSLRA's notice requirement).

Movants timely filed this motion within the 60-day period following publication of the January 9, 2019 Press Release, submitted herewith sworn certifications attesting that they are willing to serve as representatives of the Class and attaching their transactions in Sogou ADSs. *See* Korsinsky Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed co-lead plaintiffs. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa).

### 2.    Movants Have the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiff."

Movants purchased Sogou ADSs pursuant and/or traceable to the materially false and/or misleading Offering Documents at prices alleged to be artificially inflated by Defendants' misstatements and omissions and fraudulent scheme and, as a result, suffered substantial losses. As a result of the alleged fraud perpetrated by Defendants, Movants suffered an approximate loss of $239,465.56. *See* Korsinsky Decl., Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest–to be appointed as lead plaintiffs for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3.    Movants Satisfy the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

6

and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008)

### a.      Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and the lead plaintiff's claims are based on the same legal theory. *See Kuriakose\* 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions and fraudulent scheme concerning Sogou's business, operations, and financial prospects violated the federal securities laws. Movants, like all of the members of the Class, purchased Sogou ADSs pursuant and/or traceable to Defendants' alleged misstatements and omissions and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where Movant purchased stock

at artificially inflates prices "and suffered damages as a result"). Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.   Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to ensure vigorous advocacy. *See* Korsinsky Decl., Ex. B. Finally, Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

### B.   The Court Should Approve Co-Lead Plaintiffs' Choice of Counsel.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Levi & Korsinsky to pursue this litigation on their behalf and will retain the firm as the Class's Lead Counsel in the event they are appointed co-lead plaintiffs. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Korsinsky Decl. as Ex. D. Moreover, Levi & Korsinsky has often and recently been appointed as lead counsel in similar actions in this Circuit and across the country

arising under the federal securities laws on behalf of investors. *See Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL 6182753, at \*4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.,* No. 15 CIV. 6279 (ER), 2016 WL 3004664, at \*7 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 CIV. 7081 (LLS), 2015 WL 7769291, at \*2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. CV 17-8373 (RBK/AMD), 2018 WL 672640, at \*5 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *see also Inchen Huang v. Depomed*, *Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully request the Court grant their Motion and enter an Order: (1) appointing Movants as co-lead plaintiffs, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: March 11, 2019

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Eduard Korsinsky*
Eduard Korsinsky (EK-8989)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

10