# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SOGOU INC., SOHU, INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, and JAMES (XIUFENG) DENG, <br><br> Defendants | Case No.: 1:19-cv-00230-JPO <br><br> Hon. J. Paul Oetken |

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF MARK S. FRATER AND KETAN PATEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

We, Mark S. Frater and Ketan Patel declare as follows, pursuant to 28 U.S.C. §1746:

1.    Mark S. Frater and Ketan Patel (collectively, "Movants"), respectfully submit this Joint Declaration in support of our Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (the "Joint Declaration"). We each have personal knowledge about the information contained in this Joint Declaration relating to ourselves, and if called as witnesses, could testify competently thereto (unless our knowledge is on information and belief, in which case we will so state). We are fully capable and willing to work together to fulfill the requirements of serving as a unified lead plaintiff group pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

2.    I, Mark S. Frater, as reflected in my Certification and our Motion, suffered substantial losses as a result of my transactions in the American Depository Shares ("ADSs") of Sogou, Inc. ("Sogou" or the "Company") pursuant and/or traceable to Sogou's Registration Statement and Prospectus issued in connection with the Company's initial public offering (as defined below) and as a result of the violations of the federal securities laws alleged in this Action. I am a sophisticated investor with about 35 years of experience in investing in securities and am motivated to recover the loss I suffered on my own behalf and to benefit all other members of the Class. I am currently retired, but previously was the founder and CEO of an electronics business located in Sunnyvale, California for over 30 years. I currently reside in Las Vegas, Nevada. After due consideration, I decided to join in and seek appointment as lead plaintiff with Ketan Patel.

3.    I, Ketan Patel, as reflected in my Certification and our Motion, suffered substantial losses as a result of my transactions in the ADSs of Sogou pursuant and/or traceable to Sogou's Registration Statement and Prospectus issued in connection with the Company's initial public offering (as defined below) and as a result of the violations of the federal securities laws alleged in this Action. I am a sophisticated investor with about 21 years of experience in investing in securities

and am motivated to recover the loss I suffered on my own behalf and to benefit all other members of the Class. I am a Planning and Performance Manager at Coca-Cola where I have worked for 21 years. I currently reside in Lewisville, Texas. After due consideration, I decided to join in and seek appointment as lead plaintiff with Mark S. Frater.

4.      We are like-minded investors who contacted and retained Levi & Korsinsky, LLP ("Levi & Korsinsky") to represent us in the Action. After discussing the merits of the Action and our responsibilities as lead plaintiff under the PSLRA, we decided to move for lead plaintiff with each other. We made this decision because we are each highly motivated to recover the substantial losses that we incurred as a result of Defendants' violations of the federal securities laws. Accordingly, we believe that this Action would be better managed by a group of investors with the financial incentive to ensure that the claims are litigated efficiently, vigorously, and in the best interest of the Class. If appointed, our primary goal will be to ensure that the litigation is driven to maximize the recovery of the Class from all liable parties.

5.      On January 9, 2019, Jiajia Luo filed this Action on behalf of all purchasers of Sogou ADSs pursuant and/or traceable to Sogou's false and misleading Registration Statement and Prospectus issued in connection with the Company's initial public offering on November 9, 2017 (the "IPO" or the "Offering").  This Action seeks relief against Sogou and other individual defendants for violations of the Securities Act of 1933 ("Securities Act").

6.      After due consideration, we each decided that we could maximize the potential recovery for the Class by joining together and seeking appointment as Lead Plaintiff together. We, Mark S. Frater and Ketan Patel, contacted counsel to inquire about participating in the Action. Through these discussions, we learned of each other's interest in serving as Lead Plaintiff. After realizing that we each had a significant interest in prosecuting the Action, we deliberated as to whether we would move together as a group.

3

7.    During the deliberations, we considered the claims against the Defendants and the benefits that a joint decision-making process could have on the progression of this Action. We ultimately agreed to join together with the main goal of securing the largest possible amount in any settlement or judgment to recuperate losses suffered as a result of the unlawful course of action taken by Defendants.

8.    Prior to seeking appointment as Lead Plaintiff, we discussed: (1) the facts and merits of the pending claims; (2) a strategy for prosecution; (3) the role we would serve as Lead Plaintiff and the process by which we may be selected; (4) the benefits that the Class would enjoy by virtue of being represented by highly-motivated individuals who suffered substantial losses; (5) our interest in serving jointly as Lead Plaintiff, to ensure that the Claims of the class will be zealously and efficiently litigated; and (6) negotiating a cap on attorney fees and how fees would be requested, approved, and awarded in the event of a recovery for the Class.

9.    We also considered the fact that we had retained highly-qualified counsel to serve as Lead Counsel and that we would work with counsel to ensure that the case progresses expeditiously and efficiently to bring about a fair resolution to the Action.

10.    We understand that the PSLRA and courts in this District appoint small groups when they are able to oversee the litigation in a cohesive manner. We submit that we intend to prosecute this Action and work with counsel in such a manner to ensure that it is brought to a resolution efficiently.

11.    Each of us is highly motivated to recover the substantial losses we suffered as a result of the fraudulent acts of Defendants. We agree that we will share our perspectives, experiences, and resources and will remain actively involved to ensure the Class is afforded the highest degree of representation possible. We each understand that, if appointed, we would owe a fiduciary duty to the Class to provide effective representation and to ensure that Lead Counsel effectively litigates the

Action. We both understand that if we are appointed as lead plaintiff, we will owe a duty to the putative Class to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.

12.     In order to fulfill our obligation, we have established procedures for overseeing the progress of this litigation. Such procedures include our agreement to regularly communicate amongst one another and with counsel and review filings in this Action. We have communicated our directive that the Action be prosecuted efficiently and without duplication of work to our counsel and are confident they understand our mandate in this regard.

13.     We have established lines of communication via phone and email to ensure that we can communicate with each other and our attorneys on short notice to ensure that we can make timely and informed decisions. We do not anticipate that any disagreements will arise in the process of making these decisions and agree that we will make good faith efforts to reach a consensus with respect to all decisions arising out of this Action.

14.     However, in the unlikely event that a disagreement arises, we agree to present our respective views to a qualified independent arbitrator who has previously served as a state or federal judge and to be bound by any decisions made by the arbitrator.

15.     We have also directed counsel to keep us informed of any developments in the Action—including any developments in the lead plaintiff proceedings. To this end, we will continue to direct Lead Counsel and oversee the prosecution of this Action for the benefit of the Class by reviewing pleadings, orders, and motion papers and conferring amongst ourselves. Further, we agreed that we will make ourselves available to personally travel for any appearances, depositions, settlement hearings, and other necessary meetings to facilitate the prosecution of this Action.

16.     We are familiar with the experience, resources, and successes of our proposed Lead Counsel, Levi & Korsinsky. We are well aware that Levi & Korsinsky is an accomplished law firm

with a history of achieving successful recoveries on behalf of defrauded investors such as ourselves. Through our oversight, we believe Levi & Korsinsky will vigorously prosecute this Action in a cost-effective manner and in the best interests of all members of the putative Class.

17.     We hereby reaffirm our commitment to satisfying the fiduciary duties that we will owe to the Class if appointed as Lead Plaintiff, including conferring with counsel regarding litigation strategy, attending court proceedings and depositions, if necessary, and reviewing documents, pleadings, and motions in this Action. Our main goal is obtaining the largest recovery possible for the Class.

I, Mark S. Frater, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 9th day of March 2019.

Mark S. Frater

_____

I, Ketan Patel, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 11th day of March 2019.

Ketan Patel