UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated, <br><br>                Plaintiffs, <br><br>       v. <br><br> SOGOU INC., SOHU, INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, and JAMES (XIUFENG) DENG, <br><br>                Defendants | Case No.: 1:19-cv-00230-JPO <br><br> Hon. J. Paul Oetken |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF MARK S. FRATER AND KETAN PATEL FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE MOTION OF THE SOGOU INVESTOR GROUP TO APPOINT LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**

Dated:  March 25, 2019

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com

Donald J. Enright
1101 30th St., NW, Ste. 115
Washington, DC 20007
Tel: (202) 524-4292
Fax: (202) 333-2121
Email: denright@zlk.com

*Lead Counsel for Movants and [Proposed]*
*Lead Counsel for the Class*

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................................. 1

II.    ARGUMENT .................................................................................................................... 2

    A.    Movants Have Made a Preliminary Showing That They Satisfy The Requirements of Rule 23 ............................................................................................ 2

        1.    Movants Are Typical of the Class ...................................................................... 2

        2.    Movants Are Adequate Representatives .............................................................. 3

    B.    SIG is Atypical, Subject to Unique Defenses and Incapable of Adequately of Representing the Class ................................................................................................ 6

        1.    SIG Failed to Submit Any Evidence of Its Cohesiveness and Its Ability to Jointly Prosecute This Action in A Coordinated and Efficient Manner ..................... 6

        2.    SIG is the Product of Lawyer-Driven Litigation .............................................. 8

        3.    SIG Members Juean Xu and Lizhen Zhang Are Atypical ................................. 9

    C.    Excluding the Losses from SIG's Atypical and Inadequate Members, Movants Have Suffered the Largest Loss By a Wide Margin ..................................................... 11

III.    CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

*Ali v. Intel Corp.,*
2018 U.S. Dist. LEXIS 89401 (N.D. Cal. May 29, 2018) ...................................................... 2

*Cullinan v. Cemtrex, Inc.*,
287 F. Supp. 3d 277 (E.D.N.Y. 2018) .................................................................................... 5

*Emerson v. Genocea Biosciences, Inc.*,
2018 U.S. Dist. LEXIS 22228 (D. Mass. Feb. 12, 2018) ...................................................... 4

*Hansen v. Ferrellgas Partners, L.P.*,
2017 U.S. Dist. LEXIS 8145 (S.D.N.Y. Jan. 19, 2017)......................................................... 4

*In re Donnkenny Inc. Sec. Litig.*,
171 F.R.D. 156 (S.D.N.Y. 1997) ........................................................................................... 4

*In re E.spire Communs., Sec. Litig.*,
231 F.R.D. 207 (D.Md. 2000).................................................................................................. 8

*In re MGT Capital Invs., Inc.*,
2017 U.S. Dist. LEXIS 59130 (S.D.N.Y. Apr. 11, 2017)....................................................... 6

*In re Milestone Scientific Sec. Litig.,*
183 F.R.D. 404 (D.N.J. 1998).................................................................................................. 2

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................. 2

*In re Petrobras Secs. Litig.*,
104 F. Supp. 3d 618 (S.D.N.Y. 2015)...................................................................................... 3

*In re Pfizer Inc. Securities Litigation,*
233 F.R.D. 334 (S.D.N.Y. 2005) ............................................................................................ 8

*In re Razorfish, Inc. Sec. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001)...................................................................................... 9

*In re State St. Bank & Tr. Co. Fixed Income Funds Invest. Litig.*,
774 F. Supp. 2d 584 (S.D.N.Y. 2011)...................................................................................... 9

*In re Tarragon Corp. Sec. Litig.*,
2007 U.S. Dist. LEXIS 91418 (S.D.N.Y. Dec. 6, 2007) ........................................................ 7

*In re Third Ave. Mgt. LLC Sec. Litig.*,
2016 U.S. Dist. LEXIS 72344 (S.D.N.Y. May 13, 2016)........................................................ 6

*In re Versata, Inc.*,
  No. C 01-1439-SI, 2001 U.S. Dist. LEXIS 24270 (N.D. Cal. Aug. 20, 2001).........................8

*International Union of Operating Engineers Local No. 478 Pension Fund v. FXCM, Inc., et al.*,
  2015 U.S. Dist. LEXIS 153202 (S.D.N.Y. Nov. 12, 2015).......................................................3

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015)......................................................................................4

*Local 295/Local 851 IBT Emplr. Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp*,
  731 F. Supp. 2d 689 (S.D. Ohio 2010) ...................................................................................10

*Marsch v. Feng,*
  2013 U.S. Dist. LEXIS 89853 (S.D.N.Y. June 12, 2013 ..........................................................3

*McNichols v. Loeb Rhoades & Co.*,
  97 F.R.D. 331 (N.D. Ill. 1982)...............................................................................................10

*Porzio v. Overseas Shiphldg Group*,
  12 Civ. 7948, 2013 U.S. Dist. LEXIS 14463 (S.D.N.Y. Feb. 1, 2013) ..................................10

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993)....................................................................................................2

*Rosian v. Magnum Hunter Res. Corp.*,
  2013 U.S. Dist. LEXIS 146236 (S.D.N.Y. Oct. 7, 2013) ................................................. 1, 6, 9

*Seamans v. Aid Auto Stores, Inc.*,
  2000 U.S. Dist. LEXIS 1749 (E.D.N.Y. Feb. 15, 2000)..........................................................10

*Simmons v. Spencer*,
  2014 U.S. Dist. LEXIS 58743 (S.D.N.Y. Apr. 24, 2014)..........................................................4

*Tice v. Novastar Fin., Inc.*,
  2004 U.S. Dist. LEXIS 16800, at *18-19 (W.D. Mo. Aug. 23, 2004) ...................................10

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) .............................................................................................4

*Wilson v. LSB Indus.*,
  2018 U.S. Dist. LEXIS 138832 (SDNY Aug. 13, 2018).........................................................10

*Zlotnick v. TIE Communications,*
  836 F.2d 818 (3rd Cir. 1988) .................................................................................................11

**Statutes**

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)..................................................................................................3

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................................. 2

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... 1, 2, 3

Movants Mark S. Frater ("Frater") and Ketan Patel ("Patel" and, together, "Movants")[1] respectfully submit this memorandum of law in further support of their Motion and in opposition to the Motion of the Sogou Investor Group ("SIG") to Appoint Lead Plaintiffs and Approve Lead Plaintiffs' Selection of Counsel (Dkt. No. 8, "SIG's Motion") and documents filed in support thereof, including SIG's memorandum of law (Dkt. No. 10, "SIG Br.").

## I.   INTRODUCTION

Pending before the Court are two motions to appoint lead plaintiff—one motion filed by Movants Frater and Patel and one by SIG.  While SIG claims minimally higher losses than Movants, SIG is incapable of providing adequate representation for the Class.  SIG, evidently comprised of four unrelated investors with no prior relationship cobbled together by multiple law firms, has failed to provide *any* evidence that the group's members are even aware of each other, let alone that they are able to function cohesively to oversee counsel and act in the best interests of the Class as required by Rule 23.  *Rosian v. Magnum Hunter Res. Corp.*, 2013 U.S. Dist. LEXIS 146236, at *3 (S.D.N.Y. Oct. 7, 2013) (rejecting movant group where there had been "insufficient evidence that the members of the group will act collectively and separately from their lawyers") (citation omitted). SIG's motion should be denied on that basis alone.

Moreover, SIG's motion should be denied on the separate ground that two of its members, Juean Xu and Lizhen Zhang, both suffer from unique defenses as a result of their day trading and short selling strategies, respectively, making them atypical of the rest of the members of the Class. Excluding Xu and Zhang, SIG has suffered losses of only $15,473.08, far below those of Movants.

---

[1] Unless otherwise indicated, defined terms shall have the meanings ascribed in Movants' opening memorandum of law (Dkt. No. 12, "Br.") and the Complaint. Citations to "¶ __" are to paragraphs of the Complaint.

For these reasons, as discussed further below, Movants should be appointed as Lead Plaintiff and their choice of counsel, Levi & Korsinsky, LLP ("Levi & Korsinsky"), appointed lead counsel.

## II.   ARGUMENT

### A. Movants Have Made a Preliminary Showing That They Satisfy The Requirements of Rule 23

Pursuant to the PSLRA, in order to be appointed, a proposed lead plaintiff must facially "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal characteristic of the class representative. *See Ali v. Intel Corp.,* 2018 U.S. Dist. LEXIS 89401, at \*5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Movants satisfy both requirements.

### 1.   Movants Are Typical of the Class

As demonstrated in their opening papers, Movants' claims are "typical" of the claims of the proposed Class within the meaning of Rule 23(a)(3) because such claims arise from the same course of conduct by defendants and are based on the same legal theories. *See Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also In re Milestone Scientific Sec. Litig.,* 183 F.R.D. 404, at \*414–15 (D.N.J. 1998).

Additionally, as demonstrated in Movants' motion papers, their interests are aligned with those of the other members of the Class and they have acted diligently on behalf of the Class. Not only did Movants engage competent counsel, they did so after contacting and considering multiple firms. Only after considering various firms' credentials and experience did Movants select Levi &

2

Korsinsky to be their proposed Lead Counsel because Levi & Korsinsky has the background, experience, and expertise necessary to best prosecute the Class' claims. These actions demonstrate Movants are acting in the best interests of the class and properly overseeing counsel, demonstrating their adequacy to represent the putative class. *See, e.g.*, *In re Petrobras Secs. Litig.*, 104 F. Supp. 3d 618, at *624 (S.D.N.Y. 2015) (appointing class member "represented by a single law firm" as lead plaintiff and noting that it had "vetted its chosen counsel extensively and negotiated a more favorable fee agreement").

### 2.   Movants Are Adequate Representatives

Movants also satisfy the adequacy requirement of Rule 23. Levi & Korsinsky, proposed Lead Counsel for the Class, is highly experienced in securities class action litigation and well qualified to litigate the Action on behalf of the Class. *See* Dkt. No. 13-5, Ex. E (firm résumé of Levi & Korsinsky). Moreover, Movants have no conflicts with absentee Class members and are highly motivated to recover their collective losses of nearly $240,000. *See Marsch v. Feng,* 2013 U.S. Dist. LEXIS 89853, at *5 (S.D.N.Y. June 12, 2013) (adequacy satisfied where movants suffered heavy losses to "ensure vigorous advocacy on behalf of the class.") (internal citations omitted).

While the PSLRA expressly permits a "person or group of persons" to serve as lead plaintiff (15 U.S.C. §78u-4(a)(3)(B)(iii)(I)), its members must demonstrate that they satisfy Rule 23 and can "function cohesively and effectively manage the litigation apart from their lawyers." *International Union of Operating Engineers Local No. 478 Pension Fund v. FXCM, Inc., et al.*, 2015 U.S. Dist. LEXIS 153202, at *7 (S.D.N.Y. Nov. 12, 2015). Indeed, as Chief Judge McMahon has explained, "[m]any courts—including this one—have turned away pastiche plaintiffs whose grouping appears to be solely a product of the litigation, because, 'To allow an aggregation of

unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff.'"

*Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, at *532 (S.D.N.Y. 2015) (quoting *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, at *157 (S.D.N.Y. 1997)).

Courts in this District and Circuit, and throughout the country, routinely appoint groups to serve as lead plaintiff where, as here, the group is small and therefore presumably cohesive and has shown a willingness and ability to cooperatively manage the litigation. *See Simmons v. Spencer*, 2014 U.S. Dist. LEXIS 58743, at *13 (S.D.N.Y. Apr. 24, 2014) ("[a] group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small, such as here with only five members, and therefore presumptively cohesive."); *Chahal v. Credit Suisse Grp. AG,* 2018 U.S. Dist. LEXIS 104185, at *15 (S.D.N.Y. June 21, 2018) (same); *Hansen v. Ferrellgas Partners, L.P.*, 2017 U.S. Dist. LEXIS 8145, at *12-13 (S.D.N.Y. Jan. 19, 2017) (noting "even a previously unrelated group of individuals is entitled to the presumption.… [T]he statute plainly does not require the group to also prove it is 'more' adequate than competing movants with smaller financial interests.").[2]

Movants are two sophisticated investors and accomplished business people who collectively have nearly fifty (50) years of experience investing in securities. *See* Joint Declaration at ¶¶ 2-3. Movant Mark S. Frater is a retired founder and Chief Executive Officer of an electronics business in California and Movant Ketan Patel is Planning and Performance Manager at Coca-Cola. *Id. See Emerson,* 2018 U.S. Dist. LEXIS 22228, at *14 (sophistication of group members demonstrates ability to direct litigation and "prevent it from becoming lawyer-driven"); *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.,*, 589 F. Supp. 2d 388, at *392 (S.D.N.Y.

---

[2] *See also*, *Emerson v. Genocea Biosciences, Inc.*, 2018 U.S. Dist. LEXIS 22228, at *8 (D. Mass. Feb. 12, 2018) (courts generally permit the "aggregation of unrelated plaintiffs"); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing a group of seven people and recognizing that "appointing a group of people as co-lead plaintiffs is allowable under the PSLRA").

4

2008) (considering the sophistication of group members). In addition to being sophisticated investors with accomplished business backgrounds, Movants have already demonstrated their commitment to acting cooperatively as Lead Plaintiff by participating in a joint call to discuss their roles as Lead Plaintiff and their plans for litigating this case (Dkt. 13-4, Joint Declaration at ¶¶7-9; Supplemental Joint Declaration ¶¶2, 4-5)[3] and through subsequently staying informed about, and discussing the strategy for, the case and the lead plaintiff motions, as set forth in their Supplemental Joint Declaration filed herewith.

Through these discussions, Movants have agreed on a decision-making mechanism to reach crucial decisions in the unlikely event unanimity cannot be achieved. *See* Dkt. 13-4, Joint Declaration at ¶¶12-15 (if decision cannot be reached after consulting with counsel "we agree to present our respective views to a qualified independent arbitrator who has previously served as a state or federal judge and to be bound by any decision made by the arbitrator"). The representations in the Joint Declaration, Supplemental Joint Declaration and Movants' involvement thus far in this litigation demonstrates that they comprise a small, cohesive team who are, above all, committed to "maximize the recovery of the Class from all liable parties" *Id.* at ¶4; *see also Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 286 (E.D.N.Y. 2018) (appointing a group as lead plaintiff where filings indicate the "group members' plans for cooperating and involvement in the litigation.").

Finally, Movants are represented by a single law firm—Levi & Korsinsky. Movants contacted the law firm of Levi & Korsinsky after realizing substantial losses in their investments and were not joined together by multiple law firms for the purposes of conjuring a group to take

---

[3] *See* Declaration of Shannon L. Hopkins in Support of Memorandum of Law in Further Support of the Motion of Mark S. Frater and Ketal Patel for Appointment as Lead Plaintiff, filed herewith, at Exhibit 1.

control of this litigation. These facts, among others discussed herein, demonstrate that Movants are not a lawyer-driven group and will adequately oversee counsel throughout the litigation. SIG, by contrast, is represented by multiple law firms. *See In re MGT Capital Invs., Inc.*, 2017 U.S. Dist. LEXIS 59130, at \*10 (S.D.N.Y. Apr. 11, 2017) (expressing concern of multiple law firms resulting in a duplication of effort and the incurrence of excess fees).

### B. SIG is Atypical, Subject to Unique Defenses and Incapable of Adequately of Representing the Class

#### 1. SIG Failed to Submit Any Evidence of Its Cohesiveness and Its Ability to Jointly Prosecute This Action in A Coordinated and Efficient Manner

"Ultimately, to enjoy the PSLRA's rebuttable presumption, 'a proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs.'" *In re Third Ave. Mgt. LLC Sec. Litig.*, 2016 U.S. Dist. LEXIS 72344, at \*7 (S.D.N.Y. May 13, 2016) (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008); *see also Rosian v. Magnum Hunter Res. Corp.*, 2013 U.S. Dist. LEXIS 146236, at \*3 (S.D.N.Y. Oct. 7, 2013) (rejecting movant group where there had been "insufficient evidence that the members of the group will act collectively and separately from their lawyers") (citation omitted). "Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese*, 589 F.Supp.2d at 392.

6

Noticeably absent from SIG's lead plaintiff application is *any* evidence of the group's cohesion or ability to collectively manage the litigation. Indeed, unlike Movants, SIG did not submit a joint declaration or any sort of similar evidentiary proffer expressing its members' solidarity or describing any agreed-upon arrangements for managing the litigation. For example, SIG has not provided any evidence demonstrating its members were aware of one another's existence *at the time of filing*,[4] that they agreed to move for lead plaintiff as a group, that its group members have ever spoken or have any mechanism for communicating and joint decision-making to supervise counsel and manage the litigation. Such failures do not merely rebut the PSLRA's presumption, rather, *they preempt SIG from even being eligible for consideration* in the first instance. *Id.*; *see also In re Tarragon Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 91418, at *3–4 (S.D.N.Y. Dec. 6, 2007) (rejecting two groups seeking appointment as lead plaintiff where neither had "proven its own existence. Other than that each of the two groups is represented by a set of lawyers, no information is provided. There is no evidence that the members of these groups have ever communicated with other members of their respective group or will do so in the future.").

Moreover, SIG has not provided any evidence of its formation, cohesiveness and functioning and thus has failed to address any of the *Varghese* factors. Hence, SIG has failed to demonstrate that its grouping is in the "best interest of the class." *Varghese*, 589 F. Supp. 2d at 392 ("[A] group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs."); *see Tarragon,* U.S. Dist. LEXIS

---

[4] The fact that its members are apparently represented by multiple law firms (discussed below) makes it even more likely that members of SIG are completely unaware of one another, or that they are being joined together into a group.

7

91418 at *6 ("[T]o enjoy the rebuttable presumption that the statute confers, there must be some *evidence* that the members of the group will act collectively and separately from their lawyers.").

Permitting a group consisting of unrelated movants to aggregate their losses ***absent evidence of cohesiveness***, as SIG seeks to do here, "runs the risk that attorneys will seek to put together a group of unrelated plaintiffs for the sole purpose of having that group qualify as the group with the 'largest financial interest,' in turn leading to such attorneys' appointment as lead counsel." *In re E.spire Communs., Sec. Litig.*, 231 F.R.D. 207, 213 (D.Md. 2000). Accordingly, "courts have held that both the context and the structure of the PSLRA demonstrate that a 'group of persons,' within the meaning of the statute, should consist of more than a mere assemblage of unrelated persons"). *Id*; *see also In re Versata, Inc.*, No. C 01-1439-SI, 2001 U.S. Dist. LEXIS 24270, at *19–20 (N.D. Cal. Aug. 20, 2001) (in determining the adequacy of a group movant, "the singular focus [should] be whether the asserted group has demonstrated the ability to represent the class and direct the litigation without undue influence from counsel").

SIG simply has not met its burden to show that its members comprise a proper group for the purposes of the PSLRA. Under these circumstances, SIG should be disqualified from consideration for appointment. *See e.g.*, *In re Pfizer Inc. Securities Litigation,* 233 F.R.D. 334, 337 (S.D.N.Y. 2005) ("Nothing before the Court indicates that this aggregation is anything other than an attempt to create the highest possible 'financial interest' figure under the PSLRA . . . and I reject it.").

### 2.   SIG is the Product of Lawyer-Driven Litigation

SIG is unmistakably the product of improper lawyer-driven litigation.  Indeed, SIG is a prime example of precisely the sort of "artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff'" that

federal courts have criticized. *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, at *307–08 (S.D.N.Y. 2001) (citation omitted). Indeed, the fact that SIG is the byproduct of lawyer-driven litigation is clearly evidenced by the fact that the group is comprised of four seemingly unrelated individuals who are represented by at least two different law firms – the Rosen Law Firm, P.A. ("Rosen") and Pomerantz LLP ("Pomerantz"). This type of unexplained assemblage of unrelated investors with multiple counsel is precisely the sort of lawyer-driven litigation strategy that the PSLRA was intended to eradicate. *Rosian*, 2013 U.S. Dist. LEXIS 146236, at *3 (rejecting movant group where "insufficient evidence that the members of the group will act collectively and separately from their lawyers") (citation omitted).

### 3. SIG Members Juean Xu and Lizhen Zhang Are Atypical

Juean Xu claims losses of $91,629 from engaging in ***hundreds of in and out trades*** (purchases and sales of the same securities in the same day) throughout the Class Period. For example, ***on June 11, 2018, alone, Mr. Xu engaged in twenty-six (26) in and out trades*** and on June 20, 2018, he engaged in ***<u>no less than thirty-six (36) in and out trades</u>***. Such day trading relies on small fluctuations in the stock price in a given day and does not actually rely on the truthfulness of the Registration Statement and Prospectus which contain the information presumed to be relied on in setting the market price of the security. Thus, Xu's damages cannot reasonably be said to be the result of misinformation in the market.

Section 11 "restricts damages to those depreciations . . . that actually result from the . . . the material misstatement, not to those that are somehow connected with the misstatement or even those that are simply 'within the zone of risk' of the misstatement." *In re State St. Bank & Tr. Co. Fixed Income Funds Invest. Litig.*, 774 F. Supp. 2d 584, 595 (S.D.N.Y. 2011). Thus, an absence of loss causation in connection with in and out trading provides a defense from liability

under Section 11 "if the depreciation in the value of the security did not result from any nondisclosure or false statement made in the . . . registration statement." *See Azzolini v. Corts Trust II*, Nos. 1:03-cv-1003, 1:03-md-1552, 1:03-cv-1005, 2005 U.S. Dist. LEXIS 38454, at *18-19 (E.D. Tenn. Dec. 14, 2005); *see also Local 295/Local 851 IBT Emplr. Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp*, 731 F. Supp. 2d 689, at *710 (S.D. Ohio 2010) (asserting that "a plaintiff must show that an economic loss occurred after the truth behind the misrepresentation or omission became known to the market").

Thus, where, as here, a proposed lead plaintiff is a day trader, courts have refused to appoint him or her because they are subject to unique defenses and, thus, are rendered atypical for the purposes of a Rule 23 analysis. *See, e.g., Wilson v. LSB Indus.*, 2018 U.S. Dist. LEXIS 138832, at *16-17 (SDNY Aug. 13, 2018) ("An 'in-and-out' trader . . . may be subject to a unique defense"); *Tice v. Novastar Fin., Inc.*, 2004 U.S. Dist. LEXIS 16800, at *18-19 (W.D. Mo. Aug. 23, 2004) (holding a market maker was atypical of a class because they were potentially subject to unique defenses regarding their reliance); *Seamans v. Aid Auto Stores, Inc.*, 2000 U.S. Dist. LEXIS 1749, at *11-12 (E.D.N.Y. Feb. 15, 2000) (holding that a market maker could not be lead plaintiff because reliance and materiality are unique for a market maker); *McNichols v. Loeb Rhoades & Co.*, 97 F.R.D. 331, at *344 (N.D. Ill. 1982) (holding that a market maker is atypical of the class because "issues of both reliance and materiality would be different for a market maker"); *see also, Porzio v. Overseas Shiphldg Group*, 12 Civ. 7948, 2013 U.S. Dist. LEXIS 14463, at *13-15 (S.D.N.Y. Feb. 1, 2013) ("Because the Hedayas are 'in and out' traders, meaning that they purchased the stock at the allegedly fraudulently inflated price and sold it before the corrective disclosure, there is a strong likelihood that their entire claimed losses will be unrecoverable, at

10

least under the theory of fraud set forth in the various complaints, which is based entirely on the October 2012 disclosures.").

Mr. Zhang, who claims losses of $133,730, is also subject to unique defenses as a short seller. Short sellers' trading strategies are based upon the expectation that the price of the subject stock will decline, unlike typical investors who purchase securities with the expectation that the price will appreciate in value over time. Thus, short sellers, like day traders, likely do not suffer losses based on the misinformation. Indeed, a review of Mr. Zhang's trades shows that he *profited* from his short sales. Accordingly, courts have similarly rejected lead plaintiff movants who claim losses based upon short selling trading strategies as atypical. *See, e.g., Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *15 (N.D. Cal. Nov. 27, 2018) (declining to appoint short seller as lead plaintiff because it "will likely be subject to unique defenses . . . that may well become the focus of the litigation to the detriment of the class"); *Zlotnick v. TIE Communications,* 836 F.2d 818, 823 (3rd Cir. 1988) (finding that since short seller "decided that the market price was not an accurate valuation of the stock at the time of his short sale, we should not presume that it was reasonable for him to rely upon the market price at the time of his purchase").

### C. Excluding the Losses from SIG's Atypical and Inadequate Members, Movants Have Suffered the Largest Loss By a Wide Margin

As set forth in its PLSRA certifications and opening brief, Movants suffered substantial losses of approximately $239,465.56. While Movants' claimed losses are about $11,000 less than SIG's claimed losses of $250,604, by properly excluding Xu and Zhang's losses, SIG's remaining members suffered losses of only $15,473.08, far less than the Movants'. Accordingly, Movants are the presumptive lead plaintiff and should be appointed to prosecute the Action on behalf of the Class.

**III.    CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Movants as Lead Plaintiff, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: March 25, 2019

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

Donald J. Enright (*pro hac vice motion forthcoming*)
1101 30th St., NW, Ste. 115
Washington, DC 20007
Tel: (202) 524-4292
Fax: (202) 333-2121
Email: denright@zlk.com

*Lead Counsel for Movants and [Proposed] Lead Counsel for the Class*