UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOGOU INC., SOHU, INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, and JAMES (XIUFENG) DENG, | Case No.  1:19-cv-00230-JPO<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF THE SOGOU INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTION |

The Sogou Investor Group[1] respectfully submits this Memorandum of Law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz and Rosen as Co-Lead Counsel (Dkt. No. 8); and in opposition to the competing motion of Mark S. Frater ("Frater") and Ketan Patel ("Patel") (Dkt. No. 11).

**PRELIMINARY STATEMENT**

This is a class action securities fraud lawsuit against Sogou and certain of the Company's officers.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[1] All capitalized terms herein are defined in the Sogou Investor Group's moving brief, unless otherwise indicated. *See* Dkt. No. 10.

1

Here, that movant is the Sogou Investor Group, a small and cohesive investor group that suffered losses of approximately $250,604 in connection with its transactions in Sogou securities during the Class Period—roughly $11,000 more than the $239,466 in aggregate losses suffered by Frater and Patel, the only competing movants.  In addition, one group member alone—Lizhen Zhang—incurred a greater loss than either Frater or Patel individually.  *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004) (same).

Moreover, the Sogou Investor Group satisfies the adequacy and typicality requirements of Rule 23.  The Sogou Investor Group, like all members of the Class, purchased Sogou securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23.  *See*, *e.g.*, *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

Additionally, the Sogou Investor Group is a small and cohesive group of investors, who have demonstrated their adequacy by the submission of a Joint Declaration attesting to their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Exhibit A to the Declaration of Jeremy A. Lieberman in Further Support of Motion and in

Opposition to Competing Motions ("Lieberman Decl."); *see also In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *13 (E.D.N.Y. Dec. 15, 2017) (affirming adequacy of group of four investors to serve as Lead Plaintiff under similar circumstances).

For the reasons set forth herein, the Sogou Investor Group respectfully submits that its motion should be granted in its entirety.

## ARGUMENT

### I.      The Sogou Investor Group Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Once this presumption is triggered, it can only be rebutted upon *"proof"* that the presumptive Lead Plaintiff will not fairly represent the interests of the Class—whether another movant might somehow better protect the interests of the Class is irrelevant. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representative is the Sogou Investor Group.

### A.      The Sogou Investor Group Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest", courts around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Foley*, 272 F.R.D. at 128 ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors, the approximate loss suffered by the movant"); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (equating financial interest with economic loss); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *8 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Under the foregoing analysis, the Sogou Investor Group clearly possesses the largest financial interest in the litigation.  The following chart compares the Sogou Investor Group to the competing movants:

| Movant(s) | Approximate Loss |
|---|---|
| The Sogou Investor Group | $250,604 |
| *Lizhen Zhang* | *$136,130* |
| *Zhu Family* | *$114,474* |
| Frater and Patel | $239,466 |
| *Mark S. Frater* | *$131,708* |
| *Ketan Patel* | *$107,757* |

As shown above, the Sogou Investor Group suffered a loss of approximately $250,604 in connection with its purchases of Sogou securities pursuant and/or traceable to Sogou's IPO— roughly $11,000 more than the $239,466 loss suffered by Frater and Patel.  Indeed, Lizhen Zhang alone incurred a larger loss than either Frater or Patel did individually.  As such, the Sogou Investor

Group has the largest financial interest of any stockholder in this litigation within the meaning of the PSLRA.

**B.    The Sogou Investor Group Is An Appropriate Group**

The Sogou Investor Group is an appropriate group, and as such the Court should consider the Group's aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class.  See, e.g., *Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *13; *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).  Likewise, concerns as to a group's cohesiveness are diminished where the group contains family members.  *See*, *e.g.*, *In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 439 (E.D. Va. 2000) (where family members sought appointment as co-lead plaintiffs with one unrelated movant, "in practical effect, there are only two members of this group.").

Here, the group is a small, cohesive partnership of four investors, three of whom are family members, and all of whom incurred significant losses in connection with their purchases of Sogou securities.  *See* Dkt. Nos. 10-2, 10-3.  Moreover, the Sogou Investor Group's members have submitted a joint declaration attesting, *inter alia*, to the following:

- their strategy for prosecuting this case;
- their reasons for seeking appointment as a group;
- their reasons for selecting two law firms as Co-Lead Counsel;

- their common goals in ensuring that the Class achieves the best possible result, and that this action is litigated as efficiently as possible; and

- the steps that the Sogou Investor Group's members will take to ensure that the Class's claims will be zealously and efficiently litigated.

*See* Lieberman Decl., Ex. A at ¶¶ 6-8, 10-11.  In addition, the Sogou Investor Group's members understand and appreciate the obligations of a Lead Plaintiff under the PSLRA, and have agreed on a mechanism to resolve any disagreements among the group with respect to litigation decisions.  *Id.* at ¶ 9.  Courts routinely appoint investor groups as lead plaintiff under such circumstances.  *See, e.g.*, *Blue Apron*, 2017 U.S. Dist. LEXIS, at *17 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class."); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

Anticipating a potential argument by Frater and Patel—namely, that the Sogou Investor Group's submission of their Joint Declaration with their opposition papers rather than at the time the group filed its motion precludes its consideration—the Sogou Investor Group respectfully submits that the PSLRA itself does not contain any requirement to file any sworn statement other

than a certification within the 60-day timeframe.  Moreover, courts in the Second Circuit and elsewhere routinely accept group declarations filed *after* lead plaintiff motions as evidence of cohesiveness.  *See, e.g., Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *13 ("the timing of [a joint declaration's] submission is too thin a reed for this decision to turn on"); *Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (although declarations "were not submitted when their motion to appoint lead plaintiff was first filed, all three members of the Querub Group have now submitted sworn declarations…"); *Robb v. Fitbit Inc.*, 2016 WL 2654351, at *4 n.7 (N.D. Cal. May 10, 2016) ("As to the timeliness of Fitbit Investor Group's joint declaration, the Court finds no reason to exclude Fitbit Investor Group's joint declaration filed in support of its opposition.").

In the alternative, if the Court is not inclined to aggregate the losses of the Sogou Investor Group's members, rejecting their applications *in toto* is not the appropriate remedy; rather, the Court should disaggregate their losses and consider each movant individually.  *See*, *e.g.*, *Kukkadapu v. Embraer S.A.*, 16 Civ. 6277 (RMB), 2016 U.S. Dist. LEXIS 153452 (S.D.N.Y. Oct. 20, 2016), at *6 ("consider[ing] the larger shareholder (i.e. loss) of [two movants jointly seeking appointment as lead plaintiff] as if it had moved to be appointed as lead plaintiff alone" and appointing that investor as the sole lead plaintiff for the class); *Rosian v. Magnum Hunter Res. Corp.*, 13 Civ. 2668 (KBF) *et al.*, 2013 U.S. Dist. LEXIS 146236, at *13 (S.D.N.Y. Oct. 7, 2013) ("disaggregat[ing] the group *sua sponte* and consider[ing] its members as individual contenders for lead plaintiff"); *Beckman v. Ener1, Inc.*, 11 Civ. 5794 (PAC) *et al.*, 2012 U.S. Dist. LEXIS 19972, at *12 (S.D.N.Y. Feb. 15, 2012) (same); *In re CMED Sec. Litig.*, 11 Civ. 9297 (KBF), 2012 U.S. Dist. LEXIS 47785, at *8 (S.D.N.Y. Apr. 2, 2012) (same).  Here, Zhang is willing to serve as Lead Plaintiff individually, and having suffered a loss of approximately $136,130 in connection

with her purchases of Sogou securities pursuant and/or traceable to the Company's IPO, has the greatest individual financial interest in the litigation.

### C.    The Sogou Investor Group Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, the Sogou Investor Group also satisfies the typicality and adequacy requirements of Rule 23.  To overcome the strong presumption entitling the Sogou Investor Group to appointment as Lead Plaintiff, the PSLRA requires "*proof*" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

The Sogou Investor Group has further demonstrated its adequacy by selecting Pomerantz and Rosen—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Co-Lead Counsel for the Class.  Accordingly, because the Sogou Investor Group has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Court should appoint it as Lead Plaintiff.

### II.    The Sogou Investor Group's Selection Of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Here, the Sogou Investor Group has selected Pomerantz and Rosen as Co-Lead Counsel for the Class.  As the firms' respective resumes reflect, each is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. Nos. 10-4, 10-5.  As

set forth in the Sogou Investor Group's Joint Declaration, the group anticipates that Defendants will vigorously litigate this action, and the group's members believe that the Class will benefit from the combined resources and experience of two well-qualified firms.  Lieberman Decl., Ex. A at ¶ 10; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (appointing leadership structure consisting of multiple law firms, finding "such a structure will allow for pooling, not only of knowledge and experience, but also of the resources of the plaintiffs' counsel in order to support what could prove to be a costly and time-consuming litigation."); *In re Tyco Int'l, Ltd. Secs. Litig.*, MDL No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390, at *35-*36 (D.N.H. Aug. 17, 2000) (coordinated prosecution of action by multiple law firms "may provide the purported class with the benefits of combined resources and expertise, which may be especially valuable in a complex case where the defendants are represented by several large and highly qualified law firms.").

Thus, the Court may be assured that by approving the selection of counsel by the Sogou Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Sogou Investor Group respectfully requests that the Court grant its motion in its entirety, and deny the competing motion of Frater and Patel.

Dated:   March 25, 2019

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100

9

Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
ahood@pomlaw.com
jlindenfeld@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movants and*
*Proposed Co-Lead Counsel for the Class*

10