**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JIAJIA LUO, Individually and on Behalf of All
Others Similarly Situated,

                Plaintiff,

                v.

SOGOU INC., SOHU.COM INC., TENCENT
HOLDINGS LIMITED, XIAOCHUAN WANG,
CHARLES (CHAOYANG) ZHANG, YUXIN
REN, JOANNA (YANFENG) LU, BIN GAO,
JOSEPH CHEN, JANICE LEE, JAMES
(XIUFENG) DENG, CHI PING MARTIN LAU,
DONALD J. PUGLISI, J. P. MORGAN
SECURITIES LLC, CREDIT SUISSE
SECURITIES (USA) LLC, GOLDMAN SACHS
(ASIA) L.L.C., and CHINA INTERNATIONAL
CAPITAL CORPORATION HONG KONG
SECURITIES LTD.,

                Defendants.

CASE No.: 1:19-cv-00230-JPO

---

**DEFENDANT SOHU.COM INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND.....................................................................................................2

ARGUMENT...............................................................................................................................3

I.      COUNT I SHOULD BE DISMISSED BECAUSE SOHU IS NOT ONE OF THE
        STATUTORILY ENUMERATED PARTIES AGAINST WHOM A SECTION 11
        CLAIM MAY BE ASSERTED ...................................................................................3

II.     COUNT II IS NOT ASSERTED AGAINST SOHU .........................................................6

III.    THE THIRD AMENDED COMPLAINT OTHERWISE FAILS TO STATE A CLAIM
        AGAINST SOHU .......................................................................................................7

CONCLUSION.............................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................... 2

*Gregory v. ProNAi Therapeutics Inc.*,
  297 F. Supp. 3d 372 (S.D.N.Y. 2018) .............................................................................. 3

*In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711 (S.D.N.Y. 2015)...................................... 2, 6

*In re Lehman Bros. Sec. and ERISA Lit.*,
  681 F. Supp. 2d 495 (S.D.N.Y. 2010) .............................................................................. 5

*In re Morgan Stanley Info. Fund. Sec. Litig.*,
  592 F.3d 347 (2d Cir. 2010) ......................................................................................... 4, 6

*In re ProShares Trust Sec. Litig.*,
  728 F.3d 96 (2d Cir. 2013) ............................................................................................... 4

*Pub. Emps.' Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*,
  714 F. Supp. 2d 475 (S.D.N.Y. 2010) ........................................................................... 4, 5

*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*,
  248 F. Supp. 3d 428 (S.D.N.Y. 2017) .............................................................................. 5

**Statutes**

15 U.S.C. § 77b.................................................................................................................... 5
15 U.S.C. § 77k............................................................................................................ 1, 3, 4
15 U.S.C. § 77o................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 10(b) ........................................................................................................... 3
Fed. R. Civ. P. 12(b)(6)........................................................................................................ 2

**PRELIMINARY STATEMENT**

The Third Amended Complaint dated October 22, 2019 ("Third Amended Complaint" or "Compl.") as against Sohu.com Inc. ("Sohu") should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiffs[1] do not assert *any* claim against Sohu, let alone a plausible claim under the Securities Act of 1933 ("Securities Act").

The Third Amended Complaint consists of two Counts:  violation of Section 11 of the Securities Act[2] (Count I); and violation of Section 15 of the Securities Act[3] (Count II).  Although the heading of Count I states that the Count is pleaded against "All Defendants," that alone fails to support a Section 11 claim against Sohu because there is no allegation that Sohu was the issuer of the stock in question, the signatory of any offering statement, or an underwriter. Indeed, Count I includes no factual allegations against Sohu, and there are none elsewhere in the Complaint that could support a claim under Section 11.

Count II – alleging "control person" liability against certain defendants – fares no better as against Sohu.  That count is brought "against the Individual Defendants," not Sohu, and includes factual allegations against the Individual Defendants only.[4]  Compl. ¶ 112 & Count II heading.  To the extent Plaintiffs claim Count II was intended to be alleged against Sohu (which is implausible after Plaintiffs' four opportunities to do so), the Complaint nevertheless alleges no facts showing that Sohu was a "control person" for purposes of Section 15 of the Securities Act. Absent such allegations, the Third Amended Complaint with respect to Sohu should be

---

[1] The "Sogou Investor Group," consisting of Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel, was appointed Lead Plaintiff in this action on April 2, 2019.  *See* Order Appointing Lead Plaintiff and Approving Selection of Co-Lead Counsel, Docket No. 20, 1:19-cv-00230-JPO (Apr. 2, 2019).

[2] 15 U.S.C. § 77k.

[3] 15 U.S.C. § 77o.

[4] Plaintiffs define the "Individual Defendants" as Xiaochuan Wang; James (Ziufeng) Deng; Charles (Chaoyang) Zhang; Yuxin Ren; Joanna (Yanfeng) Lu; Chi Ping Lau; Donald J. Puglisi; Bin Gao; Joseph Chen; and Janice Lee. Compl. ¶ 23a–j.

dismissed with prejudice.  *See infra*, Section II.  Indeed, although Plaintiffs filed their Third Amended Complaint "in response to" Sohu's Motion to Dismiss the Second Amended Complaint (Dkt. No. 57), which identified the aforementioned pleading defects, Plaintiffs failed to cure these defects or raise any additional factual allegations against Sohu in the Third Amended Complaint.

In addition to their failure to state a claim against Sohu, for the reasons set forth in Sogou Inc.'s ("Sogou") Memorandum of Law in Support of its Motion to Dismiss the Third Amended Complaint (the "Sogou Motion"), which are hereby adopted and incorporated herein by reference, Plaintiffs fail to state a claim for violation of Section 11 against any Defendant. Accordingly, this Court should dismiss the Third Amended Complaint as against Sohu with prejudice.  *See infra*, Section III.

### FACTUAL BACKGROUND[5]

The gravamen of the Third Amended Complaint is that ***Sogou*** violated Section 11 by omitting material information in its Registration Statement filed in connection with the Company's November 9, 2017 Initial Public Offering ("IPO").  *See* Compl. ¶¶ 6-8.  There is no allegation that Sohu (i) issued any shares, (ii) was a signatory of the Registration Statement, (iii) was an underwriter of Sogou's IPO, or (iv) otherwise qualified as one of the parties against whom a Section 11 claim may be brought.

---

[5] Sohu incorporates herein the "Factual Background" section contained in the Sogou Motion.  Facts asserted in the Third Amended Complaint are accepted as true only for purposes of this motion and their recitation herein is not in any way intended to constitute an admission.  *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 724 (S.D.N.Y. 2015) ("For purposes of the motion to dismiss, all of the 'factual allegations contained in the complaint' must be 'accepted as true.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

**ARGUMENT**

Plaintiffs' Third Amended Complaint fails to allege **any** facts to support a claim against Sohu for violation of Section 11. "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Gregory v. ProNAi Therapeutics Inc.*, 297 F. Supp. 3d 372, 393 (S.D.N.Y. 2018), *aff'd*, 757 F. App'x. 35 (2d Cir. 2018) (citing *Twombly*, 550 U.S. at 570) (internal quotations omitted). That "facial plausibility" is found where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the complaint is properly dismissed. *Gregory*, 297 F. Supp. 3d at 393 (citing *Twombly*, 550 U.S. at 558) (internal quotations omitted).

## I.   COUNT I SHOULD BE DISMISSED BECAUSE SOHU IS NOT ONE OF THE STATUTORILY ENUMERATED PARTIES AGAINST WHOM A SECTION 11 CLAIM MAY BE ASSERTED

The heading for Count I of the Third Amended Complaint alleging a violation of Section 11 states that it is brought against "All Defendants."[6] However, it does not plead a Section 11 claim against Sohu because it fails to allege facts showing that Sohu was one of the statutorily enumerated parties that may be subject to such a claim.

A claim for violation of Section 11 may be asserted against only the following entities or individuals:

---

[6] Merely stating in the heading of Count I that it is brought against "All Defendants" is not sufficient to state a claim. Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs."). Moreover, the first substantive allegation in Count I of the Third Amended Complaint states, "This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, ***against the Individual Defendants***." Compl. ¶ 104 (emphasis added). As set forth above, Sohu is not an Individual Defendant. *See also* Compl. ¶ 23a–j.

3

(1)     every person who signed the registration statement;

(2)     every person who was a director (or person performing similar functions) or partner in the issuer at the time of the filing of the part of the registration statement with respect to which his liability is asserted;

(3)     every person who, with his consent, is named in the registration statement as being or about to become a director, person performing similar functions, or partner;

(4)     every accountant, engineer, or appraiser, or any person whose profession gives authority to a statement made by him, who has with his consent been named as having prepared or certified any part of the registration statement, or as having prepared or certified any report or valuation which is used in connection with the registration statement, with respect to the statement in such registration statement, report, or valuation, which purports to have been prepared or certified by him;

(5)     every underwriter with respect to such security.

15 U.S.C. § 77k(a); *see In re Morgan Stanley Info. Fund. Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010) (Section 11 "provides for a cause of action by the purchaser of the registered security against the security's issuer, its underwriter, and certain other statutorily enumerated parties"); *In re ProShares Trust Sec. Litig.*, 728 F.3d 96, 101 (2d Cir. 2013) ("Liability attaches to a security's issuer, its underwriter, and certain other statutorily enumerated parties pursuant to section 11[.]"); *Pub. Empls.' Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 481 (S.D.N.Y. 2010) (liability under Section 11 "is limited to a defendant who (1) signed the statement at issue; (2) was a director, person performing similar functions, or partner in the issuer at the time the statement was issued; (3) was named in the statement, with that party's consent, as being or about to become a director, person performing similar functions, or partner; (4) was an expert whose involvement was, with that party's consent, listed in the statement; or (5) was a statutory underwriter of the security.").

4

There is no allegation in the Third Amended Complaint that Sohu was the issuer of securities in connection with Sogou's IPO.  On the contrary, Plaintiffs allege that Sogou (not Sohu) was "[the] issuer of the shares."  Compl., ¶ 107.

There is no allegation in the Third Amended Complaint that Sohu signed Sogou's Registration Statement.  *See* 15 U.S.C. § 77k(a)(1).  Instead, Plaintiffs allege that "each of the *Individual Defendants* signed the Registration Statement."  Compl. ¶ 6 (emphasis added).[7]

Similarly, there is no allegation in the Third Amended Complaint that Sohu was an "underwriter" with respect to securities issued in connection with Sogou's IPO.  *See* 15 U.S.C. § 77k (a)(5).  The Securities Act defines "underwriter" as "any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, the distribution of any security, or participates or has a direct or indirect participation in any such undertaking, or participates or has a participation in the direct or indirect underwriting of any such undertaking." *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 448 (S.D.N.Y. 2017) (quoting 15 U.S.C. § 77b(a)(11)).

Plaintiffs allege that Defendants J.P. Morgan Securities LLC, Credit Suisse (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Ltd. comprise the "Underwriter Defendants" (Compl. ¶ 28), and that the "Underwriter Defendants drafted and disseminated the Offering Documents," "met with potential investors," "assisted Sogou and the Individual Defendants in planning the IPO," and "caused the Offering Documents to be filed with the SEC."  Compl. ¶¶ 29–33.  There are no allegations that Sohu engaged in any such activity, or in any activity that would meet the definition of an

---

[7] Plaintiffs' allegation that "each of the Individual Defendants signed the Registration Statement" (Compl. ¶ 6) is, in fact, mistaken.  The Registration Statement is signed by eight out of the ten Individual Defendants.  *See* Declaration of Joshua Looney filed in Support of Sogou's Motion to Dismiss, Ex. A at pp. 330-331.

"underwriter" under the Securities Act. *See* 15 U.S.C. § 77k(a)(5); *see also Pub. Empls.' Ret. Sys. of Mississippi*, 714 F. Supp. 2d at 482 (granting motion to dismiss Section 11 claim because "there is nothing in the complaint to suggest that [the ratings agencies] participated in the relevant 'undertaking'—that of purchasing the securities here at issue, the Certificates—'from the issuer with a view to their resale.'") (quoting *In re Lehman Bros. Sec. and ERISA Lit.*, 681 F. Supp. 2d 495, 499 (S.D.N.Y. 2010)).

There are likewise no allegations that Sohu was: (1) a director of or partner in Sogou (15 U.S.C. § 77k(a)(2)); (2) named in the Registration Statement as "being or about to become a director, person performing similar functions, or partner" (15 U.S.C. § 77k(a)(3)); or (3) an "accountant, engineer, or appraiser, or any person whose profession gives authority to a statement made by him" in the Registration Statement. 15 U.S.C. § 77k(a)(4).

Because Section 11 only "provides for a cause of action by the purchaser of the registered security against the security's issuer, its underwriter, and certain other statutorily enumerated parties," *In re Morgan Stanley*, 592 F.3d at 358, and Sohu is not any of those, Count I (to the extent it can even be construed as being brought against Sohu) should be dismissed with prejudice.

## II.    COUNT II IS NOT ASSERTED AGAINST SOHU

Count II alleging a Section 15 violation does not make any reference to Sohu. Furthermore, Plaintiffs expressly allege that Count II is brought against only the Individual Defendants—"***This Count is asserted against the Individual Defendants*** and is based upon Section 15 of the Securities Act"—and the heading refers only to those defendants. Compl. ¶ 112 (emphasis added). Nowhere in Count II is there any allegation concerning Sohu, any acts or omissions by Sohu, or that Sohu is somehow a "Control Person" for purposes of Section 15.

6

Nor do Plaintiffs' allegations in Paragraphs 20 and 22 of the Third Amended Complaint that Sohu is "a controlling shareholder" of Sogou satisfy the requirement that Plaintiffs plead sufficient facts—not mere labels and conclusions—in order to state a claim for liability under Section 15. Courts reject imposing Section 15 "control person" liability based on such threadbare conclusions. *See In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d at 746 (dismissing Section 15 control person claim and holding the mere allegation that defendant was a controlling shareholder with power to appoint directors was insufficient because plaintiffs "have not adequately alleged *actual* control by [defendant].") (emphasis in original). Something more is needed, but here Plaintiffs fail to offer anything other than conclusory allegations. If Plaintiffs had a good faith basis for asserting a Section 15 control person liability claim against Sohu, they would have alleged facts to support such a claim and included Sohu in Count II. Because they did not, despite already availing themselves of *four* opportunities to do so, the Section 15 claim should be dismissed with prejudice to the extent it can be construed to have been alleged against Sohu.

## III.   THE THIRD AMENDED COMPLAINT OTHERWISE FAILS TO STATE A CLAIM AGAINST SOHU

For the reasons set forth in the Sogou Motion (which are incorporated as if fully set forth herein), the Third Amended Complaint fails to plead any actionable misstatement or omission against any defendant. Accordingly, all claims against Sohu, even if they had been pleaded, should be dismissed.

7

## CONCLUSION

For the foregoing reasons, Sohu respectfully requests that its motion to dismiss be granted and that the Third Amended Complaint as against Sohu be dismissed.  Considering Plaintiffs have had four opportunities to file a complaint alleging sufficient facts to support a plausible claim against Sohu and have been unable to do so, the Third Amended Complaint as against Sohu should be dismissed with prejudice in its entirety.

Dated: November 26, 2019                **GOULSTON & STORRS PC**

/s/ Nicholas Cutaia
Nicholas Cutaia
885 Third Avenue, 18th Floor
New York, New York 10022
Tel: (212) 878-6900
Fax: (212) 878-6911
Email: ncutaia@goulstonstorrs.com

Richard J. Rosensweig (admitted *pro hac vice*)
Joshua M. Looney (admitted *pro hac vice*)
400 Atlantic Avenue
Boston, Massachusetts 02110
Tel: (617) 482-1776
Fax: (617) 574-4112
Email: rrosensweig@goulstonstorrs.com
Email: jlooney@goulstonstorrs.com

*Counsel for Defendant Sohu.com Inc.*

8