**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J. P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>        Defendants. | **Case No.: 1:19-cv-00230-LJL** |

**DEFENDANT SOHU.COM INC.'S REPLY IN SUPPORT OF**
**ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**ARGUMENT**[1]

In response to defendant Sohu's Motion to Dismiss the **Third** Amended Complaint, Plaintiffs abandon the only claim they asserted against Sohu—Count I, alleging violation of Section 11 of the Securities Act.  That claim must therefore be dismissed.

Plaintiffs also concede that they failed to plead Count II (alleging Section 15 control person liability) against Sohu, claiming in a footnote that Sohu's omission from that count was "inadvertent."  (Plaintiffs' Jan. 17, 2020 "Omnibus Brief in Opposition" to Defendants' Motions to Dismiss ("Opposition" or "Opp'n") at 26 n. 17).  Yet nowhere in their Opposition do Plaintiffs explain why there has never been a single reference to Sohu anywhere in Count II in all **four** iterations of the complaint.  This attempt to portray their four-time pleading failure as a mere oversight lacks credibility.

The first three complaints filed by Plaintiffs omitted Sohu from Count II, alleging only that the "Individual Defendants" were liable under Count II.  (Dkt. Nos. 1, 33, and 45).  On September 17, 2019, Sohu filed a motion to dismiss the Second Amended Complaint and argued (as it does now) that "[n]owhere in Count II is there any allegation concerning Sohu, any acts or omissions by Sohu, or that Sohu is somehow a 'Control Person' for purposes of Section 15." (Dkt. No. 52 at 6).  In response, Plaintiffs filed a motion requesting an extension of time to file a *third* amended complaint "in response to [the arguments raised in] Defendants' Motions to Dismiss (ECF Nos. 48-54)."  (Dkt No. 57).  After taking more than a month to assess and attempt to cure the defects identified in Sohu's motion to dismiss, Plaintiffs chose not to make a single substantive change to Count II.  Rather, as illustrated in the below 'redline' comparing the

---

[1] All capitalized terms not defined herein have the meaning ascribed to them in Defendant Sohu.com, Inc.'s Memorandum of Law in Support of its Motion to Dismiss the Third Amended Complaint filed on November 26, 2019 (Dkt. No. 69).

Second and Third Amended Complaints, Plaintiffs adjusted only the paragraph numbering in that count[2]:

---

**COUNT II**
**Violation of Section 15 of**
**The Securities Act Against the Individual Defendants**

90.111. Lead Plaintiffs repeat and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

91.112. This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

92.113. Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Sogou within the meaning of Section 15 of the Securities Act. Individual Defendants had the power and influence and exercised the same to cause Sogou to engage in the acts described herein.

93.114. Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Lead Plaintiffs and the Class.

94.115. By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Lead Plaintiffs and the Class for damages suffered.

---

At the time Plaintiffs filed the Third Amended Complaint, Plaintiffs were well aware that Judge Oetken was presiding over this case, whose individual rules made clear that "no further opportunity to amend will ordinarily be granted" after filing an amendment in response to a motion to dismiss.  (Individual Practices in Civil Cases (July 5, 2018), Oetken, J. at Rule 3.D.ii). Accordingly, all claims against Sohu should be dismissed with prejudice.

---

[2] In the Second Amended Complaint, the allegations were numbered 1-93, followed by 71-94, resulting in duplicative numbering.

4838-2132-8308, v. 3

Even if Plaintiffs' repeated failure to amend their complaint in a timely manner could be excused, their control person liability claim against Sohu would not survive.  Plaintiffs conveniently ignore that "control person liability attaches only to a person who was in control *at the time* that the liability of the controlled person accrued, not to someone who later takes control."  *In re Philip Servs. Corp. Sec. Litig.*, 383 F. Supp. 2d 463, 487 (S.D.N.Y. 2004) (emphasis added) (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 873 F. Supp. 111, 120 (N.D. Ill. 1995); *see also Bernstein v. Crazy Eddie, Inc.*, 702 F. Supp. 962, 974 (E.D.N.Y. 1988), *order vacated in part on other grounds sub nom In re Crazy Eddie Sec. Litig.*, 714 F. Supp. 1285 (E.D.N.Y. 1989) (dismissing control person claim where defendants were not control person "at the time of the filings"); *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 949 (7th Cir. 1989) (control person liability under section 20(a) of the 1934 Act "requires control at the time of the alleged violation; activities and events that occur later cannot support a claim of liability").

Here, Plaintiffs do not argue that Sohu is alleged to have been a control person *at the time of the IPO*.  Instead, citing Paragraphs 20, 22 and 34 of the Complaint (*see* Opp'n at 27), Plaintiffs assert that "Sohu *has* more than 50% percent of the voting power in the election of Sogou" and that "[t]he Prospectus states that Sogou *is* a 'controlled company under [NYSE] Listed Company manual'" without specifying *when* the voting power or control were obtained. (Opp'n at 27 (emphasis added)).  But the facts alleged in those paragraphs of the Third Amended Complaint make clear that Sohu did not obtain more than 50% voting power or the ability to control Sogou's board until *after* the IPO.  Compl. ¶ 20 ("The Prospectus states that 'Because more than 50% of the voting power in the election of directors of our company *will be* held by Sohu immediately *following* this offering, we *will qualify* as a controlled company under the [NYSE] Listed Company Manual'" (emphasis added); ¶ 22 (stating that "*upon the completion of this offering*," the effect of a voting agreement with another shareholder "will be to give Sohu

4

the power to appoint a majority of [Sogou's] Board of Directors") (emphasis added); *id.* ("***Upon the completion of this offerin*g**, Sohu . . . *will be* a 'controlled company' under the New York Stock Exchange Listed Company Manual." (emphasis added); *see also* ¶ 34 (stating only that "Sogou *is* a subsidiary of Sohu.") (emphasis added).  Nothing in the Complaint can support Plaintiffs' belated argument that Sohu had such voting or board control before the IPO.  Nor do Plaintiffs identify in the Opposition any other facts in the Third Amended Complaint showing that Sohu somehow had "the power to direct or cause the direction of the management and policies" of Sogou, as Plaintiffs assert in conclusory fashion.  Opp'n at 27 (citing *Fed. Hous. Fin. Agency v. Nomura Holding Am. Inc.*, 104 F. Supp. 3d 441 (S.D.N.Y. 2015)).

Having failed to plead any claim against Sohu in the four complaints it filed, let alone facts showing that Sohu controlled Sogou at the time of the IPO, Plaintiffs' claims should be dismissed.  Plaintiffs should not be given a fifth chance, particularly where Sohu raised this issue before the Third Amended Complaint was filed. Plaintiffs failed to allege a Section 15 claim against Sohu when they amended the third time, and the allegations in their latest amended Complaint make clear that any amendment would be futile.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its Opening Memorandum of Law, Sohu respectfully requests that its motion to dismiss be granted and that the Third Amended Complaint as against Sohu be dismissed with prejudice in its entirety.

5

4838-2132-8308, v. 3

Dated: February 21, 2020      **GOULSTON & STORRS PC**

/s/ Nicholas Cutaia

Nicholas Cutaia
885 Third Avenue, 18th Floor
New York, New York 10022
Tel: (212) 878-6900
Fax: (212) 878-6911
Email: ncutaia@goulstonstorrs.com

Richard J. Rosensweig (admitted *pro hac vice*)
Joshua M. Looney (admitted *pro hac vice*)
400 Atlantic Avenue
Boston, Massachusetts 02110
Tel: (617) 482-1776
Fax: (617) 574-4112
Email: rrosensweig@goulstonstorrs.com
Email: jlooney@goulstonstorrs.com

*Counsel for Defendant Sohu.com Inc.*

4838-2132-8308, v. 3