

Nicholas Cutaia
ncutaia@goulstonstorrs.com
(212) 878-5065 (tel)

April 22, 2020

**VIA ECF**

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Courtroom 15C
500 Pearl Street
New York, NY 10007

   Re:  *Jiajia Luo v. Sogou Inc., et al.*, Case No. 19-cv-230 (LJL)

Dear Judge Liman:

  We represent Defendants Sogou Inc. ("Sogou") and Sohu.com Inc. ("Sohu").  On behalf of Sogou and Sohu, as well as Defendants J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, and Goldman Sachs (Asia) L.L.C. (collectively "Defendants"), we write to inform the Court of a relevant decision issued by Judge Castel after Defendants' pending motions to dismiss (ECF Nos. 65, 68, and 70) were fully briefed.

  In *Asay v. Pinduoduo Inc.*, No. 18-CV-7625 (PKC), 2020 WL 1530745 (S.D.N.Y. Mar. 30, 2020) ("*Asay*"), Judge Castel dismissed Section 11 claims that are strikingly similar to the claims alleged by plaintiffs here.  The plaintiffs in *Asay* alleged that the issuer, Pinduoduo Inc. ("Pinduoduo"), and certain other defendants had misrepresented or omitted material information from its initial public offering documents regarding the "effectiveness of [Pinduoduo's] anti-counterfeiting programs and the expense of its advertising and marketing strategy."  *Id.* at *1.

  Specifically, the plaintiffs in *Asay* alleged:

1) that the company's statement that it had "adopted strict measures to protect against liabilities arising from the sale of counterfeits" was "false and misleading because Pinduoduo actually 'did little' to address counterfeiting, ignored complaints from brands like Skyworth, performed 'desultory' offline investigations, and sold large volumes of counterfeit goods in certain product categories."  *Id.* at *6 (internal brackets omitted); and

2) "that the increased customer-acquisition costs were a trend known to the Company that should have been disclosed under Item 303 of [SEC] Regulation S-K."  *Id.* at *8.

Hon. Lewis J. Liman
April 22, 2020
Page 2

In dismissing the complaint with prejudice, Judge Castel held that Pinduoduo had sufficiently disclosed the risk that its anti-counterfeiting measures may not be effective at preventing counterfeit goods from being sold on its internet platform. *See Asay* at *7 ("[T]he passage that plaintiffs have alleged to be misleading was phrased as an express warning about the potential ineffectiveness of the Company's anti-counterfeiting policies" because Pinduoduo had warned that its "measure may not always be successful."); *id.* ("[T]he Company was warning investors that counterfeit goods might still be sold through the platform, despite the Company's enforcement efforts.").

Judge Castel also held that Pinduoduo had not violated Item 303 of SEC Regulation S-K with respect to its increasingly expensive advertising and marketing strategy because Pinduoduo's historic financial statements had shown increased advertising and marketing expenses and thus the omission of figures for the reporting period in which the IPO occurred had to be read in the context of the total mix of information available to investors, which warned investors about the growth in marketing expenses. *See id.* at *10.

The *Asay* decision is directly relevant to the issues raised in Defendants' motions to dismiss.  A copy of the decision accompanies this letter as Exhibit A.

Respectfully submitted,

 /s/ Nicholas Cutaia

Nicholas Cutaia
Richard Rosensweig
Joshua Looney

Enclosure

cc (via ECF):   Shannon L. Hopkins
Donald J. Enright
*Co-Lead Counsel for Plaintiffs and the Class*

Phillip C. Kim
Laurence M. Rosen
Jacob A. Goldberg
*Co-Lead Counsel for Plaintiffs and the Class*

Hon. Lewis J. Liman
April 22, 2020
Page 3

Kenneth I. Schacter
Charlene S. Shimada
Frank B. Kennamer
*Counsel for Defendants J.P. Morgan Securities LLC,*
*Credit Suisse Securities (USA) LLC, and*
*Goldman Sachs (Asia) L.L.C.*