**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOGOU INC, SOHU.COM, INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J. P. MORGAN SECURITIES LLC, CREDIT SUISSE (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>    Defendants. | CASE No.: 1:19-cv-00230-LJL<br><br>ECF CASE |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ............................................................................ 1

II.     SUMMARY OF THE LITIGATION AND SETTLEMENT............................................ 2

    A.      Procedural History Of The Action.................................................................. 2

    B.      Similar State Court Action............................................................................. 5

    C.      Summary Of Key Terms Of The Proposed Settlement ........................................ 6

        1.      Relief to Class Members and Release of Claims........................................ 6

        2.      Class Notice and Settlement Administration ........................................... 7

            a)      Notice.............................................................................. 7

            b)      Administration .................................................................. 8

        3.      Papers in Support of the Settlement, Award of Lead Counsel Fees and Expenses, and Compensatory Awards........................................ 8

        4.      Objections ................................................................................. 9

        5.      Opt Outs ................................................................................... 9

        6.      Termination of the Settlement ...................................................... 9

        7.      No Admission of Liability .......................................................... 10

III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL......... 10

    A.      The Courts Favor Settlements Of Complex Class Actions................................. 10

    B.      The Proposed Settlement Merits Preliminary Approval..................................... 11

        1.      The Proposed Settlement Recovery Is Substantively Fair....................... 11

            a)      The Settlement Was Negotiated By Well Informed Counsel And Thus Warrants A Presumption Of Fairness ......................... 12

            b)      The Settlement Is Within The Reasonable Range Of Recovery... 13

                i.      The Complexity, Expense and Likely Duration of the Action............................................................................ 14

                ii.      Stage of Proceedings and Amount of Discovery Completed..................................................................... 14

                iii.      The Risks of Establishing Liability & Damages............... 15

                iv.      The Risks of Maintaining the Class Action Through Trial............................................................................. 15

                v.      Reasonableness of the Settlement.................................... 15

IV.     THE PROPOSED CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES.................................................................................................. 16

i

A.      The Proposed Settlement Class Meets the Requirements of Rules 23(a) and 23(b)(3) .................................................................................................. 16

        1.     The Settlement Class Satisfies the Requirements of Rule 23(a)............... 17

        2.     The Settlement Class Satisfies the Requirements of Rule 23(b)(3).......... 20

B.      Nationwide Class Certification Is Appropriate for Settlement Purposes.............. 21

C.      The Court Should Appoint Lead Counsel as Counsel for the Settlement Class... 21

V.     THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTICE ............................................................................................... 21

A.      Notice By Direct Mail And Publication Is Appropriate ...................................... 21

B.      The Proposed Notice Adequately Informs Settlement Class Members Of Their Rights In This Action.......................................................................................... 23

VI.    PROPOSED SCHEDULE OF EVENTS........................................................................ 24

VII.   CONCLUSION............................................................................................................. 25

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997) .................................................................................................. 17, 19

*Bourlas v. Davis Law Assocs.*,
237 F.R.D. 345 (E.D.N.Y. 2006) ..................................................................................... 18

*Carson v. Am. Brands, Inc.*,
450 U.S. 79 (1981) ........................................................................................................... 11

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
504 F.3d 229 (2d Cir. 2007) ............................................................................................. 17

*City of Detroit v. Grinnell Corp.*,
495 F.2d 448 (2d Cir. 1974) ....................................................................................... 12, 13

*Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*,
502 F.3d 91 (2d Cir. 2007) ............................................................................................... 20

*Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082,
2010 U.S. Dist. LEXIS 139136, at *10 (S.D.N.Y. Nov. 29, 2010) ........................................ 12

*Fleisher v. Phoenix Life Ins. Co.*, Nos. 11-cv-8405, 14-cv-8714,
2015 U.S. Dist. LEXIS 121574, *17 (S.D.N.Y. Sept. 9, 2015) ................................................ 10

*Frank v. Eastman Kodak Co.*,
228 F.R.D. 174 (W.D.N.Y. 2005) ..................................................................................... 15

*Haddock v. Nationwide Fin. Servs., Inc.*,
262 F.R.D. 97 (D. Conn. 2009) ......................................................................................... 18

*In re "Agent Orange" Prod. L*iab. Litig.,
597 F. Supp. 740 (E.D.N.Y. 1984) .................................................................................... 15

*In re Am. Bank Note Holographics, Inc.*,
127 F. Supp. 2d 418 (S.D.N.Y. 2001) ............................................................................... 15

*In re EVCI Career Colleges Holding Corp. Sec. Litig.*,
No. 05 CIV 10240 CM, 2007 WL 2230177 (S.D.N.Y. July 27, 2007) ................................... 10

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
245 F.R.D. 147 (S.D.N.Y. 2007) ....................................................................................... 19

*In re Flag Telecom Holdings, Ltd. Secs. Litig.*,
  574 F.3d 29 (2d Cir. 2009)................................................................................... 19

*In re Frontier Ins. Grp., Inc. Sec. Litig.*,
  172 F.R.D. 31 (E.D.N.Y. 1997) ........................................................................... 18

*In re Initial Public Offering Sec. Litig.*,
  227 F.R.D. 65 (S.D.N.Y. 2004) ........................................................................... 16

*In re Marsh ERISA Litig.*,
  265 F.R.D. 128 (S.D.N.Y. 2010) ......................................................................... 22

*In re Oxford Health Plans, Inc.*,
  191 F.R.D. 369 (S.D.N.Y. 2000) ......................................................................... 18

*In re Sadia, S.A. Sec. Litig.*,
  269 F.R.D. 298 (S.D.N.Y. 2010) ......................................................................... 18

*In re Salomon Analyst Metromedia Litig.*,
  544 F.3d 474 (2d Cir. 2008)................................................................................. 20

*In re SCOR Holding (Switzerland) AG Litig.*,
  537 F. Supp. 2d 556 (S.D.N.Y. 2008)................................................................... 19

*Mangone v. First USA Bank*,
  206 F.R.D. 222 (S.D. Ill. 2001) ........................................................................... 22

*Marisol A. v. Giuliani*,
  126 F.3d 372 (2d Cir. 1997)................................................................................. 17

*Menkes v. Stolt-Nielsen S.A.*,
  270 F.R.D. 80 (D. Conn. 2010)....................................................................... 17, 20

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
  339 U.S. 306 (1950)....................................................................................... 21, 22

*Palacio v. E\*TRADE Fin. Corp.*,
  No. 10 Civ. 4030 (LAP) (DCF), 2012 U.S. Dist. LEXIS 88019 ........................... 12

*Soberal-Perez v. Heckler*,
  717 F.2d 36 (2d Cir. 1983)................................................................................... 22

*Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238 (DLC),
  2005 U.S. Dist. LEXIS 10848, at \*18 (S.D.N.Y. June 7, 2005)............................. 10

*Thompson v. Metro. Life Ins. Co.*,
  216 F.R.D. 55 (S.D.N.Y. 2003) ........................................................................... 13

*Wagner v. Barrick Gold Corp.*,
   251 F.R.D. 112 (S.D.N.Y. 2008) ........................................................................ 19

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005)............................................................................. 10, 11

*Weinberger v. Kendrick*,
   698 F.2d 61 (2d Cir. 1982)..................................................................................... 17

**Statutes**

15 U.S.C. § 77k........................................................................................................... 3, 21

15 U.S.C. § 77o............................................................................................................... 3

15 U.S.C. § 78u-4(a)(7) ............................................................................................... 23

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................... 22

Fed. R. Civ. P. 23(a) ..................................................................................... 16, 17, 18, 19

Fed. R. Civ. P. 23(a)(1).................................................................................................. 17

Fed. R. Civ. P. 23(a)(2).................................................................................................. 18

Fed. R. Civ. P. 23(a)(4).................................................................................................. 19

Fed. R. Civ. P. 23(b)(1), (2)...................................................................................... 17, 21

Fed. R. Civ. P. 23(b)(3).................................................................................. 16, 17, 20, 21, 23

Fed. R. Civ. P. 23(b)(3)(D) .......................................................................................... 17

Fed. R. Civ. P. 23(c)(2).................................................................................................. 23

Fed. R. Civ. P. 23(e) ............................................................................................... 10, 11

Fed. R. Civ. P. 23(e)(1)(B) .......................................................................................... 21

Fed. R. Civ. P. 23(g) ..................................................................................................... 21

Fed. R. Civ. P. 23(g)(1)(A)........................................................................................... 21

**Other Authorities**

Alba Conte, & Herbert B. Newberg, *Newberg on Class Actions* § 11.25 (4th ed. 2002) ....... 11, 22

*Manual for Complex Litigation* (Fourth) § 21.632 ....................................................................... 17

*Manual for Complex Litigation* (Fourth) §§ 21.632–634 (2004) ................................................. 11

*Manual for Complex Litigation* (Third) § 30.41 (1995) .............................................................. 11

Lead Plaintiffs Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel (together, "Plaintiffs"), individually and on behalf of the Settlement Class, respectfully submit this memorandum in support of Plaintiffs' unopposed motion seeking the Court to: (i) grant preliminary approval of the proposed Settlement as set forth in the Stipulation of Settlement dated November 13, 2020 (the "Stipulation")[1]; (ii) certify, for settlement purposes, the proposed Settlement Class; (iii) grant approval of the form and manner of giving notice of the proposed Settlement to the Settlement Class Members; and (iv) set a date for a Settlement Hearing and deadlines for the mailing and publication of notice, the filing of Settlement Class Member objections, the filing of Settlement Class Member opt-out notices, the filing of Plaintiffs' motion for final approval of the Settlement, and the filing of Lead Counsel's application for attorneys' fees and expenses. *See* Exhibit A to the Stipulation (Proposed Preliminary Approval Order). While Defendants do not oppose the relief sought herein, the analysis and characterizations of the litigation and Settlement are provided only on behalf of Class Counsel and Plaintiffs, and do not necessarily reflect the views of Defendants.

## I.    PRELIMINARY STATEMENT

As the Court is well aware, to consummate a class settlement, Plaintiffs must: (a) mail court-ordered notice to the class while simultaneously publishing a summary notice; and (b) solicit objections, exclusions, or claims. With the responses of Settlement Class Members in hand, the Court must then hold a hearing to determine whether the Settlement is fair, reasonable, and adequate such that it should be formally approved.

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation, attached as Exhibit 1 to the Declaration of Jacob A. Goldberg ("Goldberg Decl."), which is filed concurrently herewith.

Pursuant to the Stipulation, filed contemporaneously herewith, Plaintiffs and Defendants, have agreed to settle the Action for a payment by Sogou Inc. ("Sogou") of one million four hundred and fifty thousand U.S. dollars ($1,450,000), as described more fully in the Stipulation, in return for a release of all claims.  The Stipulation is the result of extensive arms' length negotiations between highly experienced counsel.

The Settlement is an excellent result for Settlement Class members. This case was already dismissed by this Court and was on appeal to the  Second Circuit.  While Plaintiffs believe the appeal had merit and the decision of this Court should be reversed, the odds of success were not advantageous, given that the  Second Circuit reversed only 8.9% of decisions last year.[2] And, even if Plaintiffs had prevailed, there would have likely been years of continued litigation and expenses. The Settlement therefore provides a definite, quick result for the Settlement Class.

 So long as the Settlement appears to be *prima facie* reasonable, Plaintiffs request that the Court preliminarily approve the Settlement so that notice of the proposed settlement may be disseminated to the Settlement Class.

## II.    SUMMARY OF THE LITIGATION AND SETTLEMENT

### A.    Procedural History Of The Action

This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Sogou American Depository Shares ("ADSs") pursuant and/or traceable to Sogou's false and misleading Registration Statement issued in connection with the Company's Offering, seeking to recover compensable damages caused by defendants' Securities Act violations.  On January 9, 2019, Jiajia Luo filed the Complaint for

---

[2] See Table B-5-U.S Court of Appeals Statistical Tables for the Federal Judiciary (as of December 31, 2019), https://www.uscourts.gov/statistics/table/b-5/statistical-tables-federal-judiciary/2019/12/31 (last visited November 13, 2020).

Violations of the Federal Securities Laws in the United States District Court for the Southern District of New York (the "Court"). (Dkt. No. 1.) On March 11, 2019, Lizhen Zhang, Juean Xu, Yuehua Ding, and Maggie Xu filed a motion to be appointed lead plaintiffs and for The Rosen Law Firm, P.A. ("Rosen") and Pomerantz LLP ("Pomerantz") to be appointed lead counsel. (Dkt. Nos. 8-10.). Also on March 11, 2019, Mark S. Frater and Ketan Patel filed a motion to be appointed lead plaintiffs and for Levi & Korsinsky, LLP ("Levi & Korinksy") to be appointed lead counsel (Dkt. Nos. 11-13). Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel stipulated, subject to Court approval, that they would serve as Lead Plaintiffs. (Dkt. No. 19.) The stipulation was entered into on their behalf by proposed Co-Lead Counsel Levi & Korsinsky, LLP ("Levi & Korinksy") and The Rosen Law Firm, P.A. ("Rosen"), as well as Additional Counsel Pomerantz LLP ("Pomerantz"). *Id.* By Order dated April 2, 2019, the Court appointed Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel as lead plaintiffs and appointed Levi & Korsinky and Rosen Law as co-lead counsel ("Lead Counsel"). (Dkt. No. 20.) The Amended Complaint, the operative complaint in this appeal, was filed on October 22, 2019. (Dkt. No. 60.)

The Amended Complaint alleges violations under and pursuant to Section 11 of the Securities Act (15 U.S.C. § 77k) against Defendants Sogou, Sohu.com Inc., Tencent Holdings Limited, Xiaochuan Wang, Charles (Chaoyang) Zhang, Yuxin Ren, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, Janice Lee, James (Xiufeng) Deng, Chi Ping Martin Lau, Donald J. Puglisi, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited, and Section 15 of the Securities Act (15 U.S.C. § 77o) against Defendants Wang, Deng, Zhang, Ren, Lu, Lau, Puglisi, Gao, Chen, and Lee.

3

Sogou is an internet company based in China.  Powered by artificial intelligence ("AI"), Sogou provides unique cross-language searches that eliminate language barriers by allowing users to locate English content by querying searches in Chinese and then reading content for which Sogou provides a Chinese translation.  Sogou also develops a number of smart hardware-based products, including the Teemo Watch, which purportedly supported AI technology.

The Amended Complaint alleges that the Registration Statement was materially misleading for its failure to disclose two material issues that would cause the Company's financial performance to suffer materially in 2018 and, perhaps, beyond.

Specifically, the Amended Complaint alleges that the Registration Statement was materially false and misleading and omitted material information, failing to disclose that Sogou's controls over advertising contents were materially inadequate to meet its obligations to review the content and prevent violations of PRC content laws and regulations. Sogou's failure in this regard would lead Chinese authorities to order Sogou to remove illegal content and cause the Company to suspend operations while it rewrote its advertising policies and audit procedures to ensure full compliance with related regulations going forward, materially impacting its revenues in the second half of 2018.

Second, the Amended Complaint alleges that the Registration Statement was materially false and misleading and omitted material information, failing to accurately describe Sogou's smart hardware and failing to disclose that it had changed strategies in a way that would adversely impact revenue and earnings within a year from the IPO.  This change in strategy, which caused it to phase out some legacy models of one of the Company's most successful products, the Teemo Watch, materially impacted the Company's financial results for the second half of 2018.

From the outset of the litigation, Defendants have consistently denied any wrongdoing,

liability or damages. On November 26, 2019, Defendant Sogou moved to dismiss the Amended Complaint, which was filed in response to defendants' first round of motions to dismiss filed on September 17, 2019.  (Dkt. No. 65.)  Also on November 26, 2019, Sohu (Dkt. No. 68), Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and J.P. Morgan Securities LLC (Dkt. No. 70) moved to dismiss the Amended Complaint.

On June 8, 2018, following oral argument, the Court granted all three motions to dismiss with prejudice.  (Dkt. No. 85.)  This Court dismissed the Action for several reasons. With regard Sogou's controls over prohibited content, the Court held, among other things, that (a) Plaintiffs failed to allege an actionable statement or omission; (b) Plaintiffs did not allege Sogou was in violation of any law at the time of the IPO; (c) the Prospectus provided warnings of the risks the Amended Complaint alleged went undisclosed to investors; and (d) there was no duty to disclose under Item 303 of Regulation S-K.  With regard to Sogou's smart hardware, the Court held, among other things, that (a) Plaintiffs failed to allege any statement that was false or misleading when made; and (b) the Registration Statement did not state all of Sogou's smart hardware had AI capabilities.

Plaintiffs filed a notice of appeal in the Second Circuit on July 10, 2020.  (Dkt. No. 89; *see also Lou v. Sogou, Inc.*, No. 20-2188 (2d Cir.).)  On August 10, 2020, the action was put on the Court's Expedited Calendar, setting Appellants' brief due date as September 14, 2020.  After the parties reached a settlement in principle, they filed a Rule 42.1 stipulation with the Court of Appeals on September 11, 2020, dismissing the appeal with right to reinstate if the settlement is not finalized.  The Rule 42.1 stipulation was "so ordered" on September 14, 2020.

## B.      Similar State Court Action

A substantially similar action is currently pending in the Superior Court of the State of California County of San Mateo, Docket No. 18CIV06699 (Cal. Super. Ct. Dec 14, 2018) (the

"California Litigation"), against the Defendants in this action other than Chi Ping Martin Lau and Donald J. Puglisi. The California Litigation includes substantially similar allegations that Sogou failed to disclose that it intended to adjust its smart hardware strategy to phase out non-AI enabled products and that its advertising and audit procedures were inadequate to ensure compliance with relevant Chinese regulations, as well as other allegations that Sogou failed to disclose that partnerships and acquisitions inflated its revenue growth artificially and that increases in traffic acquisition costs were exponentially increasing its costs of revenue. The California Litigation asserts claims based on Section 11 and Section 15 of the Securities Act.  Defendants specially appeared in the California Litigation and moved to quash service of summons for lack of personal jurisdiction, or, in the alternative, to stay or dismiss the California Litigation in favor of this Action on the grounds (among others) that the claims alleged lacked any substantial connection to California. On October 7, 2019, the California court stayed the California Litigation in favor of this Action.  On November 4, 2020, plaintiffs in the California Litigation filed a Motion to Lift the Stay.

The Settlement of this Action would, if approved, result in the release of all claims asserted in the California Litigation, and both plaintiffs and members of the putative class in the California Litigation are members of the Settlement Class who may either request exclusion or participate in the Settlement Class by objecting to the Settlement and/or filing a proof of claim.

C.      **Summary Of Key Terms Of The Proposed Settlement**

1.      **Relief to Class Members and Release of Claims**

Defendants have agreed to settle the Action for a payment by Sogou of $1,450,000 as described more fully in the Stipulation, in return for which all claims that have been, or could have been asserted in the Complaint against Released Parties will be dismissed, barred and released.

The monies will be deposited in an escrow account maintained by Huntington National Bank and will be held in instruments or accounts backed by the full faith and credit of the United States Treasury.

If the Settlement is approved, none of the monies will revert to Sogou or its insurance carriers.  If the Settlement is not approved, or otherwise does not become effective, the monies other than costs of notice will revert.

### 2.    Class Notice and Settlement Administration

### a)    Notice

Strategic Claims Services ("Claims Administrator") will send the Postcard Notice on or before ten (10) business days after entry of the Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  The Claims Administrator also will use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Sogou ADSs between November 9, 2017 and March 14, 2018 as record owners but not as beneficial owners.  The beneficial owners who are identified through that process will receive either the Postcard Notice, via regular mail, or a Long Notice, via email.  Not later than fourteen (14) days after Notice Date, the Claims Administrator will publish notice of the Settlement, substantially in the form attached to the Stipulation as Exhibit 4, in *Investor's Business Daily* and be transmitted over *GlobeNewswire*.

The Long Notice describes in plain English the terms of the Settlement, the considerations that led Lead Counsel and Plaintiffs to conclude that the Settlement is fair and adequate, the Plan of Allocation, the maximum attorneys' fees award and expense reimbursement that may be sought, and the proposed awards for Plaintiffs. A copy of the Long Notice, Claims Form and Stipulation of Settlement will be posted on a website maintained by the Settlement Administrator alongside

the Summary Notice.  This notice program will fairly apprise Settlement Class Members of the Settlement and their options with respect thereto and fully satisfies due process requirements.

### b)  Administration

After provision of a competitive bid, Lead Counsel selected Strategic Claims Services as the Claims Administrator to administer the notice and process the claims for the Settlement.  The Claims Administrator is well known and highly experienced in the administration of securities fraud class action settlements. In accordance with the Stipulation, Sogou shall pay or cause to be paid the Settlement Amount to an interest-bearing escrow account in a federally-chartered bank designated by Lead Counsel (the "Escrow Account") to be controlled by said bank as the Escrow Agent for the benefit of the Class, with interest to accrue for the benefit of the Class.  Before the effective date of the Settlement and without further order of the Court, up to two hundred and fifty thousand U.S. dollars ($250,000.00) from the Escrow Account may be used to pay reasonable and necessary notice and Administration Costs.  Once the Settlement becomes final following entry of the final judgment, substantially in the form attached to the Stipulation as Exhibit B (the "Judgment"), no monies shall revert to Sogou.

### 3.  Papers in Support of the Settlement, Award of Lead Counsel Fees and Expenses, and Compensatory Awards

No later than 35 days prior to the Settlement Hearing, Lead Counsel will submit papers in support of the Settlement and Plan of Allocation, as well as the request for the awards of attorneys' fees, expenses, and compensatory awards for Plaintiffs. Those papers will detail reasons why the Settlement should be approved, as well as Lead Counsel's efforts undertaken on behalf of the Class (including a breakdown of the time and hourly rates of each attorney who contributed to the outcome).

No less than 7 days prior to the Settlement Hearing, Lead Counsel may submit reply papers in support of the motion for final approval of Settlement, Plan of Allocation, request for an award of attorneys' fees and expenses or request for compensatory awards to Plaintiffs.

### 4.    Objections

Any Class Member who objects to the Settlement or related matters must do so 21 days prior to the Settlement Hearing, and must send copies of such objections to the Court as well as designated counsel for the Settlement Class and Defendants. Any Settlement Class Member who does not file a timely written objection to the Stipulation shall be foreclosed from seeking any adjudication or review of the Stipulation by appeal or otherwise.

To insure the legitimacy of any such objections, the Class Member must file documents evidencing Sogou ADSs transactions, as well as submit to the jurisdiction of this court for possible deposition. These measures are intended to thwart "professional objectors" who have appeared from time to time in these actions.

### 5.    Opt Outs

Any Settlement Class Member who wishes to be excluded must do so by written request accompanied by Sogou transaction documentation, postmarked no later than 21 days prior to the Settlement Hearing. The opt out must be sent to Lead Counsel, Defendants' Counsel, and the Settlement Administrator (but not the Court).

### 6.    Termination of the Settlement

Defendants have the right to withdraw from the Settlement if Settlement Class Members owning a previously negotiated amount of ADSs elect to opt out of the Settlement Class. The threshold amount is set forth in a separate agreement that will not be filed with the Court unless Defendants choose to exercise their right of withdrawal.

In the event that the Settlement is not approved by the Court, does not become final due to any appeals or Defendants' withdrawal from the Settlement, the parties will return to their respective positions prior to the Settlement and the litigation will proceed apace.

### 7. No Admission of Liability

By entering into the Stipulation, Defendants do not admit liability and continue to deny that they engaged in any misconduct or violated the law.

## III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A. The Courts Favor Settlements Of Complex Class Actions

The law favors settlement, particularly in class actions and other complex cases. *Newberg on Class Actions* (*Fourth*) (2002) § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy."); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030 (LAP) (DCF), 2012 U.S. Dist. LEXIS 88019, at *7 (S.D.N.Y. June 22, 2012) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)); *see also Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238 (DLC), 2005 U.S. Dist. LEXIS 10848, at *18 (S.D.N.Y. June 7, 2005). Due to the presumption in favor of settlement, and "[a]bsent fraud or collusion," courts "should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 CIV 10240 CM, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007). Where, as here, the parties propose to resolve class action litigation through a class-wide settlement, they must request and obtain the Court's approval. *See* Fed. R. Civ. P. 23(e). In evaluating a proposed class-action settlement, "courts should give proper deference to the private consensual decision of the parties" and should bear in mind "the unique ability of class and defense counsel to assess the potential risks and rewards of litigation." *Fleisher v. Phoenix Life Ins. Co.*, Nos. 11-cv-8405, 14-cv-8714, 2015 U.S. Dist. LEXIS 121574, *17 (S.D.N.Y. Sept. 9, 2015) (citations omitted). Moreover, the Supreme Court has

cautioned that courts should "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). This is particularly important in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation.

The three-step process for approval of a class-action settlement is: (1) preliminary approval; (2) dissemination of notice of the settlement to the class; and (3) a settlement approval hearing where class members may be heard regarding the fairness, adequacy, and reasonableness of the settlement. *Manual for Complex Litigation (Fourth)* §§ 21.632–634 (2004). This procedure serves the dual function of safeguarding class members' procedural due process rights and enabling the court to fulfill its role as the guardian of the class members' interests. *See* William Rubenstein, Alba Conte, & Herbert B. Newberg, *Newberg on Class Actions* § 11.25 (4th ed. 2002). Plaintiffs respectfully request the Court to take the first step in the process and grant preliminary approval to the Settlement.

### B.    The Proposed Settlement Merits Preliminary Approval

Preliminary approval is merely the prerequisite for disseminating notice to class members so they may decide whether to approve or reject the Settlement. Accordingly:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*Manual for Complex Litigation (Third)* § 30.41 (1995).

### 1.    The Proposed Settlement Recovery Is Substantively Fair

In the Second Circuit, courts will examine the negotiating process leading to the settlement. *Wal-Mart,* 396 F.3d 96 at 116. They will also determine whether the settlement's terms are fair,

11

reasonable, and adequate, using the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

**a)**   **The Settlement Was Negotiated By Well Informed Counsel And Thus Warrants A Presumption Of Fairness**

In evaluating the settlement, the Court should give weight to the parties' judgment that the settlement is fair and reasonable.  *See Palacio*, 2012 U.S. Dist. LEXIS 88019, at *8; *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 U.S. Dist. LEXIS 139136, at *10 (S.D.N.Y. Nov. 29, 2010).

The Settlement was reached through arm's-length negotiation, which began during the motion to dismiss phase.  As the appeal was pending, the parties continued to discuss settlement, believing a settlement would be best for all parties.  After coming to terms, the Settling Parties executed a Memorandum of Understanding setting forth their agreement in principle to settle the Litigation ("MOU").  The negotiations, though respectful, were adversarial.  Though the Plaintiffs believe that the claims asserted in this litigation have merit and that the evidence developed to date supports their claims, the negotiations were informed in part by the unlikelihood of success in the Second Circuit. They were also informed by the fact that, even if the appeal were successful, there was still many considerations weighing in favor of settlement, including: the expense and length of continued proceedings necessary to prosecute the litigation against Defendants through trial and through possible additional appeals, the uncertain outcome and the risk of any litigation, especially in complex actions such as this litigation where the majority of witnesses and documents are located outside the United States, as well as the difficulties and delays inherent in such litigation.

In negotiating the Settlement, Plaintiffs had the benefit of attorneys (including attorneys from three major firms) who are highly experienced in complex litigation and familiar with the legal and factual issues of the case.

12

In Lead Counsel's view, the Settlement provides substantial benefits to the Settlement Class.

### b)    The Settlement Is Within The Reasonable Range Of Recovery

At the Settlement Hearing, in finally determining whether a settlement is fair, reasonable, and adequate, the Court will have to decide whether to approve the Settlement under the factors articulated in *Grinnell*: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the Settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement fund to a possible recovery in light of all the attendant risks of litigation.  *Grinnell*, 495 F.2d at 463.  All nine factors need not be satisfied; rather, the Court should consider the totality of these factors in light of the particular circumstances. *Thompson v. Metro. Life Ins. Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003).

For preliminary approval purposes, however, the Court need not decide these factors. Rather, if the Court finds that the Settlement is "within the range of possible approval" that might be approved under *Grinnell*, it should then order that the Settlement Class receive notification of the Settlement, schedule the Settlement Hearing, and provide Settlement Class members an opportunity to be heard.  *See Manual* at § 40.42 (model preliminary approval order). Here, the Settlement satisfies the *Grinnell* test.  And, putting aside the test, the Court's order of dismissal confirms that the Settlement is a very good result for the Settlement Class.  Therefore, the Court should grant preliminary approval.

### i.      *The Complexity, Expense and Likely Duration of the Action*

The Settlement provides the Settlement Class with substantial relief, without the delay and expense of appeal, trial and post-trial proceedings. This was a case that was already dismissed in this Court.  Plaintiffs had filed a Notice of Appeal but had not yet filed their opening brief when the parties entered into the MOU.  It is not known when the Second Circuit would have issued its decision.  If the Second Circuit decided in Plaintiffs' favor, the work would be far from over.  The case in this Court could take years.  Due to the inherent complexity of securities litigation, and particularly the stringent requirements imposed by the Private Securities Litigation Reform Act of 1995's ("PSLRA") amendments to the Exchange Act, as well as supervening case law developments, prosecution of securities class action litigation is inherently complex and lengthy. This is especially so in a case such as this where many witnesses and much of the evidence might be located abroad.

If this Court's dismissal decision was reversed, without settlement, many issues would still remain.  Class Certification would still need to occur.  Discovery, including international discovery and numerous depositions, would still need to be completed, then summary judgement and then trial – all of which would be extremely expensive and risky.

If the parties did not agree to settle, they would have faced, in the best-case scenario for the class, an expensive trial with an uncertain outcome. Not only would *any* recovery be very uncertain, considering the near-certainty of appeals, it would inevitably be delayed by years.  And that is if—and only if—the Second Circuit were to resurrect the case.

### ii.      *Stage of Proceedings and Amount of Discovery Completed*

In this Action, the proceedings were sufficiently advanced to provide Plaintiffs with a thorough understanding of the strengths and weaknesses of the Class' claims.  Plaintiffs conducted

14

an investigation prior to filing each complaint in this action. Although document discovery had not started, many factors illuminated the relative strengths and weaknesses of the parties' positions. *See In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 426 (S.D.N.Y. 2001) ("To approve a proposed settlement . . . the Court need not find that the parties have engaged in extensive discovery. Instead, it is enough for the parties to have engaged in sufficient investigation of the facts to enable the Court to intelligently make . . . an appraisal of the Settlement.") (quotation marks and citations omitted).

### iii.    *The Risks of Establishing Liability & Damages*

There were substantial risks in prosecuting this Action, and further prosecution of this Action to trial may have yielded limited or no recovery. Plaintiffs would have encountered a summary judgment motion on the elements of their claims, and if Plaintiffs defeated Sogou's motion, the risk attendant in proving their claims at trial. Among other arguments, Defendants would have argued, as they did previously in their motions to dismiss, that they did not violate the Securities Act.

### iv.    *The Risks of Maintaining the Class Action Through Trial*

Despite Plaintiffs' confidence in the Action and its ability to gain class certification, without the Settlement, Defendants would likely contest class certification. "While plaintiffs might indeed prevail, the risk that the case might be not certified is not illusory and weighs in favor of the Class Settlement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005).

### v.    *Reasonableness of the Settlement*

The Stipulation provides for Settlement Amount of $1.45 million to be paid into the Settlement Fund. The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F.

15

Supp. 740, 762 (E.D.N.Y. 1984), *aff'd* 818 F.2d 145 (2d Cir. 1987).  Here, this Action had already been dismissed and the chances of that decision being reversed on appeal were remote.  This fact supports the reasonableness of the Settlement.

## IV.  THE PROPOSED CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

### A.  The Proposed Settlement Class Meets the Requirements of Rules 23(a) and 23(b)(3)

In granting preliminary settlement approval, the Court should also certify the Settlement Class for purposes of the Settlement under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The proposed Settlement Class to which the Parties have stipulated consists of:

> . . . all persons and entities that purchased or otherwise acquired Sogou ADSs pursuant and/or traceable to Sogou's Registration Statement issued in connection with the IPO, and were damaged thereby.  Excluded from the Settlement Class are Defendants, Sogou's officers and directors and their immediate family members, Sohu's officers and directors and their immediate family members, Tencent's officers and directors and their immediate family members, and entities in which such excluded persons hold a majority ownership interest.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

In addition, the Settlement Class does not include investors who purchased after March 14, 2018. Defendants have disclosed to Plaintiffs that additional, non-IPO shares entered the market for the first time on March 15, 2018. As such, after the close of trading on March 14, 2018, investors can no longer trace their shares directly to the IPO solely by means of their purchase.[3]

---

[3] Upon untraceable shares entering the market, individual issues of whether an investor can trace shares directly to the IPO predominate over common issues. *In re Initial Public Offering Sec. Litig.*, 227 F.R.D. 65, 117-120 (S.D.N.Y. 2004), *vacated and remanded on other grounds*, 471 F.3d 24 (2d Cir. 2006). This is so because "[t]he modern practice of electronic delivery and clearing of securities trades, in which all deposited shares of the same issue are held together in fungible bulk, makes it virtually impossible to trace shares to a registration statement once additional unregistered shares have entered the market." *Id.* at 118 (citations omitted).

Valid claimants, therefore, must have both purchased Sogou ADSs prior to March 15, 2018 and suffered damages.

The Second Circuit has long acknowledged the propriety of certifying a class solely for settlement purposes. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982). Before granting preliminary approval of a class action settlement, however, the Court should determine that the proposed Settlement Class is a proper class for settlement purposes. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Manual for Complex Litigation* (Fourth) § 21.632. To certify a class, the Court must determine whether four threshold requirements of Federal Rule 23(a) are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem*, 521 U.S. at 613. Additionally, the action must be maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3). *Id.* at 614. In certifying the Settlement Class, however, the Court is not required to determine whether the action, if tried, would present intractable management problems, "for the proposal is that there be no trial." *Id.* at 620; *see also* Fed. R. Civ. P. 23(b)(3)(D). Here, the proposed Settlement Class meets all of the requirements of Rule 23(a) and satisfies the requirements of Rule 23(b)(3).

### 1.     The Settlement Class Satisfies the Requirements of Rule 23(a)

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Joinder is generally presumed to be impracticable when a putative class exceeds 40 members." *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 90 (D. Conn. 2010) (citing *Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997)). Impracticable does not mean impossible, but only that the difficulty or inconvenience of joining all members of the class makes use of the class action appropriate. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244–45 (2d Cir. 2007).

"While a precise quantification of the class is not required, some evidence or a reasonable estimate of the number of class members' must be provided." *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 350–51 (E.D.N.Y. 2006) (quotations and alterations omitted). In making this determination, "the court may make some common sense assumptions and rely on reasonable inferences drawn from the available facts." *Id.* at 351. Consequently, "[i]n securities fraud class actions relating to publicly owned and nationally listed corporations, the numerosity requirement may be satisfied by a showing that a large number of shares were outstanding and traded during the relevant period." *In re Sadia, S.A. Sec. Litig.*, 269 F.R.D. 298, 304 (S.D.N.Y. 2010). Publicly available information reveals that in 2018, for example, there were over 50 million Sogou ADSs, making joinder impracticable. Though Plaintiffs have not yet ascertained the precise number of potential Settlement Class members, common sense suggests that the ADSs were dispersed among hundreds—or thousands—of potential Class members. *See In re Frontier Ins. Grp., Inc. Sec. Litig.*, 172 F.R.D. 31 (E.D.N.Y. 1997).

The proposed Settlement Class also meets the commonality requirement of Rule 23(a). Commonality is generally easily satisfied, as it "is established so long as the plaintiffs can identify some unifying thread among the [class] members' claims." *Haddock v. Nationwide Fin. Servs., Inc.*, 262 F.R.D. 97, 116 (D. Conn. 2009). The requirement is met "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). Securities misstatement class actions are "essentially course of conduct cases because the nub of plaintiffs' claims is that material information was withheld from the entire putative class in each action, either by written or oral communication." *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 374 (S.D.N.Y. 2000) (internal quotation marks omitted). Here, common questions of law and fact include: (i) whether the Securities Act was violated by defendants; (ii) whether the price of Sogou's stock was artificially

inflated; (iii) whether Defendants' misrepresentations and omissions caused Settlement Class members to suffer economic losses; and (iv) the extent of the damage sustained and the appropriate measure of damage.   The misstatements injured market participants in the same way.   In comparable situations, courts have consistently found the commonality requirement to have been satisfied.  *See, e.g., In re SCOR Holding (Switzerland) AG Litig.*, 537 F. Supp. 2d 556 (S.D.N.Y. 2008); *Wagner v. Barrick Gold Corp.*, 251 F.R.D. 112, 116 (S.D.N.Y. 2008); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 245 F.R.D. 147, 157-158 (S.D.N.Y. 2007), *order aff'd in part, vacated in part*, 574 F.3d 29 (2d Cir. 2009).

Plaintiffs Mark Frater and Maggie Xu, who both purchased before March 15, 2018, also meet Rule 23(a)'s typicality requirement. A plaintiff's claim is typical if it arises from "the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).  There are no facts concerning Plaintiffs Mark Frater and Maggie Xu that render them atypical as compared to other Settlement Class Members.  They each purchased Sogou ADSs listed on the NASDAQ in the United States and sustained losses.  (Dkt. Nos. 10, Ex. 3; 13, Ex. B.)

Rule 23(a) lastly requires that the class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This inquiry focuses "on uncovering 'conflicts of interest between named parties and the class they seek to represent.'" *Flag Telecom*, 574 F.3d at 35 (quoting *Amchem*, 521 U.S. at 625).  Plaintiffs Mark Frater and Maggie Xu adequately represent the Settlement Class as they have no individual interests or claims that are antagonistic to the Settlement Class and have zealously represented the Settlement Class' interests to date, including by monitoring the pleadings and authorizing Lead Counsel's settlement efforts.

### 2.    The Settlement Class Satisfies the Requirements of Rule 23(b)(3)

Finally, the proposed Settlement Class meets the requirements of Rule 23(b)(3).  Rule 23(b)(3) authorizes class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

To satisfy predominance, "a plaintiff must show that those issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individualized proof." *In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474, 480 (2d Cir. 2008). This inquiry "tests whether a proposed class is sufficiently cohesive to warrant adjudication by representation." *Id.* There are questions of law and fact common to the Settlement Class that predominate over any individual questions, specifically whether Defendants' alleged actions, which were centralized and uniform, violated federal securities laws. These common issues predominate over any individual issues.

"Together with predominance, the superiority requirement ensures that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Menkes*, 270 F.R.D. at 100 (quoting *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 104 (2d Cir. 2007)). Class treatment is often deemed superior in "negative value" cases, in which each individual class member's interest in the litigation is less than the anticipated cost of litigating individually. *Menkes*, 270 F.R.D. at 100.

A class action is also superior to other methods available for the fair and efficient adjudication of this controversy.  Members of the Settlement Class are not likely to prosecute, and many do not have an interest or means to prosecute, an individual case against Defendants, which

20

include multiple entities that are represented by well-staffed law firms.  Additionally, efficiency and economy support resolving the issues in one suit before this Court now.

> **B.    Nationwide Class Certification Is Appropriate for Settlement Purposes**

It is appropriate to settle the claims of all Settlement Class Members in one action. Settlement Class Members' claims are all subject to the terms of Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

> **C.    The Court Should Appoint Lead Counsel as Counsel for the Settlement Class**

A court that certifies a class must also appoint class counsel.  *See* Fed. R. Civ. P. 23(g). Rule 23(g) states that the adequacy of Plaintiffs' counsel is determined by four factors: (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).  Lead Counsel working on this matter have extensive experience and a stellar reputation in class actions and securities litigation, as does Additional Counsel assisting them.  *See* Goldberg Decl., Ex. 2.

## V.    THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTICE

> **A.    Notice By Direct Mail And Publication Is Appropriate**

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise,' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *See Manual* at §§ 21.632, 21.633.  To satisfy due process, notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  "'The notice must be of such nature as reasonably to convey the

required information . . . and it must afford a reasonable time for those interested to make their appearance.'" *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983) (quoting *Mullane*, 339 U.S. at 314). In securities class actions, it is customary to provide notice by (a) publishing a summary notice in a major publication, (b) publishing this same summary notice in a press release, (c) mailing notice to all individual shareholders who can be found, and (d) publishing notice on a website. *See, e.g., In re Marsh ERISA Litig.*, 265 F.R.D. 128, 145 (S.D.N.Y. 2010). Neither Rule 23 nor due process requires receipt of actual notice by all Settlement Class Members; rather, notice should be mailed to the last known addresses of those who can be identified and publication used to notify others. *Newberg* § 8.04; *see also Mangone v. First USA Bank*, 206 F.R.D. 222, 231–232 (S.D. Ill. 2001) (approving mailed notice to last known addresses of a class with nearly 18.5 million members).

The proposed Postcard Notice, which the Claims Administrator would send to Settlement Class Members by first class mail, is attached as Exhibit 3 to the Stipulation. The Postcard Notice notifies Settlement Class Members of the proposed settlement and points them to the Claims Administrator's website, where they can find additional information. The documents on the website describe in plain English the terms of the Settlement, the considerations that led Lead Counsel to conclude that the Settlement is fair and adequate, the maximum attorneys' fees and expenses that may be sought, the procedure to object to the Settlement, and the date and place of the Settlement Hearing.

The Summary Notice, set forth in Exhibit 4 to the Stipulation, will be published in *Investor's Business Daily* and be transmitted over *GlobeNewswire* within fourteen (14) days thereafter. All relevant documents will be available for the public to view on the Claims Administrator's website.

22

**B.      The Proposed Notice Adequately Informs Settlement Class Members Of Their Rights In This Action**

In an action proceeding under Rule 23(b)(3), the notice must inform each class member that "the court will exclude anyone from the class if he so requests [by a specified date]; the judgment will include all members who do not request exclusion and any member not requesting exclusion may, if he desires, enter an appearance through counsel." Fed. R. Civ. P. 23(c)(2).

Here, the proposed Long Notice, Exhibit 1 to the Stipulation, clearly and accurately discloses the information material to a Settlement Class Member's decision whether to accept, object to, or opt out of the Settlement. The proposed Long Notice provides information on, *inter alia:* the proposed Class; the terms and provisions of the Stipulation, including the Settlement Consideration; the relief to the Class and the releases to the Released Parties that the Settlement will provide; the maximum amount of any award of attorney's fees and reimbursement of expenses to Lead Counsel and of any compensatory award to Plaintiffs; the date, time and place of the final approval hearing; and the procedures and deadlines for opting out of the settlement or submitting comments or objections.

The Long Notice also meets the requirements of the PSLRA, 15 U.S.C. § 78u-4(a)(7). The Notice provides:

- a cover page summarizing the information contained in the Notice;

- a statement of the Settlement Class Members' recovery before deduction of Court-approved fees and expenses and costs of notice and claims administration, while making clear that the Plan of Allocation will cause the actual amount recovered by any specific Settlement Class Member to vary greatly across the Class;

- the general terms of the Settlement;

23

- a statement of the potential outcome of the case including a statement concerning the issues on which the parties disagree;

- a statement of attorneys' fees or costs sought, including a summary of this information on the cover page;

- information on how to contact the Claims Administrator and/or Lead Counsel (including names, addresses, telephone numbers, and websites); and

- a discussion of the reasons for the Proposed Settlement, including the factors Plaintiffs and Defendants considered in reaching the Proposed Settlement.

Thus, the proposed Notice to be sent to the Settlement Class provides all of the information required by the PSLRA. The Court should approve the proposed form of Notice and direct that notice be given to the Settlement Class.

## VI.    PROPOSED SCHEDULE OF EVENTS

Plaintiffs propose the following schedule of events in connection with the Settlement Hearing as set forth in the Preliminary Approval Order filed herewith:

| Event | Deadline for Compliance |
|---|---|
| Mailing of Notice and Proof of Claim and Release. | No later than 10 business days after the entry of Preliminary Approval Order. (Preliminary Approval Order ¶ 8) (the "Notice Date") |
| Publication of Summary Notice. | No later than 14 calendar days after the Notice Date (Preliminary Approval Order ¶ 12) |
| Filing deadline for requests for exclusion. | Received no later than 21 calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 16) |
| Date for Plaintiffs to file and serve papers in support of the Settlement, the Plan of Allocation and for application for attorneys' fees and reimbursement of expenses. | No later than 35 calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 23) |
| Filing deadline for objections. | No later than 21 calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 18) |

| Date for Plaintiffs to file reply papers in support of the Settlement, the Plan of Allocation and for application for attorneys' fees and reimbursement of expenses. | Seven (7) calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 23.) |
|---|---|
| Date for Claims to be Filed | No later than 5 calendar days after the Settlement Hearing. (Preliminary Approval Order ¶ 14) |

## VII.    CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that the Court enter an Order preliminarily approving the Settlement, granting conditional certification of the Settlement Class and setting a date for a Settlement Hearing and deadlines for the mailing of the Postcard Notice and publication of the Notice, the filing of Settlement Class Member objections, the filing of Settlement Class Member opt-out notices, and the filing of Lead Counsel's application for attorneys' fees and expenses and for an incentive award to Plaintiffs.

Dated: November 16, 2020

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

/s/ Shannon Hopkins
Shannon L. Hopkins
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com

and

Donald J. Enright
1101 30th Street NW, Suite 115
Washington, D.C. 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
denright@zlk.com

**THE ROSEN LAW FIRM, P.A.**

/s/ Jacob A. Golberg
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440

Jenkintown, PA 19046
Tel: (215) 686-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com

and

Phillip Kim
Laurence M. Rosen
275 Madison Avenue, 34th Floor
New York, New York, 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
lrosen@rosenlegal.com

***Co-Lead Counsel for Lead Plaintiffs
and the Settlement Class***


**POMERANTZ LLP**

/s/ *Jeremy A. Lieberman*
Jeremy A. Lieberman
Cara David
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
cdavid@pomlaw.com

***Additional Counsel for Lead Plaintiffs***

26