**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>        vs.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>                  Defendants. | No. 1:19-cv-00230-LJL |

<u>**STIPULATION AND AGREEMENT OF SETTLEMENT**</u>

{00403127:1 }

This stipulation and agreement of settlement ("Stipulation") is made and entered into between (i) lead plaintiffs Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (ii) Sogou Inc. ("Sogou" or the "Company"), Sohu.com Inc., Tencent Holdings Limited, Xiaochuan Wang, Charles (Chaoyang) Zhang, Yuxin Ren, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, Janice Lee, James (Xiufeng) Deng, Chi Ping Martin Lau, Donald J. Puglisi, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited (together, "Defendants," and collectively with Plaintiffs, "Parties").[1]

WHEREAS:

A.      All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms set forth herein and in the section hereof entitled "Definitions."

B.      On January 9, 2019, Jiajia Luo filed the Complaint for Violations of the Federal Securities Laws in the United States District Court for the Southern District of New York (the "Court") (Dkt. No. 1).

C.      On March 11, 2019, Lizhen Zhang, Juean Xu, Yuehua Ding, and Maggie Xu filed a motion to be appointed lead plaintiffs and for The Rosen Law Firm, P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") to be appointed lead counsel (Dkt. Nos. 8-10).  Also on March 11, 2019, Mark S. Frater and Ketan Patel filed a motion to be appointed lead plaintiffs and for Levi & Korsinsky, LLP to be appointed lead counsel (Dkt. Nos. 11-13).

D.      On April 2, 2019, the Court issued an order appointing Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel as lead plaintiffs and appointing Levi

---

[1] Those Defendants who were not served in the Action reserve their rights regarding lack of service in the event the Settlement contemplated in this Stipulation is not fully consummated.

& Korsinsky and Rosen Law as co-lead counsel ("Lead Counsel") (Dkt. No. 20).

E.      Plaintiffs filed the operative Third Amended Class Action Complaint for Violations of the Federal Securities Laws on October 22, 2019 ("Amended Complaint") (Dkt. No. 60), alleging violations of §§ 11 and 15 of the Securities Act of 1933 ("Securities Act") on behalf of a class of all Persons who purchased or otherwise acquired Sogou American Depository Shares ("ADSs") pursuant and/or traceable to Sogou's registration statement and prospectus ("Registration Statement") issued in connection with the Company's November 9, 2017 initial public offering ("IPO" or the "Offering").

F.      All Defendants upon whom Plaintiffs had completed service timely moved to dismiss the Amended Complaint and filed a request for judicial notice in support of their motions to dismiss.  (Dkt. Nos. 65-71).  After full briefing and a hearing, on June 8, 2020, the Court granted Defendants' motion to dismiss, without leave to amend (Dkt. No. 85).  On June 10, 2020, the Court entered judgment against Plaintiffs (Dkt. 86), and on July 9, 2020, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Second Circuit (Dkt. No. 89).

G.      While Plaintiffs' appeal was pending, the Parties engaged in settlement negotiations and ultimately agreed to this Settlement.

H.      Plaintiffs, through Lead Counsel, thoroughly investigated the claims, defenses, and underlying events that are the subject of the Action.  This process included reviewing and analyzing: (i) documents the Company filed publicly with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.  Plaintiffs also

consulted with financial experts.

I.       Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Among other things, Defendants deny the allegations that they knowingly, or otherwise, made any material misstatement in or omission from the Registration Statement; that any member of the Class has suffered damages; that the alleged misrepresentations or omissions impacted the Offering Price of Sogou ADSs; or that any misrepresentation in or omission from the Registration Statement harmed members of the Class.  Defendants have maintained and continue to maintain that each and every one of the Amended Complaint's claims and/or potential claims lacks merit and that Defendants have meritorious defenses to all claims alleged in the Amended Complaint.

J.       This Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, concerning any fact or matter alleged in the Action, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.  Defendants are entering into this Settlement solely to eliminate the burden, expense, uncertainty, and distraction of further litigation.

K.       Plaintiffs believe that the claims they assert in the Action have merit and are supported by the evidence developed to date.  Plaintiffs and Lead Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to adjudicate the Action through trial and appeals.  Plaintiffs and Lead Counsel have also accounted for the uncertain outcome and the risk of any litigation, especially in complex actions such as the

Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel also are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action.  Based on their evaluation, Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

<u>DEFINITIONS</u>

As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

1. "Action" means the putative class action captioned *Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou Inc., et al.*, No. 1:19-cv-00230-LJL, filed in the United States District Court for the Southern District of New York and pending before the Honorable Lewis J. Liman.

2. "Additional Counsel" means Pomerantz LLP.

3. "Authorized Claimant" means a Settlement Class Member who timely submits a

valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment by the Court.

4.      "Claims Administrator" means Strategic Claims Services that will provide all Court-approved notices to Settlement Class Members, process proofs of claim, and generally administer the Settlement.

5.      "Consolidated San Mateo Action" means the consolidated action pending in the Superior Court for the State of California, County of San Mateo, Case No. 18CIV06699, under the caption *In re Sogou Inc. Securities Litigation*.

6.      "Court" means the United States District Court for the Southern District of New York.

7.      "Defendants" means (i) Sogou Inc., Sohu.com Inc., Xiaochuan Wang, Charles (Chaoyang) Zhang, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, Janice Lee, and James (Xiufeng) Deng (collectively referred to as the "Sogou Defendants"),  (ii) J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited (collectively referred to as the "Underwriter Defendants"); and (iii) Tencent Holdings Limited, Yuxin Ren, Chi Ping Martin Lau, and Donald J. Puglisi.

8.      "Defendants' Counsel" means the law firms of Goulston & Storrs PC, counsel for the Sogou Defendants, and Morgan, Lewis & Bockius LLP, counsel for the Underwriter Defendants.

9.      "Distribution Order" means an order of the Court approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid, including the fees and expenses of the

Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

10.     "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 78 below.

11.     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

12.     "Escrow Agent" means Huntington Bank.  The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

13.     "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any expenses pursuant to 15 U.S.C. § 78u-4(a)(4) and 77z-1(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

14.     "Final," with respect to a court order, including, but not limited to the Judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if

{00403127;1 }                                                    -7-

such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund or to the Court's award of attorneys' fees or expenses, however, shall not in any way delay or affect the time set forth below for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.  The finality shall not be conditioned upon the resolution of the claims asserted in any other private civil action, including, but not limited to, any other putative class action.

15.    "Individual Defendants" means Xiaochuan Wang, Charles (Chaoyang) Zhang, Yuxin Ren, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, Janice Lee, James (Xiufeng) Deng, Chi Ping Martin Lau, and Donald J. Puglisi.

16.    "Judgment" means the proposed judgment and order of dismissal with prejudice to be entered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

17.    "Lead Counsel" means The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP.

18.    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

19.    "Notice" means collectively the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members ("Long Notice"); the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication ("Summary Notice"); and the Postcard Notice, which, subject to approval of the Court, shall be substantially in the

form attached hereto as Exhibits 1, 4, and 3, respectively, to Exhibit A hereto.

20.    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

21.    "Person(s)" means any legal person.

22.    "Plaintiffs" means Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel.

23.    "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Long Notice.

24.    "Postcard Notice" means the "Postcard Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Expenses," to be mailed substantially in the form attached hereto as Exhibit 3.

25.    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

26.    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form

attached as Exhibit 2 to Exhibit A hereto.

27.    "Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, that have been or could have been asserted in this Action or in any other action, or could in the future be asserted in any forum, whether known or Unknown Claims, whether arising under federal, state, common, or foreign law, by Plaintiffs or any other members of the Settlement Class or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or any other Person, against any of the Released Defendant Parties, that (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action, or which could have been alleged in this Action, or (b) arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Sogou securities acquired pursuant and/or traceable to the Registration Statement.  For the avoidance of doubt, Released Claims includes the claims alleged as of the date of this Stipulation in the Consolidated San Mateo Action.

28.    "Released Defendant Parties" means (i) Defendants; (ii) their present and former parents, subsidiaries, divisions, departments, affiliates, and controlling shareholders; (iii) for each and every Person referenced in parts (i) and (ii), their present and former officers, directors, employees, and contractors; (iv) for each and every Person listed in parts (i) through (iii), their present and former auditors, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, trustees, general or limited partners or partnerships, and limited liability companies; and (v) the spouses, members of the immediate families, representatives, and heirs of

any Released Defendant Parties who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members.

29.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

30.    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

31.    "Released Plaintiff Parties" means Plaintiffs and each and every Settlement Class Member, Lead Counsel, Additional Counsel, and each of their respective past or present parents, subsidiaries, divisions, departments, affiliates, controlling shareholders, officers, directors, partners, employees, contractors, auditors, agents, attorneys, accountants, advisors, principals, predecessors, successors, assigns, insurers, trustees, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

32.    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

33.     "Settlement Amount" means the total principal amount of one million four hundred fifty thousand U.S. dollars ($1,450,000), in cash.

34.     "Settlement Class" or "Settlement Class Member" means all persons and entities that purchased or otherwise acquired Sogou ADSs pursuant and/or traceable to Sogou's Registration Statement issued in connection with the IPO, and were damaged thereby.  Excluded from the Settlement Class are Defendants, Sogou's officers and directors and their immediate family members, Sohu's officers and directors and their immediate family members, Tencent's officers and directors and their immediate family members, and entities in which such excluded persons hold a majority ownership interest.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

35.     "Settlement Fund" means the Settlement Amount and any interest earned thereon.

36.     "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved.

37.     "Stipulation" means this Stipulation and Agreement of Settlement.

38.     "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

39.     "Unknown Claims" means any and all Released Claims that any of the Plaintiffs or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor

at the time of the release of the Released Plaintiff Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties or might have affected his, her or its decision to enter into the Settlement, not object to the Settlement or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable) and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides that:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Defendants and Plaintiffs acknowledge, and every member of the Settlement Class by law and operation of the order and final judgment shall be

deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

40.     The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment reflecting such approval becoming Final; and (b) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

41.     For purposes of this Settlement only, the Parties agree to: (a) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class; (b) the appointment of Plaintiffs as Class Representatives for the Settlement Class; and (c) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

42.     Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member (whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund), and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims, including but not limited to any Unknown Claim, against each and every one of the Released Defendant Parties.

43.     Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member (whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund), and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors,

and assigns of each of them, in their capacity as such, shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims, including but not limited to any Unknown Claim, against each and every one of the Released Defendant Parties, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, either directly or indirectly, on their own behalf or on behalf of any class or other Person.

44.     Upon the Effective Date, Defendants, and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

45.     In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified above in ¶¶ 42–43, all of which the Parties agree are good and valuable consideration, Sogou shall cause the Settlement Amount to be paid into the Escrow Account within twenty business days of the later of (i) entry of the Preliminary Approval Order; or (ii) Lead Counsel's providing Sogou's Counsel wiring instructions for the Settlement Amount, the payee's Form W-9, and any other documents reasonably required by Sogou to process the payment of the Settlement Amount.

46.     With the sole exception of Sogou's obligation to cause the payment of the

Settlement Amount into the Escrow Account as provided for in ¶ 45, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

47.     Other than the obligation of Sogou to cause the payment of the Settlement Amount pursuant to ¶ 45, the Released Defendant Parties shall have no obligation to make any other payments into the Escrow Account, to Plaintiffs, or to any other Settlement Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

48.     The Settlement Fund shall be used to pay: (i) any Taxes; (ii) Notice and Administration Expenses; (iii) any attorneys' fees and expenses awarded by the Court; (iv) any costs and expenses allowed by the PSLRA and awarded to Plaintiffs by the Court; (v) any other fees and expenses awarded by the Court; and (vi) the claims of Authorized Claimants.

49.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶ 3 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this

Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

50.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 50, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur. Consistent with the foregoing:

a.     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including

without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraphs (b) and (c) of this paragraph 50.

b.      All Taxes shall be paid out of the Settlement Fund.  In all events, Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority.  In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.  Any Taxes or Tax expenses owed on any earnings on the Settlement Amount prior to its transfer to the Escrow Account shall be the sole responsibility of the entities that make the deposit.

c.      Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants, and Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties agree to cooperate with Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 50.

51.      This is not a claims-made settlement.  As of the Effective Date, Sogou and/or any other Person funding the Settlement on Sogou's behalf, shall not have any right to the return of

the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND EXPENSES

52.    Lead Counsel intends to apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including reimbursement to Lead Plaintiffs pursuant to the PSLRA, plus any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Lead Counsel further seeks a service award of up to $1,000 for each Plaintiff as compensation for his/her time and effort in representing the Class.  Defendants shall take no position with respect to the Fee and Expense Application.

53.    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses among themselves.

54.    Any payment of attorneys' fees and expenses shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  Lead Counsel shall make the appropriate refund or repayment in full no later than fourteen calendar days after receiving notice of the termination of the Settlement pursuant to this

Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

55.     With the sole exception of Sogou's obligation to cause payment of the Settlement Amount to be made into the Escrow Account as provided for in ¶ 45, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

56.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Lead Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

57.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

58.     The Released Defendant Parties or persons acting under their control shall not take any position as to any request for award of attorneys' fees, reimbursement of expenses, or awards to Plaintiffs or Lead Counsel.

59.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense

Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation.

## ADMINISTRATION EXPENSES

60. Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

61. Prior to the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may expend up to $250,000.00 from the Settlement Fund to pay Notice and Administration Expenses. Any monies from the Notice and Administration Expenses that remain after administration shall be returned to the Net Settlement Fund. Notice and Administration Expenses in excess of $250,000.00 shall not be paid out of the Gross Settlement Fund until after the Effective Date. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court. After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred. Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005, if any, at their own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

62. Lead Counsel will apply to the Court for a Distribution Order, on notice to Defendants' Counsel, approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred,

directing the payment of the Net Settlement Fund to Authorized Claimants.

63.     The Claims Administrator shall administer the Settlement under Lead Counsel's supervision in accordance with the terms of this Stipulation and subject to the jurisdiction of the Court.  The Released Defendant Parties shall have no responsibility for (except for Sogou's obligation as stated in ¶ 45 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator and shall have no liability to the Settlement Class in connection with such administration.

64.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation included in the Long Notice, or in such other plan of allocation as the Court may approve.

65.     Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation.  The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  The Released Defendant Parties shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

66.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks and who

would receive at least $10.00 from such redistribution.  Any balance that remains in the Net Settlement Fund after re-distribution(s) that is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to The Lawyers' Committee for Civil Rights Under Law.

**ADMINISTRATION OF THE SETTLEMENT**

67.     Any Settlement Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided for herein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties.

68.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be de minimis or formal or technical defects in any Proof of Claim submitted.  The Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Settlement Class Members.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

69.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Settlement Class Member shall be required to submit a Proof of Claim,

{00403127;1 }                                        -23-

substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.      All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, and specified in the Notice, unless Lead Counsel extends the deadline, subject to the Court ultimately approving the distribution to Settlement Class members, or by Order of the Court.  Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties.  Provided that it is received before the motion for the Distribution Order is filed, a Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  If submitted electronically at www.strategicclaims.net the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

c.      Each Proof of Claim shall be submitted to and reviewed by the Claims

Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court;

d. Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant notice of the deficiency and the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

e. If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

f. The determinations of the Claims Administrator accepting or rejecting disputed claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by

the Court in the Distribution Order.

70.     Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

71.     Payment pursuant to the Distribution Order shall be deemed final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties.

72.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

73.     No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in this section or any of its subsections, or otherwise

related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

74.     No Person shall have any claim against Plaintiffs, Lead Counsel, or the Claims Administrator, or other agents designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

75.     Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, inter alia, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

76.     Sogou shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, promptly upon filing of the motion for preliminary approval, the necessary information to ascertain the names and addresses of Persons who purchased or acquired Sogou publicly traded ADSs during the Class Period, as identified in the records maintained by Sogou's transfer agent.  Lead Counsel and the Claims Administrator shall use such information solely to effectuate this Settlement and shall in all events keep the information confidential and shall not distribute the information to anyone besides Lead Counsel and the Claims Administrator.

## TERMS OF THE FINAL ORDER AND JUDGMENT

77.     If the Court approves the Settlement this Stipulation memorializes, Lead Counsel

and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.  The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B that shall bar all future claims by any individual or entity against any of the Released Defendant Parties, and by the Released Defendant Parties against any individual or entity, for (a) contribution or indemnity (or any other claim, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that Person's actual or potential liability to Plaintiffs and/or members of the Settlement Class; provided, however, nothing herein shall: (1) preclude any of the Defendants from seeking to enforce the terms of any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any defense costs incurred in connection with the Action or the Settlement; or (2) release or alter any and all contractual rights arising under the terms of any written agreement (i) between or among the Underwriter Defendants, or (ii) between the Underwriter Defendants, on the one hand, and Sogou and/or Sohu.com Inc., on the other hand, or (iii) between the Individual Defendants, on the one hand, and Sogou and/ or Sohu.com Inc., on the other hand.  The Bar Order shall also provide that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

## EFFECTIVE DATE OF THE SETTLEMENT

78.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

a.      entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

b.      payment of the Settlement Amount into the Escrow Account;

c.      no Party has exercised its right to terminate the Settlement;

d.      approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

e.      the Court enters a Judgment, substantially in the form set forth in Exhibit B annexed hereto, that becomes Final.

## WAIVER OR TERMINATION

79.     Each of the Defendants or Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto, through counsel, within twenty (20) calendar days of: (a) a Court order rejecting, modifying or denying approval of this Settlement Stipulation or the proposed settlement, or any portion thereof that the terminating party in his, her or its sole judgment and discretion reasonably determines is material, including without limitation, the Settlement Amount, the findings of the Court, the definition of the Settlement Class, and/or the scope of the Released Claims or Bar Order; (b) the Effective Date of the Settlement not otherwise occurring for any reason except for Sogou's failure to meet its obligation regarding the Settlement Amount set forth in ¶ 45; or (c) any material term of the Settlement not being satisfied.

80.     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 45 of this Settlement Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants (other than in accordance with ¶¶ 79 and 81), shall have the right to (a) terminate the

Settlement and Settlement Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Settlement Stipulation and seek a judgment effecting the terms herein.

81.    In addition to the foregoing, Defendants shall also have the option to terminate the Settlement and render this Stipulation null and void as to all Parties if the aggregate number of allegedly damaged publicly traded Sogou securities purchased or acquired pursuant and/or traceable to the Registration Statement issued in connection with  the IPO by Persons who would otherwise be entitled to participate as members of the Settlement Class, but who timely and validly request exclusion from the Settlement Class, exceeds the threshold specified in a separate confidential Supplemental Agreement Regarding Requests for Exclusion between Lead Counsel and Defendants' Counsel ("Confidential Supplemental Agreement").  The Parties agree to maintain the confidentiality of the Confidential Supplemental Agreement, which shall not be filed with the Court unless ordered by the Court, nor shall the Confidential Supplemental Agreement otherwise be disclosed unless ordered by the Court.  In the event of a termination of this Settlement pursuant to the Confidential Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, except the provisions of ¶¶ 89-90which shall continue to apply.

82.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notice, Lead Counsel shall no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any

documentation accompanying it by e-mail.

83.     In addition to all of the rights and remedies that Plaintiffs have under the terms of this Stipulation, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 45, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

84.     If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of that Defendant and that Defendant and Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions immediately prior to September 13, 2020.  All releases and the Judgment as to other Defendants shall remain unaffected.

85.     Sogou warrants that at the time of payment of the Settlement Amount, it will not be insolvent, and payment will not render it insolvent, within the meaning of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

86.     If an option to terminate this Stipulation and Settlement arises under any of ¶¶ 79-81, 83, above: (i) neither Defendants nor Plaintiffs (as the case may be) will be required for any

reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Plaintiffs, respectively, as applicable.

87.    With the exception of the provisions of ¶¶ 89-90, which shall continue to apply, if the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to September 13, 2020, including any positions with respect to service or jurisdiction; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  Then, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of either Defendants or Plaintiffs, in any court filing, deposition, at trial, or otherwise.

88.    In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within ten business days after written notification of such event in accordance with instructions provided by Sogou's Counsel to Lead Counsel.  At the request of Sogou's Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

**NO ADMISSION**

89.     Except as set forth in ¶ 90, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a.     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b.     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

c.     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against

or to the prejudice of any of the Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

d. do not constitute, and shall not be construed against Defendants, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

e. do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

90. Notwithstanding ¶ 89 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

91. The exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits) and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

92.     The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties and their respective counsel agree not to contend that each has not complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

93.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

94.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

95.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

96.     The waiver by one Party of any breach of this Stipulation by any other Party shall

not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

97.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

98.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

99.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

100.    Pending final approval by the Court of the Stipulation and its attached exhibits, all proceedings in the Action shall remain stayed.

101.    All designations and agreements made, or orders entered in the Action relating to the confidentiality of documents or information shall survive this Stipulation.

102.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

103.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

104.    The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

105. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

106. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

107. The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

108. Notices required or permitted by this Stipulation shall be submitted by email and either by overnight mail or hand delivery as follows:

| Notice to Lead Plaintiff and Class Members: | Notice to Defendants: |
|---|---|
| Jacob A. Goldberg<br>The Rosen Law Firm, P.A.<br>101 Greenwood Avenue, Suite 440<br>Jenkintown, PA 19046<br><br>and<br><br>Shannon L. Hopkins<br>Levi & Korsinsky, LLP | Richard J. Rosensweig<br>Goulston & Storrs PC<br>400 Atlantic Avenue<br>Boston, MA 02110<br><br>and<br><br>Charlene S. Shimada<br>Morgan, Lewis & Bockius LLP |

| 1111 Summer Street, Suite 403<br>Stamford, CT 06905 | One Market, Spear Street Tower<br>San Francisco, CA 94105-1596 |
| --- | --- |

109.    Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of 16th day of November 2020.

_____

Defendant Tencent Holdings Limited

_____

Defendant Yuxin Ren

_____

Defendant Chi Ping Martin Lau

_____
Jacob A. Goldberg
**THE ROSEN LAW FIRMS PA**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities
Janice Lee, James (Xiufeng) Deng,

_____
Shannon L.Hopkins
**LEVI & KORSINSKY, LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities

_____
Jeremy Lieberman
Cara David
**POMERANTZ LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their individual
and representative capacities

_____
Richard J. Rosensweig
**GOULSTON & STORRS PC**
On Behalf of Defendants Sogou Inc.,
Sohu.com Inc., Xiaochuan Wang,
Charles (Chaoyang) Zhang, Joanna
(Yanfeng) Lu, Bin Gao, Joseph Chen,

_____
Charlene S. Shimada
**MORGAN, LEWIS & BOCKIUS LLP**
On Behalf of Defendants J.P. Morgan
Securities LLC, Credit Suisse Securities
(USA) LLC, Goldman Sachs (Asia)
L.L.C., and China International Capital
Corporation    Hong    Kong    Securities
Limited

_____
Defendant Donald J. Puglisi

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of ___th day of _____ 2020.

_____
Defendant Tencent Holdings Limited


_____
Defendant Yuxin Ren


_____
Defendant Chi Ping Martin Lau

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of ___th day of _____ 2020.

_____
Defendant Tencent Holdings Limited

_____
Defendant Yuxin Ren

_____
Defendant Chi Ping Martin Lau

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of ___th day of _____ 2020.

_____
Defendant Tencent Holdings Limited


_____
Defendant Yuxin Ren


_____
Defendant Chi Ping Martin Lau

Jacob A. Goldberg
**THE ROSEN LAW FIRMS PA**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities
Janice Lee, James (Xiufeng) Deng,

Richard J. Rosensweig
**GOULSTON & STORRS PC**
On Behalf of Defendants Sogou Inc.,
Sohu.com Inc., Xiaochuan Wang,
Charles (Chaoyang) Zhang, Joanna
(Yanfeng) Lu, Bin Gao, Joseph Chen,

Shannon L.Hopkins
**LEVI & KORSINSKY, LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities

Charlene S. Shimada
**MORGAN, LEWIS & BOCKIUS LLP**
On Behalf of Defendants J.P. Morgan
Securities LLC, Credit Suisse Securities
(USA) LLC, Goldman Sachs (Asia)
L.L.C., and China International Capital
Corporation  Hong  Kong  Securities
Limited

Jeremy Lieberman
Cara David
**POMERANTZ LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their individual
and representative capacities

Defendant Donald J. Puglisi

(004056110-1 1

Jacob A. Goldberg
**THE ROSEN LAW FIRMS PA**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities
Janice Lee, James (Xiufeng) Deng,

Richard J. Rosensweig
**GOULSTON & STORRS PC**
On Behalf of Defendants Sogou Inc.,
Sohu.com Inc., Xiaochuan Wang,
Charles (Chaoyang) Zhang, Joanna
(Yanfeng) Lu, Bin Gao, Joseph Chen,

Shannon L.Hopkins
**LEVI & KORSINSKY, LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities

Charlene S. Shimada
**MORGAN, LEWIS & BOCKIUS LLP**
On Behalf of Defendants J.P. Morgan
Securities LLC, Credit Suisse Securities
(USA) LLC, Goldman Sachs (Asia)
L.L.C., and China International Capital
Corporation Hong Kong Securities
Limited

Jeremy Lieberman
Cara David
**POMERANTZ LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their individual
and representative capacities

Defendant Donald J. Puglisi

Jacob A. Goldberg
**THE ROSEN LAW FIRMS PA**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities
Janice Lee, James (Xiufeng) Deng,

Richard J. Rosensweig
**GOULSTON & STORRS PC**
On Behalf of Defendants Sogou Inc.,
Sohu.com Inc., Xiaochuan Wang,
Charles (Chaoyang) Zhang, Joanna
(Yanfeng) Lu, Bin Gao, Joseph Chen,

Shannon L.Hopkins
**LEVI & KORSINSKY, LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities

Charlene S. Shimada
Charlene S. Shimada
**MORGAN, LEWIS & BOCKIUS LLP**
On Behalf of Defendants J.P. Morgan
Securities LLC, Credit Suisse Securities
(USA) LLC, Goldman Sachs (Asia)
L.L.C., and China International Capital
Corporation    Hong    Kong    Securities
Limited

Jeremy Lieberman
Cara David
**POMERANTZ LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their individual
and representative capacities

Defendant Donald J. Puglisi

Jacob A. Goldberg
**THE ROSEN LAW FIRMS PA**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities
Janice Lee, James (Xiufeng) Deng,

Richard J. Rosensweig
**GOULSTON & STORRS PC**
On Behalf of Defendants Sogou Inc.,
Sohu.com Inc., Xiaochuan Wang,
Charles (Chaoyang) Zhang, Joanna
(Yanfeng) Lu, Bin Gao, Joseph Chen,

Shannon L.Hopkins
**LEVI & KORSINSKY, LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their
individual and representative capacities

Charlene S. Shimada
**MORGAN, LEWIS & BOCKIUS LLP**
On Behalf of Defendants J.P. Morgan
Securities LLC, Credit Suisse Securities
(USA) LLC, Goldman Sachs (Asia)
L.L.C., and China International Capital
Corporation Hong Kong Securities
Limited

Jeremy Lieberman
Cara David
**POMERANTZ LLP**
On Behalf of Lead Plaintiffs Lizhen Zhang,
Juean Xu, Yuehua Ding, Maggie Xu,
Mark S. Frater, and Ketan Patel in their individual
and representative capacities

Defendant Donald J. Puglisi