**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>                       Plaintiffs,<br><br>    vs.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>                      Defendants. | No. 1:19-cv-00230-LJL |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

{00403124:1 }

**[Exhibit A to**
**the Stipulation and Agreement of Settlement, dated November \_\_\_, 2020]**

**THIS CAUSE** came before the Court on the Motion for Preliminary Approval of Class Action Settlement. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A.      On November \_, 2020, (i) lead plaintiffs Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (ii) Sogou Inc. ("Sogou" or the "Company"), Sohu.com Inc., Tencent Holdings Limited, Xiaochuan Wang, Charles (Chaoyang) Zhang, Yuxin Ren, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, Janice Lee, James (Xiufeng) Deng, Chi Ping Martin Lau, Donald J. Puglisi, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited (together, "Defendants," and collectively with Plaintiffs, "Parties") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and for the dismissal of the action with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      All the Parties in the Action have consented to the entry of this Order; and

D.      All capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, this \_\_\_\_ day of _____, 2020 that:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and Settlement set forth therein as fair, reasonable, and adequate under Federal Rule

of Civil Procedure 23(e)(2) and be able to find that the class representatives and class counsel have adequately represented the class, the proposal was negotiated at arm's length and in good faith, the relief provided for the class is adequate, and the proposal treats class members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities that purchased or otherwise acquired Sogou ADSs pursuant and/or traceable to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and were damaged thereby.  Excluded from the Settlement Class are Defendants, Sogou's officers and directors and their immediate family members, Sohu's officers and directors and their immediate family members, Tencent's officers and directors and their immediate family members, and entities in which such excluded persons hold a majority ownership interest.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

3.    The Court finds and preliminarily concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class Members;

(c)    the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d)    Plaintiffs, Lead Counsel and Additional Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)    the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.     Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, Plaintiffs are preliminarily certified as Class Representatives for the Settlement Class.  The Rosen Law Firm P.A. and Levi & Korsinsky, LLP are preliminarily appointed Class Counsel for the Settlement Class.

5.     A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23 is hereby scheduled to be held before the Court, either in person, telephonically, or via videoconference at the Court's discretion, on _____, 20__, at __:____ _.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiffs should be finally certified as Class Representative for the Settlement Class; whether The Rosen Law Firm P.A. and Levi & Korsinsky, LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Plaintiffs for reimbursement of their reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")) and application for a service fee award for Plaintiffs; and

(f)    to rule upon such other matters relating to the Settlement as may properly be before the Court.

6.    The Court may approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further may enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically or via videoconference, or modify any of the dates herein, without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.    Lead Counsel has the authority to enter into the Stipulation on behalf of Plaintiffs and the Settlement Class, and is authorized to act on behalf of Plaintiff and the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

8.    The Court approves the mailing of the Postcard Notice, in substantially the same form as set forth in Exhibit 3 to the Stipulation, or an e-mail with the Long Notice and Claim Form, in substantially the same form as set forth in Exhibits 1 and 2 to the Stipulation, respectively.

9.    The Court approves the retention of Strategic Claims Services as the Claims Administrator.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit 3, to be mailed, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Sogou shall provide, or cause to be provided, to Lead Counsel

or the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, promptly upon filing of the motion for preliminary approval, the necessary information to ascertain the names and addresses of Persons who purchased or acquired Sogou publicly traded ADSs during the Class Period, as identified in the records maintained by Sogou's transfer agent.  Lead Counsel and the Claims Administrator shall use such information solely to effectuate this Settlement and shall in all events keep the information confidential and shall not distribute the information to anyone besides Lead Counsel and the Claims Administrator.

10.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Sogou ADSs during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL WITHIN TEN (10) CALENDAR DAYS of receipt of the Long Notice and Claim Form from the Claims Administrator, EITHER: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners; (b) provide a list of the names, addresses, and email addresses (to the extent that email addresses are available) of all such beneficial owners to the Claims Administrator, and the Claims Administrator is ordered to send the electronic Long Notice and Claim Form by email to those beneficial owners for whom a valid email address is available, or the Postcard Notice to those beneficial owners for whom emails are not available, promptly to such identified beneficial owners; or (c) request an electronic copy of the Summary Notice from the Claims Administrator, which will be provided free of charge, and WITHIN TEN (10) CALENDAR DAYS of receipt of the electronic Summary Notice, email the electronic Summary Notice to directly to all such persons or entities, provided valid email addresses are available.  Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Nominees may seek payment of the reasonable expenses actually incurred

in complying with this Order, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation of the expenses for which the Nominee seeks reimbursement. Such properly documented expenses incurred by nominees in compliance with this Order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

11.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice and e-mailing of the Notice and Claim Form.

12.     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement and the Motion for Attorneys' Fees and Expenses for Publication ("Summary Notice") in the form annexed hereto as Exhibit 4, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *GlobeNewswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

13.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

        (a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the address indicated in the

Notice, postmarked no later than five (5) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this Order.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely submitted Claim Form, the Claims Administrator shall determine, based upon the Settlement Class definition and the Plan of Allocation, whether such claim is valid, deficient or rejected, subject to the supervision of Lead Counsel and the approval of the Court. For each claim determined to be

either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

15.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

16.    Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, including this Preliminary Approval Order, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  Persons wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received by the Claims Administrator no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou Inc., et al.*, No. 1:19-cv-00230-LJL (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also required to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Sogou ADSs during the Class Period and information specified in the Notice concerning any shares held at the beginning, or at the end of the Class Period.  The request for exclusion shall not be valid and effective unless it provides the required information, including the information required in the Notice, and is received by the deadline stated above.

17.    Persons requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice. Upon the receipt by the Claims Administrator of any request for exclusion pursuant to the Notice

(whether or not such request is timely), Lead Counsel shall promptly, and in no event no later than five (5) business days after the Claims Administrator has received the request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and, by email, provide copies to Defendants' Counsel of such request for exclusion and any documentation accompanying it.

18.    The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has filed with the Court and served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Jacob Goldberg, The Rosen Law Firm P.A., 101 Greenwood Avenue, Suite 440, Jenkintown, PA 19046 and Shannon Hopkins, Levi & Korsinsky LLP, 1111 Summer Street, Suite 403, Stamford, CT 06905; and Defendants' Counsel: Richard J. Rosensweig, Goulston & Storrs PC, counsel for the Sogou Defendants, 400 Atlantic Avenue, Boston, MA 02110, and Charlene S. Shimada, Morgan, Lewis & Bockius LLP, counsel for the Underwriter Defendants, One Market, Spear Street Tower, San Francisco, CA 94105.

19.    Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement

Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.     Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

22.     As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $250,000 without further approval from Defendants and without further order of the Court.

23.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.     No person who is not a Settlement Class Member or counsel to the Settlement Class shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation or further order of the Court.

26.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or

Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

27.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 13, 2020. Further, within seven (7) business days of the Settlement failing to become effective as defined in the Stipulation or notice of the Settlement being terminated, all monies then held in the escrow account, including interest earned but less any costs or expenses properly incurred and approved by the Court as set forth in the Stipulation, shall be returned to Sogou. Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments. Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to Sogou.

28.    All proceedings in the Action are stayed other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

29.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 20__

BY THE COURT:

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE
