**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>          Defendants. | No. 1:19-cv-00230-LJL |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**IF YOU PURCHASED OR OTHERWISE ACQUIRED SOGOU INC. ("SOGOU") AMERICAN DEPOSITARY SHARES ("ADSs") BETWEEN NOVEMBER 9, 2017 AND MARCH 14, 2018, PURSUANT AND/OR TRACEABLE TO SOGOU'S REGISTRATION STATEMENT ISSUED IN CONNECTION WITH THE COMPANY'S NOVEMBER 9, 2017 IPO, AND WERE DAMAGED THEREBY, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and award to Plaintiff. This Notice describes important rights you may have

and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $1,450,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by the Court-Appointed Lead Plaintiffs Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel ("Plaintiffs") that have been asserted on behalf of the proposed Settlement Class against Sogou Inc. ("Sogou," or "the Company"), Sohu.com Inc., Tencent Holdings Limited, Xiaochuan Wang, Charles (Chaoyang) Zhang, Yuxin Ren, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, Janice Lee, James (Xiufeng) Deng, Chi Ping Martin Lau, Donald J. Puglisi, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited (together, "Defendants," and collectively with Plaintiffs, "Parties").

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2021** | The <u>only</u> way to get a payment.  *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2021** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants or the other Released Defendant Parties concerning the Released Claims.  *See* Question 11 below for details. |
| **OBJECT BY _____, 2021** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application.  If you object, you will still be a member of the Settlement Class.  *See* Question 15 below for details. |
| **GO TO A HEARING ON _____, 2021 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2020** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your |

---

[1]    All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated _____, 2020 (the "Stipulation") .

| | own individual action. |
| --- | --- |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Proof of Claim and Release forms ("Claim Forms") if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

**SUMMARY OF THE NOTICE**

**Statement of the Settlement Class's Recovery**

1.      Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $1,450,000 (the "Settlement Amount"), which will be deposited into an Escrow Account, which may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan").  The proposed Plan of Allocation is set forth on page 18 below.

**Estimate of Average Amount of Recovery Per Share**

2.      Based on Plaintiffs' consulting damages expert's estimate of the number of ADSs of Sogou eligible to participate in the Settlement, and assuming that all such investors eligible to participate do so, Plaintiffs estimate that the average recovery would be approximately $___ per allegedly damaged ADS (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses).  If the Court approves the Fee and Expense Application (discussed below), the average recovery would be

approximately $\_\_ per allegedly damaged ADS.[2]  **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.**  An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or otherwise acquired Sogou ADSs ; and (iv) whether and when the Settlement Class Member sold the securities.  *See* the Plan of Allocation beginning on page 18 for information on the calculation of your Recognized Claim.

**<u>Statement of Potential Outcome of Case if the Action Continued to be Litigated</u>**

3.      The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Plaintiffs were to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (i) whether the statements allegedly made or facts allegedly omitted were false or misleading, material, or otherwise actionable under the federal securities laws; and (ii) the amount by which the IPO price of Sogou ADSs was allegedly artificially inflated (if at all);

4.      Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of rule, regulation, or law, and deny that Plaintiffs and the Settlement Class suffered damages or were otherwise harmed by the conduct alleged in the Action.  While Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

---

[2] An allegedly damaged ADS might have been traded, and potentially damaged, more than once, and the average recovery indicated above represents the estimated average recovery for each ADS that allegedly incurred damages.

**Statement of Attorneys' Fees and Expenses Sought**

5.      Lead Counsel, on behalf of themselves and Additional Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred by all counsel in prosecuting the Action in an amount not to exceed $____, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class. Plaintiffs will also seek payment of an award not to exceed $1,000 to each Plaintiff as compensation for his/her time and effort representing the Class.  If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all ADSs eligible to participate in the Settlement, will be approximately $____ per allegedly damaged Sogou ADS.  A copy of the Fee and Expense Application will be posted on www.strategicclaims.net after it has been filed with the Court.

**Reasons for the Settlement**

6.      For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This case was dismissed in the Court and Plaintiffs were in the process of appealing that decision.  The Second Circuit reverses infrequently.  Even if Plaintiffs succeeded in the appeal, the guaranteed cash benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the other anticipated motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons

for entering into the Settlement are to avoid the further expense, inconvenience, and burden of this Action, and the distraction and diversion of personnel and resources.

**Identification of Attorneys' Representatives**

7.    Plaintiffs and the Settlement Class are represented by Lead Counsel, The Rosen Law Firm, P.A., Jacob Goldberg, 101 Greenwood Avenue, Suite 440, Jenkintown, PA 19046, www.rosenlegal.com, 215-686-2817; and Levi & Korsinsky LLP, Shannon Hopkins, 1111 Summer Street, Suite 403, Stamford, CT 06905, www.zlk.com, 203-992-4523.

8.    Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Luo v. Sogou Inc., et al. (Securities Litigation), c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; toll-free: (866) 274-4004; fax: (610) 565-7985; email: info@strategicclaims.net, or Lead Counsel, or visiting the Settlement website at www.strategicclaims.net.

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

**BASIC INFORMATION**

| 1. Why did I get this Notice? |
| --- |

9.    You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Sogou ADSs pursuant and/or traceable to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 Initial Public Offering ("IPO"), and may be a Settlement Class Member. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.** *See* **Question 8 below.**

10.    The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing"). *See* Question 17 below for details about the Settlement Hearing, including the date and location of the hearing.

11.    The Court in charge of the Action is the United States District Court for the Southern District of New York. The Action is assigned to the Honorable Lewis J. Liman, United States District Judge.

| 2. What is this case about and what has happened so far? |
| --- |

12.    Sogou is an Internet search company incorporated in the Cayman Islands in December 2005 by Sohu.com Inc. ("Sohu"). Sogou is a subsidiary of Sohu and is based in Beijing,

the People's Republic of China ("PRC"). Plaintiffs alleged that the Offering Documents were materially misleading because they failed to disclose that Sogou's controls over advertising contents were materially inadequate to meet its obligations to review the content and prevent violations of PRC content laws and regulations and failed to describe accurately Sogou's smart hardware or that Sogou had changed strategies in a way that would adversely impact revenue and earnings within a year from the IPO.

13.    On July 30, 2018, Sogou announced its financial and operating results for the second quarter of 2018, and provided guidance for the third quarter 2018 financial results. Sogou stated its guidance reflected the impact on operations and financial results due to an investigation by Chinese regulatory authorities and the implementation of "remedial measures," including a ten-day suspension of part of its advertising business that was "expected to result in a one-time reduction in revenues in the third quarter of 2018."  Sogou also disclosed that it was "phas[ing] out hardware products that are not AI-enabled . . . and transition[ing] to products that integrate the Company's leading AI technologies," and that Sogou expected this "would result in a reduction in hardware revenues in the second half of 2018."  Sogou also disclosed that it was expecting "lower hardware sales following the adjustment of the RMB [Chinese Yuan]" in the third quarter of 2018. Ultimately, the Company's inventory of certain smart hardware products was impaired.  The reduction in revenue from and the inventory impairment of Sogou's smart hardware impacted the Company's financial results for the second half of 2018. Plaintiffs allege that they and the putative class were damaged by the decline in Sogou's ADS price upon the July 30, 2018 disclosures.

14.    On January 9, 2019, this Action was filed in the United States District Court for the Southern District of New York on behalf of all investors who purchased or acquired ADSs pursuant and/or traceable to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and were damaged thereby. On April 2, 2019, the Court issued

an order appointing Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel as lead plaintiffs and appointing Levi & Korsinsky and Rosen Law as co-lead counsel ("Lead Counsel").

15.     Plaintiffs filed the operative Third Amended Class Action Complaint for Violations of the Federal Securities Laws on October 22, 2019 ("Amended Complaint"), alleging violations of §§ 11 and 15 of the Securities Act of 1933 ("Securities Act") on behalf of a class of all Persons who purchased or otherwise acquired Sogou American Depository Shares ("ADSs") pursuant and/or traceable to Sogou's registration statement and prospectus ("Registration Statement") issued in connection with the Company's November 9, 2017 initial public offering.

16.     All Defendants upon whom Plaintiffs had completed service timely moved to dismiss the Amended Complaint and filed a request for judicial notice in support of their motions to dismiss. After full briefing and a hearing, on June 8, 2020, the Court granted Defendants' motion to dismiss without leave to amend.  On June 10, 2020, the Court entered judgment against Plaintiffs, and on July 9, 2020, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Second Circuit.

17.     While Plaintiffs' appeal was pending, the Parties engaged in arm's length negotiations and ultimately reached an agreement in principle to settle this Action on September 13, 2020.

18.     Plaintiffs, through Lead Counsel, represent that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports

issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Lead Counsel also consulted with experts on damages and negative causation issues.

### 3. Why is this a class action?

19.    In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

### 4. What are the reasons for the Settlement?

20.    The Court granted Defendants' motions to dismiss this Action.  Plaintiffs were appealing that decision when both sides agreed to a settlement that will end the Action.  Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  However, Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

21.    Defendants have denied and continue to deny any wrongdoing or that they committed any act or omission giving rise to any liability or violation of any rule, regulation, or law, including the U.S. securities laws.  Defendants have denied and continue to deny each and every one of the claims alleged by Plaintiffs in the Action on behalf of the proposed class, including

all claims in the Complaint.  Defendants also have denied, and continue to deny, *inter alia*, the allegations that Plaintiffs or any member of the proposed class suffered damages or were otherwise harmed by the conduct alleged in the Action. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal or release of the Action and the Released Claims.

| **5. How do I know if I am part of the Settlement Class?** |
|---|

22.    The Court directed, only for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):  ***all persons and entities who purchased or otherwise acquired Sogou ADSs from November 9, 2017 through March 14, 2018, pursuant and/or traceable to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and were damaged thereby.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.***

23.    Receipt of this Notice does not mean that you are a Settlement Class Member.  The Parties do not have access to your transactions in Sogou ADSs.  Please check your records or contact your broker to see if you are a member of the Settlement Class.

| **6. Are there exceptions to the definition of the Settlement Class and to being included?** |
|---|

24.    Yes.  There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are Defendants, Sogou's officers and directors and their immediate family members, Sohu's officers and directors and their

immediate family members, Tencent's officers and directors and their immediate family members, and entities in which such excluded persons hold a majority ownership interest. Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

25.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Sogou, on behalf of itself and the other Defendants, has agreed to create a $1,450,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8. How can I receive a payment?

26.     To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You can also obtain a Claim Form from the website dedicated to the Settlement: www.strategicclaims.net. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004 or emailing info@strategicclaims.net. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2021.**

---

**9.  When will I receive my payment?**

---

27.    The Court will hold a Settlement Hearing on _____, **2021** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

---

**10.  What am I giving up to receive a payment or stay in the Settlement Class?**

---

28.    If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)    **"Released Claims"** means any and all claims, demands, losses, rights, and causes of action of every nature and description, that have been or could have been asserted in this Action or in any other action, or could in the future be asserted in any forum, whether known or Unknown Claims, whether arising under federal, state, common, or foreign law, by Plaintiffs or any other members of the Settlement Class or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or any other Person, against any of the Released Defendant Parties, that (a) arise out of, are based upon, or relate  in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action, or which could have been alleged in this Action, or (b) arise out of, are based upon, or relate  in any way to the purchase, acquisition, holding, sale, or disposition of any Sogou securities acquired pursuant and/or traceable to the Registration Statement.  For the avoidance of doubt, Released Claims includes the claims alleged as of the date of this Stipulation in the Consolidated San Mateo Action.

(b)    "**Released Defendants' Claims**" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

(c)    "**Released Defendant Parties**" means (i) Defendants; (ii) their present and former parents, subsidiaries, divisions, departments, affiliates, and controlling shareholders; (iii) for each and every Person referenced in parts (i) and (ii), their present and former officers, directors, employees, and contractors; (iv) for each and every Person listed in parts (i) through (iii), their present and former auditors, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, trustees, general or limited partners or partnerships, and limited liability companies; and (v) the spouses, members of the immediate families, representatives, and heirs of any Released Defendant Parties who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members.

(d)    "**Unknown Claims**" means any and all Released Claims that any of the Plaintiffs or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties or might have affected his, her or its decision to enter into the Settlement, not object to the Settlement or not exclude himself, herself or itself from the Settlement Class. With respect to any and all Released

Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable) and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides that:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Defendants and Plaintiffs acknowledge, and every member of the Settlement Class by law and operation of the order and final judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

29.    If you remain a member of the Settlement Class, all of the Court's orders, including the Preliminary Approval Order, whether favorable or unfavorable, will apply to you and legally

bind you. Pursuant to the Preliminary Approval Order, pending final determination of whether the Settlement should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, are enjoined from instituting, commencing or prosecuting any action that asserts any of the Released Claims as respectively specified and described in the Stipulation, against any of the Released Defendant Parties.

30. As of the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members and Lead Counsel from the Released Defendants' claims.

31. A substantially similar action is currently pending in the Superior Court of the State of California County of San Mateo, Docket No. 18CIV06699 (Cal. Super. Ct. Dec 14, 2018) (the "California Litigation"), against the Defendants in this action other than Chi Ping Martin Lau and Donald J. Puglisi. The California Litigation includes substantially similar allegations that Sogou failed to disclose that it intended to adjust its smart hardware strategy to phase out non-AI enabled products and that its advertising and audit procedures were inadequate to ensure compliance with relevant Chinese regulations, as well as other allegations that Sogou failed to disclose that partnerships and acquisitions inflated its revenue growth artificially and that increases in traffic acquisition costs was exponentially increasing its costs of revenue. The California Litigation asserts claims based on Section 11 and Section 15 of the Securities Act. Defendants specially appeared in the California Litigation and moved to quash service of summons for lack of personal jurisdiction, or, in the alternative, to stay or dismiss the California Litigation in favor of this Action on the grounds (among others) that the claims alleged lacked any substantial connection to California. On October 7, 2019, the California court stayed the California Litigation in favor of this Action. On November 4, 2020, plaintiffs in the California Litigation filed a Motion

to Lift the Stay.

32.    The Settlement of this Action would, if approved, result in the release of all claims asserted in the California Litigation, and both plaintiffs and members of the putative class in the California Litigation are members of the Settlement Class who may either request exclusion or participate in the Settlement Class by objecting to the Settlement and/or filing a proof of claim.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

33.    If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal.  Also, Defendants may terminate the Settlement if Persons who purchased in excess of a certain amount of shares of Sogou ADSs seek exclusion from the Settlement Class.**

| **11. How do I exclude myself from the Settlement Class?** |
| --- |

34.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou Inc., et al.*, No. 1:19-cv-00230-LJL (S.D.N.Y.)." **You cannot exclude yourself by telephone or e-mail.**  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of Sogou ADSs the person or entity purchased, acquired, and sold during the period from November 9, 2017 through March 14, 2018, inclusive, as well as the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the person or entity requesting

exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than _____, _____,** to the Claims Administrator:

EXCLUSIONS – Luo v. Sogou Inc., et al. (Securities Litigation)

c/o Strategic Claims Services

600 N. Jackson St., Suite 205

P.O. Box 230

Media, PA 19063

**Your exclusion request must comply with these requirements in order to be valid.**

35.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

| **13. Do I have a lawyer in this case?** |
| --- |

36.    The Court appointed the law firms of The Rosen Law Firm P.A. and Levi & Korsinsky LLP to represent all Settlement Class Members.  These lawyers are called "Lead Counsel."  Pomerantz LLP is also serving as "Additional Counsel." You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Counsel' and Additional Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**14. How will the lawyers be paid?**

---

37.     Neither Lead Counsel nor Additional Counsel have received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses.  Lead Counsel will ask the Court to award attorneys' fees of no more than 25% of the Settlement Fund, which will include any accrued interest.   Pomerantz LLP will share its fee with HAO Law Firm.  No other attorneys will share in the fees awarded by the Court.  Lead Counsel will also seek payment of litigation expenses incurred by all counsel in the prosecution of the Action of no more than $_____, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses of Plaintiffs directly related to its representation of the Settlement Class.  Lead Counsel also seeks payment of an award not to exceed $1,000 for each Plaintiff as compensation for his/her time and effort in representing the Class.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

---

**15. How do I tell the Court that I do not like something about the proposed Settlement?**

---

38.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the Fee and Expense Application.  You can ask the Court not to approve the Settlement.  However, you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement.  If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

39.     To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application in "*Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou Inc., et al.*, No. 1:19-cv-

00230-LJL (S.D.N.Y.)." Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of Sogou ADSs the person or entity purchased, as well as the dates and prices of each such purchase. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than _____, 2021 and** be mailed or delivered to each of the following counsel so that it is **received no later than _____, 2021:**

| **Court** | **Lead Counsel** | **Defendants' Counsel Representatives** |
|---|---|---|
| Clerk of the Court | The Rosen Law Firm P.A. | Goulston & Storrs PC |
| United States District Court Southern District of New York Daniel Patrick Moynihan United States Courthouse 500 Pearl St. New York, NY 10007 | Jacob A. Goldberg 101 Greenwood Avenue, Suite 440 Jenkintown, PA 19046 | Richard J. Rosensweig 400 Atlantic Avenue Boston, MA 02110 |
| | and | and |
| | Levi & Korsinsky LLP | Morgan, Lewis & Bockius LLP |
| | Shannon Hopkins 1111 Summer St., Ste. 403 Stamford, CT 06905 | Charlene S. Shimada One Market, Spear Street Tower San Francisco, CA 94105 |

---

**16. What is the difference between objecting and seeking exclusion?**

---

40.     Objecting is telling the Court that you do not like something about the proposed

Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still

recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If

you exclude yourself from the Settlement Class, you have no basis to object because the Settlement

and the Action no longer affect you.

## THE SETTLEMENT HEARING

---

**17. When and where will the Court decide whether to approve the proposed Settlement?**

---

41.     The Court will hold the Settlement Hearing on _____, _____ at ____

**_.m.**, in Courtroom 15 C of the United States District Court for the Southern District of New

York, Daniel Patrick Moynihan, United States Courthouse, 500 Pearl St., New York, NY 10007.

At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable and

adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and

should be approved; (iii) Lead Counsel's Fee and Expense Application is reasonable and should

be approved; and (iv) Plaintiffs' request for a service award is reasonable and should be

approved.  The Court will take into consideration any written objections filed in accordance with

the instructions in Question 15 above.

42.     You should be aware that the Court may change the date and time of the Settlement

Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class

Members.  If you want to attend the hearing, you should check the Settlement website at

www.strategicclaims.net to see if the Settlement Hearing stays as calendared or is changed.

Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for

{00403128;1 }
4839-9820-8208, v. 1

updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

| 18. **Do I have to come to the Settlement Hearing?** |
|---|

43.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2021.**

| 19. **May I speak at the Settlement Hearing?** |
|---|

44.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 15), **no later than _____ __, 2021**, a statement that you, or your attorney, intend to appear in "*Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou, Inc., et al.*, No. 1:19-cv-00230-LJL (S.D.N.Y.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

**IF YOU DO NOTHING**

---

**20.  What happens if I do nothing at all?**

---

45.      If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue or be part of any other lawsuit against Defendants and the other Released Defendants' Parties concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

**GETTING MORE INFORMATION**

---

**21.  Are there more details about the Settlement?**

---

46.      This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than _____, 2021 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

47.      You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Southern District of New York, 500 Pearl St., New York, NY 10007, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

48.     You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (866) 274-4004; writing to the Claims Administrator at *Luo v. Sogou Inc., et al.* (Securities Litigation), c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; or visiting the website dedicated to the Settlement, www.strategicclaims.net.

**Please do not call the Court with questions about the Settlement.**

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND

| **22.  How will my claim be calculated?** |
| --- |

49.     As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund.  The Settlement Fund, after the deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net.

50.     To design the Plan of Allocation, Lead Counsel have conferred with Plaintiffs' consulting damages expert.  The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses

as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amounts that will actually be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

51.    The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the

initial distribution; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.   If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  Recognized Losses will be calculated as follows:

For Sogou ADSs purchased or otherwise acquired November 9, 2017 through March 14, 2018[3], inclusive, pursuant and/or traceable to the Initial Public Offering (IPO) on November 9, 2017, the Recognized Loss shall be calculated as follows:

A.    For each Sogou ADS sold on or before the close of trading on March 14, 2018, the Recognized Loss per share is the lesser of: (1) the purchase price per ADS, not to exceed the IPO price of $13.00 per ADS, less the sale price per ADS; or (2) $1.40 per ADS[4].

---

[3] After March 14, 2018, shares are no longer traceable.

[4] This represents the expert's estimate of the maximum inflation per share.

B.      For each Sogou ADS held as of the close of trading on March 14, 2018, the Recognized Loss is $1.40 per ADS.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Sogou ADSs shall not be deemed a purchase, acquisition or sale of Sogou ADSs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of Sogou ADSs during the time period from November 9, 2017 through and including March 14, 2018.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Cash Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Cash Settlement Amount, will be barred from

making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

52.     If you purchased or otherwise acquired Sogou ADSs pursuant and/or traceable to the Sogou IPO for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners; (b) provide a list of the names, addresses, and email addresses (to the extent that email addresses are available) of all such beneficial owners to the Claims Administrator, and the Claims Administrator is ordered to send the electronic Long Notice by email to those beneficial owners for whom a valid email address is available, or the Postcard Notice to those beneficial owners for whom emails are not available, promptly to such identified beneficial owners; or (c) request an electronic copy of the Summary Notice from the Claims Administrator, which will be provided to you free of charge, and WITHIN TEN (10) CALENDAR DAYS of receipt of the electronic Summary Notice, email the electronic Summary Notice to directly to all such persons or entities, provided valid email addresses are available.  If you choose follow procedure (a) or (c), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  All communications concerning the foregoing should be addressed to the Claims Administrator: Luo v. Sogou Inc., et al. (Securities Litigation), c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; toll-free; (866) 274-4004; fax: (610) 565-7985; email: info@strategicclaims.net. Nominees may seek

payment of the reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation of the expenses for which the Nominee seeks reimbursement. Such properly documented expenses incurred by nominees in compliance with this Order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

Dated: _____, 2020                BY ORDER OF THE UNITED STATES
                                                DISTRICT COURT FOR THE
                                                SOUTHERN DISTRICT OF NEW YORK

{00403128;1 }
4839-9820-8208, v. 1