

Jacob A. Goldberg, Esq.
jgoldberg@rosenlegal.com

December 4, 2020

**VIA ECF**

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> **Re:** *Luo v. Sogou Inc. et al,.*
> <u>Case No. 1:19-cv-00230-LJL</u>

Dear Judge Liman:

We represent Lead Plaintiffs in this securities class action. On behalf of my colleagues at Levi & Korsinsky, LLP and Pomerantz, LLP, we write concerning the Court's questions at the November 25, 2020 hearing on Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Dkt. No. 93, *et seq*.

After conferring with Defendants, we have revised the Settlement Stipulation and supporting documents to reflect our collective responses, addressing the Court's concerns. We present for the Court's consideration both redlined and clean copies of the Stipulation of Settlement, the Proposed Preliminary Approval Order, the Long Form Notice, the Proof of Claim Form, the Postcard Notice, the Summary Notice, and the Proposed Final Approval Order. In addition, we attach for the Court's consideration the Declaration of Paul Mulholland Regarding Administration Costs and Notice and Claims Administration Procedures ("Mulholland Decl.").[1] Mr. Mulholland is the President of Strategic Claims Services, the claims administration firm Plaintiffs have designated to provide the Settlement Class with notice and to administer the Settlement.

We have revised the definition of the Settlement Class. The Court expressed concern that the definition of the Settlement Class might confuse investors who may potentially participate. To address the Court's concerns, the Stipulation of Settlement defines Settlement Class as:

> all persons and entities that purchased or otherwise acquired Sogou
> ADSs pursuant and/or traceable to Sogou's Registration Statement

---

[1] We cite to the Mulholland Decl. as "¶__."

issued in connection with the IPO and were damaged thereby. This includes all persons and entities that (i) purchased or otherwise acquired Sogou ADSs pursuant to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and/or (ii) purchased or otherwise acquired Sogou publicly-traded ADSs between November 9, 2017 and March 14, 2018 and suffered damages as a result of such purchase(s).

Further, the Long Form Notice invites potential Settlement Class members to review the Notice

If you (i) purchased or otherwise acquired Sogou Inc. ("Sogou") American Depositary Shares ("ADSs") pursuant to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and/or (ii) purchased or otherwise acquired publicly-traded Sogou ADSs between November 9, 2017 and March 14, 2018, and if you suffered damages as a result of such purchase(s), you may be entitled to a payment from a class action settlement.

Together, we and Defendants agreed that these definitions more clearly explain who may submit a claim, establishing the boundaries of the Class with better precision. We have conformed this definition in all material respects across the several supporting documents.

Next, we have disclosed the impact of the Settlement upon the currently pending California state court action with specificity. The new paragraphs in the Long Form Notice clarify that the Settlement releases all claims in the California action. In particular, the Long Form Notice states, "[t]he Settlement of this Action will, if approved, result in the release of all claims asserted in the Consolidated San Mateo Action, except for the claims of any plaintiff in that action who opts out of the Settlement." The text also warns of the potential pitfalls of requesting exclusion from the Settlement Class.

More, the Court expressed concern about maintaining tighter control over the costs of notice and administration, reducing the amount of costs Strategic Claims Services may incur before requiring Court approval for additional payment. Plaintiffs sought approval for up to $250,000 in notice and administration costs without requiring court approval for additional expenses. We refer you to the Mulholland Decl. in which Strategic Claims Services describes the process of both notice and administration, ¶¶5-21, estimating for this case the costs associated with notice and seeking approval for that amount. ¶22 (estimating approximately $80,000 in notice costs, assuming approval of postcard notice). Next Strategic Claims Services anticipates that it will receive approximately 60% of claims in the two weeks preceding the claims filing deadline. *Id.* As such, it has broken into two phases the administration costs. *Id.* Plaintiffs, therefore, seek pre-approval of $143,000, consisting of $80,000 in notice costs, $60,000 in claims administration costs, and $3,000 to file 2020 tax returns. *See*, ¶23. At final approval and at when they file their motion to distribute the funds to Settlement Class members, Plaintiffs will seek Court approval for the necessary expenses Strategic Claims Services will incur above $143,000.

With respect to the Postcard Notice, itself, the Court raised three concerns. To address the Court's concerns about Settlement Class members reflexively discarding the Postcard Notice as a solicitation, we have revised the words on the address side to state, "A federal court authorized this notice.  This is not a solicitation from a lawyer. This Notice may affect your legal rights. You may be entitled to a payment from this securities class action settlement." We have also emphasized, in bold, the right to opt-out from the Settlement and the right to object to it.

In addition, the Court inquired about support for the cost-saving measure of mailing the Postcard Notice, avoiding printing and mailing the Long Form Notice unless a Settlement Class member expressly requests a hard copy. As an initial matter, Strategic Claims Services anticipates that mailing the Postcard Notice in place of the Long Form Notice—except to persons who request a hard-copy of the Long Form Notice—will save $25,000 in printing and mailing expenses. *See* Mulholland Decl., ¶7. In addition, in the experience of Strategic Claims Services, deploying Postcard Notice typically causes more claimants to file claims electronically, materially reducing administration costs and causes no apparent decline in the percentage of claims filed in cases in which it mailed postcards instead of long form notices. *Id.* More, according to Strategic Claims Services, since 2018 approximately 25 of 50 securities class actions it has administered have mailed only postcard notice, in place of long form notices. *Id.* and Exhibit B (list of recent security settlements where district courts have approved a postcard notice).

In the revised Final Order, we have left blank the designated charity that will receive a distribution pursuant to the *cy pres* doctrine, if any funds remain in the Settlement Fund the distribution of which will be economically infeasible. In addition, in their final approval brief, Plaintiffs will provide the Court with support for the selection of an appropriate *cy pres* beneficiary.

 Last, pursuant to the Court's instruction, we have specified in each of the various forms of notice that the final approval hearing will proceed telephonically, providing the dial-in information in each form of the notice to potential Settlement Class Members.

Plaintiffs recognize that the Court raised additional issues that they intend to address in briefing for final approval. If you have any questions about the issues we have addressed or the documents we submit with this letter, we stand ready to respond or to appear to discuss these or any other issue.

Respectfully submitted,

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg

Attachments

cc:     counsel of record       (via ECF)

3