**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>                    Defendants. | No. 1:19-cv-00230-LJL |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

**[Exhibit B to
the Stipulation and Agreement of Settlement, dated November \_\_\_, 2020]**

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class Action Settlement. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A.      On November 16— 2020, (i) lead plaintiffs Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (ii) Sogou Inc. ("Sogou" or the "Company"), Sohu.com Inc., Tencent Holdings Limited, Xiaochuan Wang, Charles (Chaoyang) Zhang, Yuxin Ren, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, Janice Lee, James (Xiufeng) Deng, Chi Ping Martin Lau, Donald J. Puglisi, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited (together, "Defendants," and collectively with Plaintiffs, "Parties"), entered into a Stipulation and Agreement of Settlement, which the Parties subsequently amended on December 3—, 2020, (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Third Amended Class Action Complaint, filed on October 22, 2019, on the merits and with prejudice (the "Settlement");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for telephonic Hearing on Final Approval of Settlement, entered _____, 20\_\_ (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 20\_\_, at \_\_:\_\_ \_.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be

approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Postcard Notice, in substantially the same form as set forth in Exhibit 3 to the Stipulation, or an e-mail with the Long Notice and Claim Form, in substantially the same form as set forth in Exhibits 1 and 2 to the Stipulation, be sent on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit , be published in *Investor's Business Daily* and transmitted over *GlobeNewswire* within fourteen (14) calendar days of the Notice Date;

D.    The Long Notice, the Summary Notice and the Postcard Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 20__;

E.    The provisions of the Preliminary Approval Order as to notice were complied with;

F.    On _____, 2020, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on_____, 2020, at which time all interested Persons were afforded the opportunity to be heard; and

G.    This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2020; and (ii) the Notice, which was filed with the Court on _____, 2020. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of:  all persons and entities that purchased or otherwise acquired Sogou ADSs pursuant and/or traceable to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and were damaged thereby. This includes all persons and entities that (i) purchased or otherwise acquired Sogou ADSs pursuant to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and/or (ii) purchased or otherwise acquired Sogou publicly-traded ADSs between November 9, 2017 and March 14, 2018 and suffered damages as a result of such purchase(s). Excluded from the Class are Defendants, Sogou's officers and directors and their immediate family members, Sohu's officers and directors and their immediate family members, Tencent's officers and directors and their immediate family members, and entities in which such excluded persons hold a majority ownership interest.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

4.      Pursuant to Federal Rule of Civil Procedure 23 and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Plaintiffs as Class Representative for the Settlement Class; and finally appoints The Rosen Law Firm P.A. and Levi & Korsinsky LLP as Class Counsel for the Settlement Class.

5.      The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of

Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Lead Counsel's request for a service award to Plaintiffs, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      [There have been no objections to the Settlement.]

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length and in good faith; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees or award to Plaintiffs, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Third Amended Class Action Complaint (the "Complaint"), filed on October 22, 2019, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.    Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, discharged, waived, and dismissed any and all Released Claims against any and all Released Defendant Parties.

11.    Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any and all Released Defendant Parties with respect to any and all Released Claims.

12.    Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims against any and all Released Defendant Parties.

13.    Upon the Effective Dates of the Settlement, to the fullest extent permitted by law, all individuals and entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action against the Defendants or any of the Released Defendant Parties, and the Released Defendant Parties shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of against any individual or entity, for (a) contribution or indemnity (or any other claim, however denominated on whatsoever theory) arising out of or

related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that Person's actual or potential liability to Plaintiffs and/or members of the Settlement Class; provided, however, nothing herein shall: (1) preclude any of the Defendants from seeking to enforce the terms of any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any defense or other costs incurred in connection with the Action or the Settlement; or (2) release or alter any and all contractual rights arising under the terms of any written agreement (i) between or among the Underwriter Defendants, or (ii) between the Underwriter Defendants, on the one hand, and Sogou and/or Sohu.Com Inc., on the other hand, or (iii) between the Individual Defendants, on the one hand, and Sogou and/ or Sohu.com Inc., on the other hand.  Further, any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to this Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

14.    Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, waived, and dismissed any and all Released Defendants' Claims against any and all of the Released Plaintiff Parties and shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

15.    The failure of a Settlement Class Member to submit a Proof of Claim shall have no effect on the provisions of the foregoing paragraphs 10 through 12, inclusive.

16.    This Judgment and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to

the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements among the Parties, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Stipulation, and in particular:

a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

d) do not constitute, and shall not be construed against Defendants, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be

given hereunder represents the amount that could be or would have been recovered after trial; and

e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

17. Notwithstanding ¶ 16, the Parties, and their respective counsel, may file the Stipulation and/or this Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file the Stipulation and/or this Judgment in any action that may be brought to enforce the terms of the Stipulation and/or this Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

18. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 13, 2020.

20. Within seven (7) business days of entry of a Final order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, the Escrow Agent shall

immediately return to Sogou, in accordance with the terms of the Stipulation, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred and approved by the Court as set forth in the Stipulation. Under those circumstances, Class Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments. Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to the Defendants.

20.21. If any balance remains in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such redistribution.  Any balance that remains in the Net Settlement Fund after re-distribution(s) that is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to _____.

21.22. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.23. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

23.24. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

24.25. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv)

any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this _____ day of  _____, 20__

BY THE COURT:

_____

HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

{00403125;1 }                                                    -11-