```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:  12/7/2020           │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                             :

JIAJIA LUO, et al.,                          :

                        :

              Plaintiffs,        :

                        :              19-cv-230 (LJL)

        -v-                   :

                        :                ORDER

SOGOU INC., et al.,                :

                        :

             Defendants.    :

                        :
--------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        The parties have submitted a revised settlement agreement that attempts to address the concerns that the Court raised at the hearing to grant preliminary approval of the settlement. Dkt. No. 97.  The Court is prepared to grant preliminary approval provided that the following changes, in substance or in form, are made to the settlement papers:

1. At the hearing on November 25, 2020, the Court raised concerns with the "quick pay" provision reflected in paragraph 52 of the stipulation of settlement.  Plaintiffs' counsel indicated that it was not the intent of the parties that, as a condition of settlement, counsel would be paid immediately out of the settlement fund and before final distributions were made to the putative class members.  The settlement has not been revised to reflect this. Accordingly, the first two sentences of paragraph 52 should be revised to state, in substance, that "the amount of attorneys' fee and expenses awarded by the Court <u>and the timing for the payment of fees and expenses</u> is within the sole discretion of the Court" and that "Counsel intend to seek an order at the fairness hearing that the attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund to Lead Counsel immediately after entry of the order approving the settlement . . ."

2. The Court has reviewed the materials submitted by the claims administrator.  Those materials do not distinguish between cases such as this one that involve American Depositary Shares or Receipts and those involving ordinary shares.  Accordingly, the Court finds the materials less than persuasive.  In order to maintain some control of the portion of the class settlement being used to pay the claims administrator (and that otherwise might be paid to members of the class), the Court will approve only the expenditure of $100,000 without further order of the Court.  The claims administrator shall keep records substantiating the expenditures that it makes in the performance of its services under the settlement.  The figure of $143,000 in paragraph 61 of the stipulation of settlement should be replaced with the figure of $100,000.  The conforming change should be made to paragraph 22 of the proposed order preliminarily approving the settlement.

3. The third paragraph of the postcard notice should be revised with the addition of the bold language as follows: The Notice **and Stipulation of Agreement of Settlement** explain how to exclude yourself or to object.
4. The paragraph regarding the impact of the settlement in this case on the Consolidated San Mateo Act still presumes how the Court in that case will treat a settlement in this case. The Court requests that the parties consider language such as the following instead of what is currently in the notices to class members:

It is the intent of the parties that the Settlement of this Action will, if approved, result in the release by all members of the Settlement Class of all claims asserted in the Consolidated San Mateo Action, except for the claims of any plaintiff in that action who opts out of the Settlement.  Both plaintiffs and members of the putative class in the Consolidated San Mateo Action are members of the Settlement Class in this Action.  If the Court in this Action approves the Settlement, then the Court in the Consolidated San Mateo Action may decide that the Settlement Class members who exclude themselves from the Settlement Class in this Action will be able only to continue to litigate their claims on an individual basis in a separate lawsuit and not as an absent class member.  In addition, because the IPO occurred in November 2017, more than three years ago, under applicable law concerning statutes of limitations and repose, if you exclude yourself from the Settlement Class, then you may not be able to pursue your individual claims in a separate lawsuit filed after the date of this Notice.  If you intend to exclude yourself from the Settlement Class to pursue your own, individual claims, then consider consulting your own lawyer.  For instructions for and consequences of requesting exclusion from the Settlement Class, see below at paragraphs 33-35.  For instructions on objecting to the Settlement, see paragraphs 38-40.

The parties may request to be heard with respect to any of these changes by submitting a 1-page letter on ECF.  In the absence of an objection, the parties should submit revised settlement papers to the Court with a revised preliminary order of approval for the Court to sign.

SO ORDERED.

Dated: December 7, 2020  
New York, New York

                           LEWIS J. LIMAN  
                   United States District Judge