# BOTTINI & BOTTINI, INC.

Albert Y. Chang

writer's direct:  858.926.2611
achang@bottinilaw.com

December 9, 2020

**VIA ECF**

The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:    *Luo v. Sogou Inc.*, **Case No. 19-cv-230 (LJL)**

Dear Judge Liman:

We are lead counsel for plaintiffs in a related class action captioned *In re Sogou Inc. Securities Litigation*, Lead Case No. 18CIV06699, pending before the Honorable Marie S. Weiner in the Superior Court for the State of California, County of San Mateo ("State Court Action").  The State Court Action alleges claims for violation of §§ 11 and 15 of the Securities Act of 1933 on behalf of all persons who purchased or otherwise acquired Sogou Inc. American Depository Shares ("ADSs") pursuant or traceable to Sogou's initial public offering ("IPO").  The State Court Action was the first-filed action on behalf of Sogou investors seeking to recover under the Securities Act, having been filed nearly a month before the lead plaintiffs in this action filed their case.

We write to raise two significant issues affecting the proposed settlement that is the subject of the federal plaintiffs' pending motion for preliminary approval of settlement (Dkt. No. 93) and to request that the Court deny preliminary approval of the proposed settlement or at least defer granting preliminary approval until the Court has had an opportunity to fully consider these arguments.

*First*, there are serious questions with regard to this Court's jurisdiction to entertain the federal plaintiffs' pending motion for preliminary approval of settlement. This Court entered final judgment on June 10, 2020.  Dkt. No. 86.  On July 9, 2020, plaintiffs filed a notice of appeal.  Dkt. No. 89.  Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

7817 Ivanhoe Avenue    •    Suite 102    •    La Jolla, California  92037
www.bottinilaw.com    •    Tel:  (858) 914-2001    •    Fax:  (858) 914-2002

The Honorable Lewis J. Liman
December 9, 2020
Page 2

The Second Circuit "has repeatedly held that the docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (citation omitted); *see also Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002) ("The district court could not rule on any motion affecting an aspect of the case that was before this Court, including a motion to amend the motion, while that appeal was pending.").

Here, the docketing of the appeal on July 9, 2020, divested this Court of jurisdiction and vested jurisdiction in the Second Circuit. ***At no point in time since the appeal was docketed was jurisdiction returned to this Court.*** Rather, the parties appear to have twice stipulated, pursuant to Second Circuit Local Rule 42.1, to the *withdrawal* of the appeal with the right of reinstatement at a later time, both of which stipulations were granted by the Second Circuit. *See* Dkt. Nos. 90, 92; *see also Luo v. Sogou Inc.*, Case No. 20-2188, Dkt. Nos. 37, 46 (2d Cir.). But the withdrawal of the appeal has ***no*** impact on this Court's jurisdiction. For this Court to regain jurisdiction, the parties must request a limited remand from the Second Circuit for the purpose of this Court ruling on their motion for preliminary approval of settlement. *See, e.g.,* FED. R. CIV. P. 62.1 (setting forth the procedure for the issuance of an indicative ruling on a motion for relief that is barred by a pending appeal); FED. R. APP. P. 12.1 (setting forth the procedure for granting a remand after an indicative ruling by the district court). The parties, however, have failed to comply with the procedure set forth in the federal rules. Their "withdrawal" of the pending appeal did not restore this Court's jurisdiction.

*Second*, there are substantial questions with regard to the fairness, reasonableness, and adequacy of the proposed settlement. The settlement amount is $1.45 million. *See* Dkt. No. 99-1 at ¶ 33. This constitutes less than ***one half of one percent of potential § 11 damages***. Specifically, Sogou ADSs were offered at $13 per share in the IPO. Dkt. No. 59 at ¶ 39. Including the overallotment for the underwriters, a total amount of 50,643,856 ADSs were sold in the IPO. *Id.* ¶ 41. At the time the federal action was commenced on January 9, 2019, Sogou ADSs were trading at $6.02 per share.[1] Thus, potential recoverable damages under § 11 ***exceed $350 million***.[2] *See* 15 U.S.C. § 77k(e)(1) (setting one measure of damages as the price paid for the security,

---

[1] *See* Yahoo! Finance, Sogou Inc. Historical Data, *available at* https://finance.yahoo.com/quote/SOGO/history?period1=1546905600&period2=1547078400&interval=1d&filter=history&frequency=1d&includeAdjustedClose=true (last visited Dec. 9, 2020).

[2] 50,643,856 x ($13 - $6.02) = $353,494,114.88.

The Honorable Lewis J. Liman
December 9, 2020
Page 3

not to exceed the IPO price, and the value of security at the time the suit is filed).

For all of the foregoing reasons, the State Court Action plaintiffs respectfully request that the Court deny the motion for preliminary approval for lack of jurisdiction and for the parties' failure to establish that the proposed settlement is fair, adequate, or reasonable. At the very least, the Court should defer granting preliminary approval until the Court has had an opportunity to fully consider these serious issues.

Very truly yours,

s/ Albert Y. Chang

Albert Y. Chang
for BOTTINI & BOTTINI, INC. on behalf of
Plaintiffs Artak Khayan, Skyler Bishop, and
Asha Lickley Dore in *In re Sogou Inc. Securities
Litigation*, Lead Case No. 18CIV06699 (Cal.
Super. Ct., Cnty. of San Mateo)

cc:    All counsel of record

7817 Ivanhoe Avenue  ●  Suite 102  ●  La Jolla, California  92037
www.bottinilaw.com  ●  Tel: (858) 914-2001  ●  Fax: (858) 914-2002