**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>       vs.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>                Defendants. | No. 1:19-cv-00230-LJL |

**DECLARATION OF SARAH EVANS CONCERNING:**
**(A) MAILING OF THE POSTCARD NOTICE;**
**(B) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1.    I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. SCS was established in April 1999 and has administered over four hundred and twenty-five (425) class action cases since its inception. I have over seven years of experience specializing in the administration of class action cases. I am over

21 years of age and am not a party to the Action.[1]  I have personal knowledge of the facts set forth herein.

## MAILING OF POSTCARD NOTICE

2.      Pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated December 10, 2020 ("Preliminary Approval Order"), the Court approved SCS as Claims Administrator to supervise and administer the notice procedure and to process claims in connection with the Settlement in this Action.

3.      To provide actual notice to those persons and entities who purchased or otherwise acquired Sogou, Inc. ("Sogou" or "Company") American Depositary Shares ("ADSs") pursuant and/or traceable to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO ("Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential Settlement Class Members.  A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

4.      First, SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 137 individuals and organizations identified in the transfer records that Defendants' Counsel provided to SCS.  These records reflect persons and entities that purchased Sogou ADSs for their own account, or for the account(s) of their clients, during the Class Period.  The transfer record mailing was completed on December 24, 2020.

5.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name"

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation and Agreement of Settlement, dated as of December 8, 2020 (ECF No. 99-1, the "Stipulation").

— *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master list consisting of 686 banks and brokerage companies ("Nominee Account Holders"), as well as 592 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On December 24, 2020, SCS caused a letter to be mailed or e-mailed to the 1,278 nominees contained in the SCS master mailing list. The letter notified them of the Settlement and requested that within 10 calendar days from the date of the letter they either (a) send a Postcard Notice to their customers who may be beneficial purchasers/owners; (b) email the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form", together with the Notice, "Notice and Claim Form") supplied by SCS to beneficial purchasers/owners; or (c) provide SCS with a list of the names, mailing addresses, and email addresses, to the extent email addresses were available, of such beneficial owners so that SCS could promptly mail the Postcard Notice or email the Notice and Claim Form directly to them. A copy of the letter sent to these nominees is attached as **Exhibit B.**

6.    Following these mailings, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that SCS mail a Postcard Notice, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers. To date, SCS has mailed a total of 13,477 Postcard Notices.[2] In addition to the 137 Postcard Notices SCS mailed to holders of record

---

[2] Out of the 13,477 Postcard Notices mailed, SCS received 10 requests from potential Settlement Class Members to mail them the Notice and Claim Form.

Defendants' Counsel provided, it mailed or provided to Nominee Account Holders, Institutional Groups, and other individuals 13,340 Postcard Notices.

7.    In addition to the Postcard Notices mailed, SCS was notified by one of the Nominee Account Holders that they emailed a total of 8,826 of their customers to notify them of this settlement and to provide direct links to the Notice and Claim Form on the Settlement webpage. A copy of the Notice and Claim Form is attached as **Exhibit C**.

8.    On December 24, 2020, SCS also sent the Depository Trust Company ("DTC") a Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS"). LENS enables DTC participants to search and to download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

## PUBLICATION OF THE SUMMARY NOTICE

9.    Pursuant to the Preliminary Approval Order, SCS caused the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for Publication ("Summary Notice") to be published electronically once on the *Globe Newswire* and in print once in the *Investor's Business Daily* on January 4, 2021. I attach hereto as **Exhibit D** the confirmations of publication.

## TOLL-FREE PHONE LINE

10.    SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and/or request a Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## WEBSITE

11.    On December 23, 2020, SCS established a webpage for the Settlement on its website at www.strategicclaims.net.  The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status of the case; the deadlines for the case; the online claim filing link; important documents such as the Notice and Claim Form, the Preliminary Approval Order, and the Stipulation, and the teleconference access code for the Final Approval Hearing.

## REPORT ON EXCLUSIONS AND OBJECTIONS

12.    The Notice, Summary Notice, Postcard Notice, and the webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than March 4, 2021.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received one request for exclusion. A copy of the exclusion request is attached as **Exhibit E**.

13.    According to the Notice, Summary Notice, Postcard Notice, and webpage, Settlement Class Members seeking to object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees or expenses are required to submit their objection in writing such that the request is received by Lead Counsel and Defendants' Counsel, as well as filed with the Court, no later than March 4, 2021.  As of the date of this Declaration, SCS has neither received any objections nor been notified that Lead Counsel has received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 18th day of February 2021, in Media, Pennsylvania.

_____
Sarah Evans

Luo v. Sogou Inc., et al. (Securities Litigation)
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

## Court-Ordered Legal Notice

## Forwarding Service Requested

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

*This Notice may affect your legal rights.*
*You may be entitled to a payment from*
*this securities class action settlement*

*Please read it carefully.*

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]



There has been a proposed Settlement of all claims against Sogou Inc. ("Sogou"), certain of its shareholders, and certain of its officers and directors and the underwriters in its IPO (collectively, "Defendants"). The Settlement resolves a lawsuit in the United States District Court for the Southern District of New York (the "Court") in which Plaintiffs allege that, in violation of the federal securities laws, Sogou's Offering Documents contained materially false and misleading statements or omitted material information, causing damages to Settlement Class Members. Defendants deny any wrongdoing.

You received this Notice because you or someone in your family may have (i) purchased or otherwise acquired Sogou Inc. ("Sogou") American Depositary Shares ("ADSs") pursuant to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and/or (ii) purchased or otherwise acquired publicly-traded Sogou ADSs between November 9, 2017 and March 14, 2018. The Settlement provides that, in exchange for the dismissal of this action and release of claims known and unknown against Defendants, Defendants will pay or cause to be paid into a fund $1,450,000 in cash ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, will be divided among all Class Members who submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement, your rights, and how to make a claim, please view the Stipulation and Agreement of Settlement at www.strategicclaims.net and please request a copy of the Notice of Pendency of Class Action, Proposed Settlement,, and Motion for Attorneys' Fees and Expenses ("NOTICE") and PROOF OF CLAIM by contacting the Claims Administrator in any of the following ways: (1) mail: *Luo v. Sogou Inc., et al.* (Securities Litigation), c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (2) call: toll free, (866) 274-4004; (3) fax: (610) 565-7985; (4) email: info@strategicclaims.net; or (5) visit the website: www.strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim to the Claims Administrator. A copy of the Proof of Claim can be found on the website. PROOFS OF CLAIM ARE DUE BY MARCH 20, 2021 TO *LUO V. SOGOU INC., ET AL.* (SECURITIES LITIGATION), C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON STREET, SUITE 205, MEDIA, PA 19063, OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET. **If you DO NOT want to be legally bound by the Settlement, you must exclude yourself by March 4, 2021, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by March 4, 2021. The Notice and Stipulation of Settlement explain how to opt-out or to object.**

The Court will hold a telephonic hearing in this case on March 25, 2021 at 3:00 p.m. at, toll free, 888-251-2909, access code 2123101, to consider whether to approve the Settlement, the Plan of Allocation, a request for attorneys' fees of 25%, plus actual expenses, for litigating the case and negotiating the Settlement, and an award to each plaintiff not to exceed $1,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866) 274-4004, or visit the website, www.strategicclaims.net.

EXHIBIT B

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net   FAX: (610) 565-7985

December 24, 2020

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES THAT (I) PURCHASED OR OTHERWISE ACQUIRED SOGOU INC. ("SOGOU") AMERICAN DEPOSITARY SHARES ("ADSS') PURSUANT TO SOGOU'S REGISTRATION STATEMENT ISSUED IN CONNECTION WITH THE COMPANY'S NOVEMBER 9, 2017 IPO, AND/OR (II) PURCHASED OR OTHERWISE ACQUIRED PUBLICLY-TRADED SOGOU ADSS BETWEEN NOVEMBER 9, 2017 AND MARCH 14, 2018, AND IF YOU SUFFERED DAMAGES AS A RESULT OF SUCH PRUCHASE(S).

Excluded from the Class are the Defendants, Sogou's officers and directors and their immediate family members, Sohu's officers and directors and their immediate family members, Tencent's officers and directors and their immediate family members, and entities in which such excluded persons hold a majority ownership interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Luo v. Sogou, Inc., et al. (Securities Litigation)*<br>No. 1:19-cv-00230-LJL<br>Objection Deadline: March 4, 2021<br>Exclusion Deadline: March 4, 2021<br>Claim Filing Deadline: March 20, 2021<br>Settlement Hearing: March 25, 2021 | Cusip Number: 83409V104 |

## PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have ten (10) calendar days to mail them; or
4. Request a copy of the Notice in electronic format and advise us that you will email the notice to your beneficial purchasers/owners.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the notice** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of this legal matter. A copy of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses and Proof of Claim Form and Release form and all important documents are available on our website at www.strategicclaims.net. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
Luo v. Sogou, Inc. et al. (Securities Litigation)

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>                   Plaintiffs,<br><br>        vs.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>                   Defendants. | No. 1:19-cv-00230-LJL |

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**IF YOU (I) PURCHASED OR OTHERWISE ACQUIRED SOGOU INC. ("SOGOU") AMERICAN DEPOSITARY SHARES ("ADSs") PURSUANT TO SOGOU'S REGISTRATION STATEMENT ISSUED IN CONNECTION WITH THE COMPANY'S NOVEMBER 9, 2017 IPO, AND/OR (II) PURCHASED OR OTHERWISE ACQUIRED PUBLICLY-TRADED SOGOU ADSS BETWEEN NOVEMBER 9, 2017 AND MARCH 14, 2018, AND IF YOU SUFFERED DAMAGES AS A RESULT OF SUCH PURCHASE(S), YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a telephonic hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and award to Plaintiff. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated December 8, 2020 (the "Stipulation").

- If approved by the Court, the proposed Settlement will create a $1,450,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by the Court-Appointed Lead Plaintiffs Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel ("Plaintiffs") that have been asserted on behalf of the proposed Settlement Class against Sogou Inc. ("Sogou," or "the Company"), Sohu.com Inc., Tencent Holdings Limited, Xiaochuan Wang, Charles (Chaoyang) Zhang, Yuxin Ren, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, Janice Lee, James (Xiufeng) Deng, Chi Ping Martin Lau, Donald J. Puglisi, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited (together, "Defendants," and collectively with Plaintiffs, "Parties").

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY MARCH 20, 2021** | The <u>only</u> way to get a payment.  *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY MARCH 4, 2021** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants or the other Released Defendant Parties concerning the Released Claims.  *See* Question 11 below for details. |
| **OBJECT BY MARCH 4, 2021** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application.  If you object, you will still be a member of the Settlement Class.  *See* Question 15 below for details. |
| **ATTEND A TELEPHONIC HEARING ON MARCH 25, 2021 AND FILE A NOTICE OF INTENTION TO APPEAR BY MARCH 4, 2021** | Ask to speak in Court at the telephonic Settlement Hearing about the Settlement.  *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Proof of Claim and Release forms ("Claim Forms") if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

SUMMARY OF THE NOTICE

<u>Statement of the Settlement Class's Recovery</u>

1.      Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $1,450,000 (the "Settlement Amount"), which will be deposited into an Escrow Account, which may earn interest (the "Settlement Fund").  The Net Settlement

Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan").  The proposed Plan of Allocation is set forth on page 13 below.

## Estimate of Average Amount of Recovery Per Share

2.    Based on Plaintiffs' consulting damages expert's estimate of the number of ADSs of Sogou eligible to participate in the Settlement, and assuming that all such investors eligible to participate do so, Plaintiffs estimate that the average recovery would be approximately $0.03 per allegedly damaged ADS (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses).  If the Court approves the Fee and Expense Application (discussed below), the average recovery would be approximately $0.02 per allegedly damaged ADS.[2] **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.**  An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or otherwise acquired Sogou ADSs; and (iv) whether and when the Settlement Class Member sold the securities.  *See* the Plan of Allocation beginning on page 13 for information on the calculation of your Recognized Claim.

## Statement of Potential Outcome of Case if the Action Continued to be Litigated

3.    The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Plaintiffs were to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (i) whether the statements allegedly made or facts allegedly omitted were false or misleading, material, or otherwise actionable under the federal securities laws; and (ii) the amount by which the IPO price of Sogou ADSs was allegedly artificially inflated (if at all);

4.    Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of rule, regulation, or law, and deny that Plaintiffs and the Settlement Class suffered damages or were otherwise harmed by the conduct alleged in the Action.  While Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

## Statement of Attorneys' Fees and Expenses Sought

5.    Lead Counsel, on behalf of themselves and Additional Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred by all counsel in prosecuting the Action in an amount not to exceed $30,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class. Plaintiffs will also seek payment of an award not to exceed $1,000 to each Plaintiff as compensation for his/her time and effort representing the Class.  If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all ADSs eligible to participate in the Settlement, will be approximately $0.01 per allegedly damaged Sogou ADS.  A copy of the Fee and Expense Application will be posted on www.strategicclaims.net after it has been filed with the Court.

---

[2] An allegedly damaged ADS might have been traded, and potentially damaged, more than once, and the average recovery indicated above represents the estimated average recovery for each ADS that allegedly incurred damages.

**Reasons for the Settlement**

6.     For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This case was dismissed in the Court and Plaintiffs were in the process of appealing that decision.  The Second Circuit reverses infrequently.  Even if Plaintiffs succeeded in the appeal, the guaranteed cash benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the other anticipated motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to avoid the further expense, inconvenience, and burden of this Action, and the distraction and diversion of personnel and resources.

**Identification of Attorneys' Representatives**

7.     Plaintiffs and the Settlement Class are represented by Lead Counsel, The Rosen Law Firm, P.A., Jacob Goldberg, 101 Greenwood Avenue, Suite 440, Jenkintown, PA 19046, www.rosenlegal.com, 215-686-2817; and Levi & Korsinsky LLP, Shannon Hopkins, 1111 Summer Street, Suite 403, Stamford, CT 06905, www.zlk.com, 203-992-4523.

8.     Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Luo v. Sogou Inc., et al. (Securities Litigation), c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; toll-free: (866) 274-4004; fax: (610) 565-7985; email: info@strategicclaims.net, or Lead Counsel, or visiting the Settlement website at www.strategicclaims.net.

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

**BASIC INFORMATION**

| **1.  Why did I get this Notice?** |
|---|

9.    You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Sogou publicly traded ADSs between its November 9, 2017 Initial Public Offering ("IPO") and March 14, 2018.  If you (i) purchased or otherwise acquired Sogou ADSs pursuant to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and/or (ii) purchased or otherwise acquired publicly-traded ADSs of Sogou between November 9, 2017 and March 14, 2018, and if you suffered damages as a result of such purchases(s), then you may be a Settlement Class Member.  This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.** *See* **Question 8 below.**

10.   The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").  *See* Question 17 below for details about the Settlement Hearing, including the date and location of the hearing.

11.   The Court in charge of the Action is the United States District Court for the Southern District of New York.  The Action is assigned to the Honorable Lewis J. Liman, United States District Judge.

| **2.  What is this case about and what has happened so far?** |
|---|

12.   Sogou is an Internet search company incorporated in the Cayman Islands in December 2005 by Sohu.com Inc. ("Sohu"). Sogou is a subsidiary of Sohu and is based in Beijing, the People's Republic of China ("PRC"). Plaintiffs alleged that the Offering Documents were materially misleading because they failed to disclose that Sogou's controls over advertising contents were materially inadequate to meet its obligations to review the content and prevent violations of PRC content laws and regulations and failed to describe accurately Sogou's smart hardware or that Sogou had changed strategies in a way that would adversely impact revenue and earnings within a year from the IPO.

13.   On July 30, 2018, Sogou announced its financial and operating results for the second quarter of 2018 and provided guidance for the third quarter 2018 financial results. Sogou stated its guidance reflected the impact on operations and financial results due to an investigation by Chinese regulatory authorities and the implementation of "remedial measures," including a ten-day suspension of part of its advertising business that was "expected to result in a one-time reduction in revenues in the third quarter of 2018." Sogou also disclosed that it was "phas[ing] out hardware products that are not AI-enabled . . . and transition[ing] to products that integrate the Company's leading AI technologies," and that Sogou expected this "would result in a reduction in hardware revenues in the second half of 2018."  Sogou also disclosed that it was expecting "lower hardware sales following the adjustment of the RMB [Chinese Yuan]" in the third quarter of 2018.  Ultimately, the Company's inventory of certain smart hardware products was impaired.  The reduction in revenue from and the inventory impairment of Sogou's smart hardware impacted the Company's financial results for the second half of 2018. Plaintiffs allege that they and the putative class were damaged by the decline in Sogou's ADS price upon the July 30, 2018 disclosures.

14.   On January 9, 2019, this Action was filed in the United States District Court for the Southern District of New York on behalf of all investors who purchased or acquired ADSs pursuant and/or traceable to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and were damaged thereby. On April 2, 2019, the Court issued an order appointing Lizhen Zhang, Juean Xu,

Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel as lead plaintiffs and appointing Levi & Korsinsky and Rosen Law as co-lead counsel ("Lead Counsel").

15. Plaintiffs filed the operative Third Amended Class Action Complaint for Violations of the Federal Securities Laws on October 22, 2019 ("Amended Complaint"), alleging violations of §§ 11 and 15 of the Securities Act of 1933 ("Securities Act") on behalf of a class of all Persons who purchased or otherwise acquired Sogou American Depository Shares ("ADSs") pursuant and/or traceable to Sogou's registration statement and prospectus ("Registration Statement") issued in connection with the Company's November 9, 2017 initial public offering.

16. All Defendants upon whom Plaintiffs had completed service timely moved to dismiss the Amended Complaint and filed a request for judicial notice in support of their motions to dismiss. After full briefing and a hearing, on June 8, 2020, the Court granted Defendants' motion to dismiss without leave to amend. On June 10, 2020, the Court entered judgment against Plaintiffs, and on July 9, 2020, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Second Circuit.

17. While Plaintiffs' appeal was pending, the Parties engaged in arm's length negotiations and ultimately reached an agreement in principle to settle this Action on September 13, 2020.

18. Plaintiffs, through Lead Counsel, represent that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Lead Counsel also consulted with experts on damages and negative causation issues.

| 3. Why is this a class action? |
| --- |

19. In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| 4. What are the reasons for the Settlement? |
| --- |

20. The Court granted Defendants' motions to dismiss this Action. Plaintiffs were appealing that decision when both sides agreed to a settlement that will end the Action. Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

21. Defendants have denied and continue to deny any wrongdoing or that they committed any act or omission giving rise to any liability or violation of any rule, regulation, or law, including the U.S. securities laws. Defendants have denied and continue to deny each and every one of the claims alleged by Plaintiffs in the Action on behalf of the proposed class, including all claims in the Complaint. Defendants also have denied, and continue to deny, *inter alia*, the allegations that Plaintiffs or any member of the proposed class suffered damages or were otherwise harmed by the conduct alleged in the Action. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation to avoid the further expense, inconvenience, and

burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal or release of the Action and the Released Claims.

| 5.  How do I know if I am part of the Settlement Class? |
| --- |

22.   The Court directed, only for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):  ***all persons and entities that (i) purchased or otherwise acquired ADSs of Sogou pursuant to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and/or (ii) purchased or otherwise acquired publicly-traded ADSs of Sogou between November 9, 2017 and March 14, 2018, and who suffered damages as a result of such purchases(s). Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.***

23.   Receipt of this Notice does not mean that you are a Settlement Class Member.  The Parties do not have access to your transactions in Sogou ADSs.  Please check your records or contact your broker to see if you are a member of the Settlement Class.

| 6.  Are there exceptions to the definition of the Settlement Class and to being included? |
| --- |

24.  Yes.  There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are Defendants, Sogou's officers and directors and their immediate family members, Sohu's officers and directors and their immediate family members, Tencent's officers and directors and their immediate family members, and entities in which such excluded persons hold a majority ownership interest.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

### THE SETTLEMENT BENEFITS

| 7.  What does the Settlement provide? |
| --- |

25.   In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Sogou, on behalf of itself and the other Defendants, has agreed to create a $1,450,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

| 8.  How can I receive a payment? |
| --- |

26.   To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website dedicated to the Settlement: www.strategicclaims.net.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004 or emailing info@strategicclaims.net.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than March 20, 2021.**

| 9.  When will I receive my payment? |
| --- |

27.   The Court will hold a telephonic Settlement Hearing on **March 25, 2021, at 3:00 p.m., at toll-free 888-251-2909, access code 2123101,** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to

resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

| **10.  What am I giving up to receive a payment or stay in the Settlement Class?** |
|---|

28.  If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)  **"Released Claims"** means any and all claims, demands, losses, rights, and causes of action of every nature and description, that have been or could have been asserted in this Action, the Consolidated San Mateo Action, or in any other action, or could in the future be asserted in any forum, whether known or Unknown Claims, whether arising under federal, state, common, or foreign law, by Plaintiffs or any other members of the Settlement Class or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or any other Person, against any of the Released Defendant Parties, that (a) arise out of, are based upon, or relate  in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action, or which could have been alleged in this Action, or (b) arise out of, are based upon, or relate  in any way to the purchase, acquisition, holding, sale, or disposition of any Sogou securities acquired pursuant and/or traceable to the Registration Statement.  For the avoidance of doubt, Released Claims includes the claims alleged as of the date of this Stipulation in the Consolidated San Mateo Action.

(b)  "**Released Defendants' Claims**" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

(c)  **"Released Defendant Parties"** means (i) Defendants; (ii) their present and former parents, subsidiaries, divisions, departments, affiliates, and controlling shareholders; (iii) for each and every Person referenced in parts (i) and (ii), their present and former officers, directors, employees, and contractors; (iv) for each and every Person listed in parts (i) through (iii), their present and former auditors, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, trustees, general or limited partners or partnerships, and limited liability companies; and (v) the spouses, members of the immediate families, representatives, and heirs of any Released Defendant Parties who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members.

(d)  "**Unknown Claims**" means any and all Released Claims that any of the Plaintiffs or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties or might have affected his, her or its decision to enter into the Settlement, not object to the Settlement or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable) and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides that:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Defendants and Plaintiffs acknowledge, and every member of the Settlement Class by law and operation of the order and final judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

29. If you remain a member of the Settlement Class, all of the Court's orders, including the Preliminary Approval Order, whether favorable or unfavorable, will apply to you and legally bind you. Pursuant to the Preliminary Approval Order, pending final determination of whether the Settlement should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, are enjoined from instituting, commencing or prosecuting any action that asserts any of the Released Claims as respectively specified and described in the Stipulation, against any of the Released Defendant Parties.

30. As of the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members and Lead Counsel from the Released Defendants' claims.

31. A substantially similar action is currently pending in the Superior Court of the State of California County of San Mateo, Docket No. 18CIV06699 (Cal. Super. Ct. Dec 14, 2018) (the "Consolidated San Mateo Action"), against the Defendants in this action other than Chi Ping Martin Lau and Donald J. Puglisi. The Consolidated San Mateo Action includes substantially similar allegations that Sogou failed to disclose that it intended to adjust its smart hardware strategy to phase out non-AI enabled products, and that its advertising and audit procedures were inadequate to ensure compliance with relevant Chinese regulations, as well as other allegations that Sogou failed to disclose that partnerships and acquisitions inflated its revenue growth artificially and that increases in traffic acquisition costs was exponentially increasing its costs of revenue. The Consolidated San Mateo Action asserts claims based on Section 11 and Section 15 of the Securities Act. Defendants specially appeared in the Consolidated San Mateo Action and moved to quash service of summons for lack of personal jurisdiction, or, in the alternative, to stay or dismiss the Consolidated San Mateo Action in favor of this Action on the grounds (among others) that the claims alleged lacked any substantial connection to California. On October 7, 2019, the California court stayed the Consolidated San Mateo Action in favor of this Action. On November 4, 2020, plaintiffs in the Consolidated San Mateo Action filed a Motion to Lift the Stay.

32. It is the intent of the Parties that the Settlement of this Action will, if approved, result in the release by all members of the Settlement Class of all claims asserted in the Consolidated San Mateo Action, except for the claims of any plaintiff in that action who opts out of the Settlement. Both plaintiffs and members of the putative class in the Consolidated San Mateo Action are members of the Settlement Class in this Action. If the Court in this Action approves the Settlement, then the Court in the Consolidated San Mateo Action may decide that the Settlement Class members who exclude themselves from the Settlement Class in this Action will be able only to continue to litigate their claims on an

individual basis in a separate lawsuit and not as an absent class member. In addition, because the IPO occurred in November 2017, more than three years ago, under applicable law concerning statutes of limitations and repose, if you exclude yourself from the Settlement Class, then you may not be able to pursue your individual claims in a separate lawsuit filed after the date of this Notice. If you intend to exclude yourself from the Settlement Class to pursue your own, individual claims, then consider consulting your own lawyer. **For instructions for and consequences of requesting exclusion from the Settlement Class, see below at paragraphs 33-35. For instructions on objecting to the Settlement, see paragraphs 38-40.**

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

33.   If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal.  Also, Defendants may terminate the Settlement if Persons who purchased in excess of a certain amount of shares of Sogou ADSs seek exclusion from the Settlement Class.**

| 11.  How do I exclude myself from the Settlement Class? |
| --- |

34.   To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou Inc., et al.*, No. 1:19-cv-00230-LJL (S.D.N.Y.)." **You cannot exclude yourself by telephone or e-mail.**  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of Sogou ADSs the person or entity purchased, acquired, and sold during the period from November 9, 2017 through March 14, 2018, inclusive, as well as the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than March 4, 2021,** to the Claims Administrator:

EXCLUSIONS – Luo v. Sogou Inc., et al. (Securities Litigation)
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

**Your exclusion request must comply with these requirements in order to be valid.**

35.   If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

| 13.  Do I have a lawyer in this case? |
| --- |

36.   The Court appointed the law firms of The Rosen Law Firm P.A. and Levi & Korsinsky LLP to represent all Settlement Class Members.  These lawyers are called "Lead Counsel."  Pomerantz LLP is also serving as "Additional Counsel." You will not be separately charged for these lawyers.  The Court

will determine the amount of Lead Counsel's and Additional Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

37. Neither Lead Counsel nor Additional Counsel have received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award attorneys' fees of no more than 25% of the Settlement Fund, which will include any accrued interest. Pomerantz LLP will share its fee with HAO Law Firm. No other attorneys will share in the fees awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred by all counsel in the prosecution of the Action of no more than $30,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses of Plaintiffs directly related to its representation of the Settlement Class. Lead Counsel also seeks payment of an award not to exceed $1,000 for each Plaintiff as compensation for his/her time and effort in representing the Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

## 15. How do I tell the Court that I do not like something about the proposed Settlement?

38. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the Fee and Expense Application. You can ask the Court not to approve the Settlement. However, you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

39. To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application in "*Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou Inc., et al.*, No. 1:19-cv-00230-LJL (S.D.N.Y.)." Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of Sogou ADSs the person or entity purchased, as well as the dates and prices of each such purchase. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than March 4, 2021 and** be mailed or delivered to each of the following counsel so that it is **received no later than March 4, 2021:**

| **Court** | **Lead Counsel** | **Defendants' Counsel Representatives** |
|---|---|---|
| Clerk of the Court | The Rosen Law Firm P.A. | Goulston & Storrs PC |
| United States District Court Southern District of New York Daniel Patrick Moynihan United States Courthouse 500 Pearl St. New York, NY 10007 | Jacob A. Goldberg 101 Greenwood Avenue, Suite 440 Jenkintown, PA 19046 | Richard J. Rosensweig 400 Atlantic Avenue Boston, MA 02110 |
| | and | and |
| | Levi & Korsinsky LLP | Morgan, Lewis & Bockius LLP |
| | Shannon Hopkins 1111 Summer St., Ste. 403 Stamford, CT 06905 | Charlene S. Shimada One Market, Spear Street Tower San Francisco, CA 94105 |

---

**16.  What is the difference between objecting and seeking exclusion?**

---

40.  Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

### THE SETTLEMENT HEARING

---

**17.  When and where will the Court decide whether to approve the proposed Settlement?**

---

41.  The Court will hold a telephonic Settlement Hearing at toll free 888-251-2909, access code 2123101, on **March 25, 2021 at 3:00 p.m.** At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved; and (iv) Plaintiffs' request for a service award is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above.

42.  You should be aware that the Court may change the date and time of the telephonic Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the telephonic hearing, you should check the Settlement website at www.strategicclaims.net to see if the Settlement Hearing stays as calendared or is changed.  Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

---

**18.  Do I have to come to the Settlement Hearing?**

---

43.  No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than March 4, 2021.**

| 19.  May I speak at the Settlement Hearing? |
| --- |

44.  You may ask the Court for permission to speak at the telephonic Settlement Hearing.  To do so, you must include with your objection (*see* Question 15), **no later than March 4, 2021**, a statement that you, or your attorney, intend to appear in "*Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou, Inc., et al.*, No. 1:19-cv-00230-LJL (S.D.N.Y.)." Persons who intend to present evidence at the telephonic Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the telephonic Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

| 20.  What happens if I do nothing at all? |
| --- |

45.  If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue or be part of any other lawsuit against Defendants and the other Released Defendants' Parties concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

| 21.  Are there more details about the Settlement? |
| --- |

46.  This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than February 18, 2021 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

47.  You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Southern District of New York, 500 Pearl St., New York, NY 10007, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

48.  You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (866) 274-4004; writing to the Claims Administrator at *Luo v. Sogou Inc., et al.* (Securities Litigation), c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; or visiting the website dedicated to the Settlement, www.strategicclaims.net.

**Please do not call the Court with questions about the Settlement.**

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND

| 22.  How will my claim be calculated? |
| --- |

49.  As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund.  The Settlement Fund, after the deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit

valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net.

50. To design the Plan of Allocation, Lead Counsel have conferred with Plaintiffs' consulting damages expert. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amounts that will actually be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

51. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

For Sogou ADSs purchased or otherwise acquired November 9, 2017 through March 14, 2018[3], inclusive, pursuant and/or traceable to the Initial Public Offering (IPO) on November 9, 2017, the Recognized Loss shall be calculated as follows:

A.   For each Sogou ADS sold on or before the close of trading on March 14, 2018, the Recognized Loss per share is the lesser of: (1) the purchase price per ADS, not to exceed the IPO price of $13.00 per ADS, less the sale price per ADS; or (2) $1.40 per ADS[4].

B.   For each Sogou ADS held as of the close of trading on March 14, 2018, the Recognized Loss is $1.40 per ADS.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Sogou ADSs shall not be deemed a purchase, acquisition or sale of Sogou ADSs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Claim Form enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of Sogou ADSs during the time period from November 9, 2017 through and including March 14, 2018.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

52.   If you purchased or otherwise acquired Sogou ADSs pursuant and/or traceable to the Sogou IPO for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners; (b) provide a list of the names, addresses, and email addresses (to the extent that email addresses are available) of all such beneficial owners to the Claims Administrator, and the Claims Administrator is ordered to send the electronic Long Notice by email to those beneficial owners for whom a valid email address is available, or the Postcard Notice to those beneficial owners for whom emails are not available, promptly to such identified beneficial owners; or (c) request an electronic copy of the Summary Notice from the Claims Administrator, which will be provided to you free of charge, and WITHIN TEN (10) CALENDAR DAYS of receipt of the

---

[3] After March 14, 2018, shares are no longer traceable.

[4] This represents the expert's estimate of the maximum inflation per share.

electronic Summary Notice, email the electronic Summary Notice to directly to all such persons or entities, provided valid email addresses are available.  If you choose follow procedure (a) or (c), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  All communications concerning the foregoing should be addressed to the Claims Administrator: Luo v. Sogou Inc., et al. (Securities Litigation), c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; toll-free: (866) 274-4004; fax: (610) 565-7985; email: info@strategicclaims.net. Nominees may seek payment of the reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation of the expenses for which the Nominee seeks reimbursement. Such properly documented expenses incurred by nominees in compliance with this Order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

Dated: December 10, 2020                                   BY ORDER OF THE UNITED STATES
                                                          DISTRICT COURT FOR THE
                                                          SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>        Defendants. |

No. 1:19-cv-00230-LJL

**PROOF OF CLAIM AND RELEASE**

**I.  GENERAL INSTRUCTIONS**

1. To recover as a member of the Settlement Class based on your claims in the action entitled *Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou, Inc., et al.*, No. 1:19-cv-00230-LJL (S.D.N.Y.) (the "Action"), you must complete and, on page 21 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3. **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET NO LATER THAN MARCH 20, 2021 OR, IF MAILED, BE POSTMARKED NO LATER THAN MARCH 20, 2021, ADDRESSED AS FOLLOWS**:

*Luo v. Sogou, Inc., et al.* (Securities Litigation)
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

4. If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated December 10, 2020, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

Page 17 of 22

## II.    CLAIMANT IDENTIFICATION

1.    If you (i) purchased or otherwise acquired Sogou Inc. ("Sogou") American Depositary Shares ("ADSs") pursuant to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and/or (ii) purchased or otherwise acquired publicly-traded Sogou ADSs between November 9, 2017 and March 14, 2018, and if you suffered damages as a result of such purchase(s), you may be entitled to a payment.  If you held the securities in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or otherwise acquired Sogou ADSs through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.    Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of Sogou ADSs that form the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.    All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.    Use **Part B** of this form entitled "Schedule of Transactions in Sogou ADSs" to supply all required details of your transaction(s) in Sogou ADSs.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all the requested information with respect to your holdings, purchases, acquisitions, and sales of Sogou ADSs, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.    The date of covering a "short sale" is deemed to be the date of purchase of Sogou ADSs.  The date of a "short sale" is deemed to be the date of sale of Sogou ADSs.

4.    Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN SOGOU ADSs.**

5.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at efile@strategicclaims.net to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

SOGOU

## PART A – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                MI            Beneficial Owner's Last Name

Co-Beneficial Owner's First Name            MI            Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                State                        ZIP/Postal Code

Foreign Province (only if not USA)                    Foreign Country (only if not USA)

Social Security Number                        Taxpayer Identification Number

OR

Telephone Number (home)                        Telephone Number (work)

OR

Email Address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
- ☐    Individual (includes joint owner accounts)    ☐ Pension Plan    ☐ Trust
- ☐    Corporation    ☐ Estate
- ☐    IRA/401K    ☐ Other _____ (please specify)

SOGOU

## PART B: TRANSACTIONS IN SOGOU ADSs

Complete this Part B if, and only if, you purchased/acquired Sogou ADSs during the period from November 9, 2017 through March 14, 2018, inclusive. Please include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above. Do not include information in this section regarding securities other than Sogou ADSs.

<table>
<tr><td colspan="4"><b>IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX</b> ☐</td></tr>
<tr><td colspan="4"><b>1. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD</b> – Separately list each and every purchase/acquisition of Sogou ADSs from after the opening of trading on November 9, 2017 through and including March 14, 2018. (Must be documented.)</td></tr>
<tr><td>Date of Purchase<br>(List Chronologically)<br>(MM/DD/YY)</td><td>Number of ADSs Purchased</td><td>Purchase Price Per ADS</td><td>Total Purchase Price (excluding taxes, commissions and fees)</td></tr>
<tr><td></td><td></td><td>$</td><td>$</td></tr>
<tr><td></td><td></td><td>$</td><td>$</td></tr>
<tr><td></td><td></td><td>$</td><td>$</td></tr>
<tr><td></td><td></td><td>$</td><td>$</td></tr>
<tr><td colspan="4"><b>2. SALES DURING THE CLASS PERIOD</b> – Separately list each and every sale/disposition of Sogou ADSs from after the opening of trading on November 9, 2017 through and including the close of trading on March 14, 2018. (Must be documented.)</td></tr>
<tr><td>Date of Sale<br>(List Chronologically)<br>(MM/DD/YY)</td><td>Number of ADSs Sold</td><td>Sale Price Per ADS</td><td>Total Sale Price (excluding taxes, commissions and fees)</td></tr>
<tr><td></td><td></td><td>$</td><td>$</td></tr>
<tr><td></td><td></td><td>$</td><td>$</td></tr>
<tr><td></td><td></td><td>$</td><td>$</td></tr>
<tr><td></td><td></td><td>$</td><td>$</td></tr>
<tr><td colspan="4"><b>3. ENDING HOLDINGS –</b> State the total number of Sogou ADSs held as of the close of trading on March 14, 2018. If none, write "0" or "Zero." (Must be documented.) _____</td></tr>
</table>

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Sogou ADSs, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Sogou ADSs during the Class Period and know of no other person having done so on my (our) behalf.

SOGOU

## V.   RELEASES, WARRANTIES, AND CERTIFICATION

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member(s) as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.    As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Sogou ADSs that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

5.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                       (Month / Year)         (City)      (State/Country)

_____
Signature of Claimant                         Signature of Joint Claimant, if any

_____
Print Name of Claimant                      Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

*Luo v. Sogou, Inc., et al.* (Securities Litigation)
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**

**REMINDER CHECKLIST:**

1. Please sign this Claim Form.

2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Proof of Claim for your records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.

6. If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.



# EXHIBIT D

**Josephine Bravata**

| | |
|---|---|
| **From:** | Sarah Evans <sevans@strategicclaims.net> |
| **Sent:** | Monday, January 04, 2021 8:48 AM |
| **To:** | Josephine Bravata |
| **Subject:** | Fwd: GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |

---------- Forwarded message ---------
From: <donotreply@globenewswire.com>
Date: Mon, Jan 4, 2021 at 8:00 AM
Subject: GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA
To: <sevans@strategicclaims.net>
CC: <sevans@strategicclaims.net>, <lrosen@rosenlegal.com>

1



# Release Distribution Confirmation

# The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP Announce Proposed Class Action Settlement on Behalf of Purchasers of American Depositary Shares of Sogou, Inc. -- SOGO

**Cross time: 01/04/21 08:00 AM ET: Eastern Time - View release on GlobeNewswire.com**

2

**This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.**

**If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930**

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

--
Sarah Evans
Claims Analyst
Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063
sevans@strategicclaims.net
(866) 274-4004 x 1011

3

IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.

# INVESTOR'S BUSINESS DAILY°

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:          IBD Weekly
Address:                      12655 Beatrice Street
City, State, Zip:            Los Angeles, CA 90066
Phone #:                     310.448.6700
State of:                    California
County of:                   Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for __Sogou Inc.__ was printed in said publication on the following date(s):

### JANUARY 4, 2021

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __4th__ day of __January__ , __2021__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)



RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

# Exchange Traded Funds

## IBD'S ETF Market Strategy

### OVERVIEW

IBD's **Market Pulse** feature has a long history of recognizing shifts in market direction early on to help investors maximize gains in uptrends and protect their portfolios in downtrends. Now we've developed a simple method for trading market index ETFs based on the market direction posted daily in the **Market Pulse**.



Market Direction
Confirmed uptrend
% Invested: 100%

### HOW IT WORKS

Invest in a market index ETF (QQQ was used in the study) immediately after a new uptrend is announced in **Market Pulse** and employ these simple allocation rules:

| Market direction | % invested |
|---|---|
| Confirmed uptrend | 100% |
| Uptrend under pressure | 50% |
| Market in correction | 0% |
| ⚠ Optional stop loss: Nasdaq falls 2.6% below closing value of uptrend's first day | 0% |

### HOW IT PERFORMS

The true value of the strategy is that it lets you lower your risk by sitting out market corrections, including major bear markets. Since 2005, IBD's ETF Market Strategy produced an estimated cumulative return of:



IBD's ETF Market Strategy
vs. the market
Cumulative return, excluding dividends
Oct. 20, 2005–Oct. 30, 2020

Nasdaq 428%
IBD's ETF Market Strategy 334%
S&P 500 178%

For complete details on IBD's ETF Market Strategy, go to:
**Investors.com/ETFStrategy**

## 1-Week Winners & Losers

### TOP 10

| ETF | Symbol | RS Rtg | 1-wk % chg |
|---|---|---|---|
| IS MSCI South Korea | EWY | 78 | 4.7 |
| ETFMG Pri Jr Silv Mnr | SILJ | 80 | 4.5 |
| Dxt CSI 300 | ASHR | 62 | 4.4 |
| IS MCSI China | MCHI | 49 | 4.3 |
| KS CSI China Internet | KWEB | 57 | 3.6 |
| IS FTSE China 25 | FXI | 34 | 3.5 |
| IS MSCI Asia Ex Jpn | AAXJ | 58 | 3.3 |
| IS ESG MSCI EM | ESGE | 60 | 3.1 |
| IS MSCI Emrg Mkts | EEM | 56 | 3.1 |
| IS Core MSCI EM | IEMG | 58 | 2.9 |

### BOTTOM 10

| ETF | Symbol | RS Rtg | 1-wk % chg |
|---|---|---|---|
| SPDR S&P Biotech | XBI | 75 | -6.2 |
| ETFMG Alt Harvest | MJ | 52 | -4.2 |
| IS DJ US Home Const | ITB | 66 | -3.8 |
| IS Nasdaq Biotech | IBB | 48 | -3.0 |
| SPDR S&P Homebldrs | XHB | 71 | -2.9 |
| IS Russell 2000 Grwth | IWO | 76 | -2.6 |
| Alerian MLP | AMLP | 38 | -2.0 |
| GX MLP & Eng Infra | MLPX | 42 | -1.9 |
| GX MLP | MLPA | 33 | -1.7 |
| IS Expnd Tech Softwr | IGV | 69 | -1.7 |

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE QUDIAN INC. SECURITIES LITIGATION

Master File No.: 1:17-cv-09741-JMF

Related cases:
1:17-cv-09796-JMF
1:17-cv-09903-JMF
1:17-cv-09875-JMF
1:17-cv-09894-JMF

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:**   All persons or entities that purchased or otherwise acquired Qudian Inc. ("Qudian") American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering on or about October 18, 2017 (the "Class").

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Class, except for certain persons and entities who are excluded from the Class as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $8,500,000 (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on April 27, 2021, at 4:00 p.m., before the Honorable Jesse M. Furman in Courtroom 1105, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation and Agreement of Settlement (the "Stipulation") dated November 13, 2020 (and in the Notice), should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.  In light of the ongoing pandemic the Court may choose to hold the Settlement Hearing telephonically or via videoconference, in which case, notice will be provided to the Class on the Court's docket and on the settlement website, www.QudianSecuritiesSettlement.com.

**If you are a member of the Class, your rights will be affected by the pending Settlement of the Action, and you may be entitled to share in the Settlement Fund.**  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Qudian Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173114, Milwaukee, WI 53217, (877) 884-2550.  Copies of the Notice and Claim Form can also be downloaded from the settlement website maintained by the Claims Administrator, www.QudianSecuritiesSettlement.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than April 14, 2021.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than April 6, 2021, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of expenses must be filed with the Court such that they are *received* no later than April 6, 2021, in accordance with the instructions set forth in the Notice.

The Action is separate from three other class action lawsuits that were filed on behalf of Qudian ADS purchasers in (i) California Superior Court, San Mateo County, and (ii) New York Supreme Court, New York County, respectively (the "State Court Actions").  There has not been, and may not be, a recovery in the State Court Actions.  Moreover, absent a valid exclusion request, approval of the Settlement in this Action will eliminate the ability of any member of the Class to assert Released Plaintiffs' Claims in the State Court Actions or in any other court or forum.  You may not participate in both this Settlement and the State Court Actions.

**Please do not contact the Court, the Clerk's office, Qudian, or Qudian's counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Co-Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*In re Qudian Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173114
Milwaukee, WI 53217
(877) 884-2550
www.QudianSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Co-Lead Counsel:

Jack I. Zwick, Esq.
225 Broadway, Suite 1440
New York, NY 10007
(212) 385-1900
jack@zwickfirm.com

Glancy Prongay & Murray LLP
Attn: Jonathan M. Rotter, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
(888) 773-9224
settlements@glancylaw.com

By Order of the Court

---

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,
Plaintiffs,

vs.

SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,
Defendants.

No. 1:19-cv-00230-LJL

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES FOR PUBLICATION**

**To:**  If you (i) purchased or otherwise acquired Sogou Inc. ("Sogou") American Depositary Shares ("ADSs") pursuant to Sogou's Registration Statement issued in connection with the Company's November 9, 2017 IPO, and/or (ii) purchased or otherwise acquired publicly-traded Sogou ADSs between November 9, 2017 and March 14, 2018, and if you suffered damages as a result of such purchase(s), then you may be entitled to a payment from a class action settlement.

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Southern District of New York, that the Court-appointed Lead Plaintiffs, on behalf of themselves and all members of the Settlement Class, and Sogou Inc. ("Sogou" or the "Company"), Sohu.com Inc., Tencent Holdings Limited, Xiaochuan Wang, Charles (Chaoyang) Zhang, Yuxin Ren, Joanna (Yanfeng) Lu, Bin Gao, Joseph Chen, James (Xiufeng) Deng, Chi Ping Martin Lau, Donald J. Puglisi, J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited (collectively the "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $1,450,000 (the "Settlement").

A telephonic hearing will be held before the Honorable Lewis J. Liman, toll free 888-251-2909, access code 2123101, on **March 25, 2021 at 3:00 p.m.**, (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated December 8, 2020; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to Settlement Class Members (the "Net Settlement Fund"); (iv) approve Lead Counsel's Fee and Expense Application; and (v) approve the Settlement Class Representatives' service awards. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund. If you are a Settlement Class Member, however, you may enter an appearance by yourself or through counsel at your own expense. See the full Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") for further details.

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by visiting the website of the Claims Administrator, www.strategicclaims.net, or by contacting the Claims Administrator at:

Strategic Claims Services
600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063
toll-free: (866) 274-4004
email: info@strategicclaims.net
**Settlement Website: www.strategicclaims.net**

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

THE ROSEN LAW FIRM, P.A.
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
www.rosenlegal.com
215-686-2817

LEVI & KORSINSKY, LLP
Shannon L. Hopkins
1111 Summer Street, Suite 403
Stamford, CT 06905
www.zlk.com
203-992-4523

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than March 20, 2021.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than March 4, 2021.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

A substantially similar action is currently pending in the Superior Court of the State of California County of San Mateo, Docket No. 18CIV06699 (Cal. Super. Ct. Dec 14, 2018) (the "Consolidated San Mateo Action"), against the Defendants in this action other than Chi Ping Martin Lau and Donald J. Puglisi. It is the intent of the parties that the Settlement of this Action will, if approved, result in the release by all members of the Settlement Class of all claims asserted in the Consolidated San Mateo Action, except for the claims of any plaintiff in that action who opts out of the Settlement. Both plaintiffs and members of the putative class in the Consolidated San Mateo Action are members of the Settlement Class in this Action. If the Court in this Action approves the Settlement, then the Court in the Consolidated San Mateo Action may decide that the Settlement Class members who exclude themselves from the Settlement Class in this Action will be able only to continue to litigate their claims on an individual basis in a separate lawsuit and not as an absent class member. In addition, because the IPO occurred in November 2017, more than three years ago, under applicable law concerning statutes of limitations and repose, if you exclude yourself from the Settlement Class, then you may not be able to pursue your individual claims in a separate lawsuit filed after the date of this Notice, unless you intend to exclude yourself from the Settlement Class to pursue your own, individual claims, then consider consulting your own lawyer. For instructions for next consequences of requesting exclusion from the Settlement Class or for remaining a member but objecting to the Settlement, see paragraphs 33-35 and 38-40, respectively, of the full Notice available at www.strategicclaims.net.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than March 4, 2021.*

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: DECEMBER 10, 2020

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Copyright** 2021 Investor's Business Daily Inc.

EXHIBIT E

February 9, 2021

To: EXCLUSIONS – Luo v. Sogou Inc., et al. (Securities Litigation)
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

From: Jonathan Sato

Subject: Exclusion from Settlement Class in Jiajia Luo, individually and on behalf of
all others similarly situated, et al, v. Sogou Inc., et al., No. 1:19-cv-00230-LJL
(S.D.N.Y.).

To Whom It May Concern:

I, Jonathan Sato, whom resides at
with telephone number                  , request to be excluded from the Settlement
Class in Jiajia Luo, individually and on behalf of all others similarly situated, et al, v.
Sogou Inc., et al., No. 1:19-cv-00230-LJL (S.D.N.Y.).

I, Jonathan Sato, acquired 200 shares of Sogou ADSs on November 9, 2017 for a total
price of $2,720.95 and sold 200 shares of Sogou ADSs on January 31, 2018 for a total
price of $2047.00 during the period from November 9, 2017 through March 14,
2018, inclusive.

Sincerely,


Jonathan Sato

Enclosure (2)



'r - TOD

**JONATHAN D SATO**

024080 FIEG0Y01 000000 AT 01          0100024080

JONATHAN D SATO

| | |
|---|---|
| Online | Fidelity.com |
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Premium Services Team 546 | 800-544-4442 |
| 8am - 11pm ET, Mon - Fri | |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 17313-0D2G0Q | 1* | WK# | 11-09-17 | 11-13-17 | 83409V104 | 17313-L72CN | | |

| | | DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|
| You Bought | | SOGOU INC ADS EACH REP 1 CLASS A ORD | Principal Amount | 2,716.00 |
| | 200 | SHS | Commission / Fees | 4.95 |
| at | 13.5800 | WE HAVE ACTED AS AGENT. | Settlement Amount | 2,720.95 |
| Symbol: | | THIS NOTICE IS PROVIDED TO YOU, IN LIEU | | |
| SOGO | | OF THE FINAL PROSPECTUS, PURSUANT TO | | |

SECURITIES ACT RULE 173. TO THE EXTENT
THE SALE WAS MADE PURSUANT TO A
REGISTRATION STATEMENT OR IN A
TRANSACTION IN WHICH A FINAL PROSPECTUS
WOULD HAVE BEEN REQUIRED TO HAVE BEEN
DELIVERED IN THE ABSENCE OF SECURITIES
ACT RULE 172. YOU CAN VIEW THE FINAL
PROSPECTUS AT WWW.SEC.GOV, OR YOU MAY
REQUEST A PAPER COPY BY CALLING
866-602-4402.

0100024080



r
- TOD

**JONATHAN D SATO**

030588 FIEM1C02 000000 AT 01          0100030588

JONATHAN D SATO

| | |
|---|---|
| Online | Fidelity.com |
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Premium Services Team 546 | 800-544-4442 |
| 8am - 11pm ET, Mon - Fri | |



| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 18031-0F8NRD | 1* | WK# | 01-31-18 | 02-02-18 | 83409V104 | 18031-PV4MS | | |

| | | DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|
| You Sold | | SOGOU INC ADS EACH REP 1 CLASS A ORD | Principal Amount | 2,052.00 |
| | 200 | SHS | Commission / Fees | 4.95 |
| at | 10.2600 | WE HAVE ACTED AS AGENT. | Activity Assessment Fee | 0.05 |
| Symbol: | | LOTS WITHOUT SPECIFIC SHARES | Settlement Amount | 2,047.00 |
| SOGO | | INSTRUCTIONS WILL BE DEPLETED USING | | |
| | | FIRST IN, FIRST OUT METHOD. | | |

0100030588                    ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE



Jonathan Sato

9 FEB 2021 PM 4 L

EXCLUSIONS – Luo v. Sogou Inc., et al. (Securities Litigation)
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

FEB 1 7 2021

19063-023030