# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br><br>   vs.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J.P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>        Defendants. | No. 1:19-cv-00230-LJL |

**SUPPLEMENTAL DECLARATION OF SARAH EVANS**
**CONCERNING (A) MAILING OF THE POSTCARD NOTICE; AND (B) REPORT ON**
**REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1.  I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over seven years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over four hundred twenty-five (425) class action cases since its inception. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein.

**MAILING OF CAFA NOTICE**

2.      At the request of Defendants' Counsel, and separate from our engagement as Claims Administrator, on November 24, 2020, SCS mailed a notice of proposed class action settlement, pursuant to Section 1715 of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715 ("CAFA"), to the appropriate federal and state officials, by certified return receipt through the United States Postal Service.  The mailing consisted of: (i) a letter regarding the Settlement approved by Defendants' Counsel describing the mailing (the "CAFA Letter"); and (ii) a CD-ROM containing copies of the documents referenced in the CAFA Letter. Attached as **Exhibit A** is a copy of the CAFA Letter that SCS mailed.

**UPDATE ON MAILING OF POSTCARD NOTICE**

3.      Pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated December 10, 2020 (the "Preliminary Approval Order"), the Court approved SCS as Claims Administrator to supervise and administer the notice procedure and to process claims in connection with the Settlement in the above-captioned action ("Action").

4.      As noted in the Declaration of Sarah Evans Concerning (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections, dated February 18, 2021 (the "Evans Declaration"), SCS had mailed 13,477 Postcard Notices[1] to potential Settlement Class Members or nominees.  Since the Evans Declaration was

---

[1] In addition to the 13,592 Postcard Notices mailed, SCS received 26 requests from potential Settlement Class Members to mail them the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form", together with the Notice, "Notice and Claim Form"). Of these 26 requests, 16 were received after the filing of the Evans Declaration.

filed, an additional 115 Postcard Notices have been mailed. A total of 13,592 Postcard Notices have been mailed to date.

5.      Of the 13,592 Postcard Notices mailed, 262 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for 14, and SCS immediately mailed another Postcard Notice to the potential Settlement Class Members at the updated addresses. The remaining 248 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses; 117 updated addresses were located, and Postcard Notices were re-mailed to the updated addresses.

6.      Additionally, as noted in the Evans Declaration, SCS was notified by one of the nominees that they emailed 8,826 of their customers to notify them of this settlement and provided direct links to the Notice and Claim Form on the settlement website. No additional email notifications have been sent since the filing of the Evans Declaration.

7.      By reason of the Court granting Postcard and email notice, there have been material savings in administration costs. SCS is anticipating that the total administrative fees and expenses will total less than $125,000.

### UPDATE ON TOLL-FREE PHONE LINE

8.      The Evans Declaration noted that SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and/or request a Notice and Claim Form.  SCS continues to promptly respond to each telephone inquiry and address Settlement Class Members' inquiries.

### UPDATE ON WEBSITE

9.      On December 23, 2020, SCS established a webpage for the Settlement on its website at www.strategicclaims.net.  The webpage is accessible 24 hours a day, 7 days a week.

The webpage contains the current status of the case; the case deadlines; the online claim filing link; and important documents. To date, the webpage has received 5,050 pageviews from 2,415 unique users.

## UPDATE ON REPORT ON EXCLUSIONS AND OBJECTIONS

10.     The Postcard Notice, the Notice, the Summary Notice, and the webpage informed potential Settlement Class Members that written requests for exclusion were to be mailed to SCS such that they were received no later than March 4, 2020. SCS had received one exclusion request, which was provided as Exhibit E to the Evans Declaration. SCS has been monitoring all mail delivered for this case. As of the date of this Declaration, SCS has received no additional exclusion requests.

11.     According to the Notice, Summary Notice, Postcard Notice, and webpage, Settlement Class Members seeking to object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and expenses were required to submit their objection in writing such that the request was received by Lead Counsel and Defendants' Counsel, as well as filed with the Court, no later than March 4, 2021.  As of the date of this Declaration, SCS has neither received any objections nor been notified that Lead Counsel has received any objections.

## CLAIM FORM FILING STATUS

12.     To date, SCS has received 1,381 timely claim forms.  The deadline to submit a claim is postmarked or received no later than March 20, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 18th day of March 2021, in Media, Pennsylvania.

_____
    Sarah Evans

4





# EXHIBIT A

## Strategic Claims Services

Phone 866.274.4004
610.565.9202
Fax 610.565.7985

strategicclaims.net

November 24, 2020

**VIA CERTIFIED MAIL**

The Honorable William Barr
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

RE:     Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear Sir or Madam:

Strategic Claims Services has been retained in the proposed class action lawsuits entitled *Jiajia Luo, individually and on behalf of all others similarly situated, et al, v. Sogou Inc., et al.,* Case No. 1:19-cv-00230-LJL to provide notices required under the Class Action Fairness Act. The Action is pending before the Honorable Lewis J. Liman in the United States District Court, Southern District of New York.

In compliance with Section 1715 of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715 (CAFA), this letter is to advise you that a Motion for entry of an order for Preliminary Approval of a Proposed Settlement was filed. The Court has not yet ruled on the motion but has set a hearing for November 25, 2020.

The Defendants deny any and all wrongdoing, deny any liability to Lead Plaintiff or the proposed settlement class, and deny that Lead Plaintiff and the proposed class members have suffered any damages attributable to the Defendants' actions.  In compliance with Section 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:

1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** A copy of the original Complaints filed in the actions as well as the various amended complaints are provided on the enclosed CD ROM. Additional filings in the case are available on the federal court's PACER system at https://ecf.nysd.uscourts.gov.  A PACER login and password are required.

2. **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:**  The Court has scheduled a telephonic hearing on preliminary approval of the settlement for November 25, 2020 at 11:00 AM.

3. **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the *Postcard Notice* is enclosed on the CD ROM entitled "*Ex. 3 – Postcard Notice*", as well as "*Ex. 1 – Long Notice"* and "*Ex. 4 – Summary Notice".*

4. **28 U.S.C. § 1715(b)(4) – Proposed Class Action Settlement:** A copy of the parties' *Stipulation and Agreement of Settlement* with Exhibits, including a proposed order for preliminary approval and a proposed order for final approval, is provided on the enclosed CD ROM.

5. **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** As of the date of this letter, no other settlement or agreement has been entered into by the parties to this action. The parties have entered into a confidential supplemental agreement with details on Defendants' termination rights in the event that a certain percentage of putative class members opt out of the settlement.

6. **28 U.S.C. § 1715(b)(6) – Final Judgment:** As of the date of this letter, no Final Judgment has been issued by the Court.

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimated Proportionate Share:** Pursuant to 28 U.S.C. § 1715(b)(7)(A), CAFA also requires a defendant, "if feasible," to provide the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire

600 North Jackson Street • Suite 205 • Media, PA 19063

settlement." At this time, it is not feasible to determine the names of the class members residing in each state, and therefore Defendants cannot feasibly estimate the proportionate share of the claims of such members to the entire settlement. It also is not feasible to provide an estimate of the number of members of the class residing in each state and the estimated proportionate share of the claims of such members to the settlement. *See* 28 U.S.C. § 1715(b)(7)(B). However, assuming the settlement is approved by the Court, members of the class who properly submit Proof of Claim and Release forms as well as supporting documentation shall receive a share of the net settlement fund in accordance with the terms of the plan of allocation. It is anticipated that, upon the conclusion of the claim process, Strategic Claims Services will be able to provide, upon request, the names of members of the class who reside in each state and the estimated proportionate share of the claims of such members to the settlement.

8. **28 U.S.C. § 1715(b)(8) – Written Judicial Opinion**: As of the date of this letter, no written judicial opinions have been issued relating to the proposed settlement.

If for any reason, you believe the enclosed information does not fully comply with Section 1715, please contact the Counsel for Defendants identified below, to address any concerns or questions that you may have.

**Counsel for Defendants Sogou Inc. and Sohu.com Inc.**
GOULSTON & STORRS PC
Richard J. Rosensweig
400 Atlantic Avenue
Boston, MA 02110

**Counsel for Defendants J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, Goldman Sachs (Asia) L.L.C., and China International Capital Corporation Hong Kong Securities Limited**
MORGAN, LEWIS & BOCKIUS LLP
Charlene S. Shimada
One Market, Spear Street Tower
San Francisco, CA 94105-1596

Sincerely,

Strategic Claims Services

By:  Matthew Shillady
Title: Director of Operations

Enclosure – CD ROM

600 North Jackson Street • Suite 205 • Media, PA 19063
4848-6730-4658, v. 3