```
                                                            USDC SDNY
                                                            DOCUMENT
UNITED STATES DISTRICT COURT                                ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                               DOC #:_____
------------------------------------------------------------------X     DATE FILED:  5/22/2021
                                                            :
JIAJIA LUO, individually and on behalf of all others        :
similarly situated, ET AL,                                  :
                              Plaintiffs,                   :
                                                            :              19-cv-230 (LJL)
            -v-                                             :
                                                            :               ORDER
SOGOU, INC., ET AL,                                         :
                              Defendants.                   :
                                                            :
                                                            :
------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The Court held a fairness hearing on May 21, 2021, on the proposed settlement in this case. The Court granted: (1) final approval of the proposed Settlement; (2) final approval of the proposed Plan of Allocation for the distribution of the proceeds of the Settlement to eligible claimants; (3) certification of the Settlement Class for settlement purposes; and (4) an award of $1,000 for each lead plaintiff.

The Court requested that Plaintiffs' counsel submit to the Court contemporaneous billing records in order for the Court to evaluate counsel's request for $362,500 in fees and $25,412.06 in costs. Plaintiffs' fee request amounts to 25% of the $1.45 million settlement. Counsel has submitted its records to the Court for its review. Dkt. No. 123.

In reviewing a fee application in the class action context, the "court is 'to act as a fiduciary who must serve as a guardian of the rights of absent class members.'" *Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 249 (2d Cir. 2007) (quoting *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1099 (2d Cir. 1977)). The award "must reflect 'the actual effort made by the attorney to benefit the class'. . . . " *Id.*

The Second Circuit provided substantial guidance to the district courts on common fund fee applications in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). *Goldberger* made plain that the district court has discretion to use either the lodestar or percentage in setting a fee award. *Goldberger* lists certain factors that a court should weigh when reviewing an attorneys' fees application: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Id.* at 50.

*Goldberger* notes that "the lodestar remains useful as a baseline even if the percentage method is eventually chosen." *Id*. It serves as "a 'cross-check' on the reasonableness of the requested percentage." *Id*. "Of course, where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court . . . . Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *Id*. The Second Circuit's 2007 opinion in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007), moved analysis of attorneys' fees away from the concept of a "lodestar" in favor of a "presumptively reasonable fee." The reasonable hourly rate is "what a reasonable, paying client would be willing to pay." *Id*. at 184.

Lead counsel has expended 1,048.88 hours of attorney and professional time on this case. The Court has reviewed those hours and, while high, they are not so high to be unreasonable or to make the lodestar amount unreliable. The lodestar amount is $781,661.00, which, compared against the requested fee amount of $362,500, amounts to a lodestar multiplier of .46. A negative lodestar multiplier such as this one is an "indication of the reasonableness of the negotiated fee." *Jermyn v. Best Buy Stores, L.P.*, 2012 WL 2505644, at *10 (S.D.N.Y. June 27, 2012). Thus, even assuming that not all of the hours were necessary or were well-spent, the lodestar weighs in favor of the fees request.

The magnitude, complexities and risks of the litigation are significant, given the high risks associated with continued litigation and the fact that much of the litigation involves individuals who reside overseas and actions that took place abroad. Further, "[t]he built-in risk of litigation" is "a highly relevant factor in determining the fee to be awarded." *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *6 (S.D.N.Y. Nov. 7, 2007). *Goldberger* instructs that "contingency risk" "must" be considered in setting a reasonable fee. 209 F.3d at 53. The magnitude, complexities and risks of this case weigh in favor of the fee request.

*Goldberger* states that quality of representation is best assessed by comparing the results of the settlement against plaintiffs' maximum possible recovery. 209 F.3d at 55. Lead Counsel devoted considerable time to this case. Its efforts included reviewing and analyzing: (1) documents the Company filed publicly with the SEC; (2) publicly available information including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (3) research reports issued by financial analysts concerning the company; (4) other publicly available information and data concerning the company; and (5) the applicable law governing the claims and potential defenses. At the time of the settlement, Plaintiffs were in the process of preparing their opening brief for the Second Circuit. It is also relevant to consider the quality of counsel representing defendants counsel. Defendants' counsel are Goulston & Storrs PC and Morgan, Lewis & Bockius LLP—experienced and well-resourced securities law firms. *See In re Adelphia Commc'ns Corp. Sec. and Derivative Litig.*, 2006 WL 3378705, at *3 (S.D.N.Y. Nov. 16, 2006) (holding that obtaining a settlement from well-represented defendants "evidences the high quality of lead counsels' work"). The Court concludes that the quality of representation in this case is high, and that it weighs in favor of the fee application.

2

Class counsel's proposed fee award of $362,500 constitutes 25% of the proposed settlement.  This amount is "consistent with fees awarded in similar class action settlements of comparable value." *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *4 (S.D.N.Y. Nov. 7, 2007); *see, e.g.*, *In re Telik, Inc. Sec. Litig*, 576 F. Supp. 2d 570, 574 (awarding 25% attorneys' fees prior to ruling on motion to dismiss); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 418 (S.D.N.Y. 2018) (awarding 25% attorney fees on a $35,000,000 settlement), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020).  Thus, this factor weighs in favor of approval.

For the foregoing reasons, Plaintiffs' fee request is GRANTED.

SO ORDERED.

Dated: May 22, 2021
      New York, New York

                         LEWIS J. LIMAN
                    United States District Judge