**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIAJIA LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>SOGOU INC., SOHU.COM INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J. P. MORGAN SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>       Defendants. | Case No.: 1:19-cv-00230-LJL |

## FINAL ORDER AND JUDGMENT

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class Action Settlement. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A.   Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered December 10, 2020 (the "Preliminary Approval Order"), and pursuant to an Order entered March 23, 2021 rescheduling exclusion and objection deadlines for potential

settlement class members identified by nominee Apex Clearing, this Court held a hearing on May 21, 2021, at 3:00 PM (the "Settlement Hearing");

  B. At the Settlement Hearing, for the reasons set forth in the Court's ruling delivered from the bench, this Court granted (i) final approval of the proposed Settlement; (ii) final approval of the proposed Plan of Allocation for the distribution of the proceeds of the Settlement to eligible claimants; (iii) certification of the Settlement Class for settlement purposes; and (iv) an award of $1,000 for each lead plaintiff;

  C. Pursuant to an Order entered May 22, 2021, this Court granted the Lead Plaintiffs' counsel's request for fees;

  D. Strategic Claim Services, the settlement claim administrator ("Claim Administrator"), has attested in the Supplemental Declaration of Sarah Evans filed with this Court on March 18, 2021 that the notice of proposed class action settlement required pursuant to Section 1715 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") was mailed to the appropriate federal and state officials by certified return receipt through the United States Postal Service on November 24, 2020;

  E. This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation and Agreement of Settlement ("Stipulation") (ECF No. 99-1), all of the submissions and arguments presented with respect to the proposed Settlement, and Defendants' request to clarify the Court's May 21, 2021 bench order;

  NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED, *nunc pro tunc* to May 21, 2021, that:

1. This Court's May 21, 2021 bench order constituted and remains a Final Order and Judgment in this action, as clarified herein. The Judgment incorporates and makes a part of the May 21, 2021 Final Order and Judgment: (i) the amended Stipulation filed with the Court on December 8, 2020; and (ii) the amended Long Form Notice, which was filed with the Court on December 8, 2020. Capitalized terms not defined in the Judgment as clarified herein shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

4. The Court finds that Defendants timely complied with the notice to federal and state officials required pursuant to Section 1715 of CAFA.

5. Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment as clarified herein shall have, fully, finally, and forever released, relinquished, discharged, waived, and dismissed any and all Released Claims against any and all Released Defendant Parties.

6. Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed

to have, and by operation of the Judgment as clarified herein shall have, covenanted not to sue any and all Released Defendant Parties with respect to any and all Released Claims.

    7.    Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims against any and all Released Defendant Parties.

    8.    Upon the Effective Dates of the Settlement, to the fullest extent permitted by law, all individuals and entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action against the Defendants or any of the Released Defendant Parties, and the Released Defendant Parties shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of against any individual or entity, for (a) contribution or indemnity (or any other claim, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that Person's actual or potential liability to Plaintiffs and/or members of the Settlement Class; provided, however, nothing herein shall: (1) preclude any of the Defendants from seeking to enforce the terms of any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any defense or other costs incurred in connection with the Action or the Settlement; or (2) release or alter any and all contractual rights arising under the terms of any written agreement (i) between or among the Underwriter Defendants, or (ii) between the Underwriter Defendants, on the one hand, and

Sogou and/or Sohu.com Inc., on the other hand, or (iii) between the Individual Defendants, on the one hand, and Sogou and/ or Sohu.com Inc., on the other hand. Further, any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to this Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

9. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, waived, and dismissed any and all Released Defendants' Claims against any and all of the Released Plaintiff Parties and shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

10. The Judgment and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements among the Parties, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Stipulation, and in particular:

    a. do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any

presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b. do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

c. do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

d. do not constitute, and shall not be construed against Defendants, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

    e.    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

    11.    Notwithstanding ¶ 10, the Parties, and their respective counsel, may file the Stipulation and/or the Judgment as clarified herein in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file the Stipulation and/or the Judgment as clarified herein in any action that may be brought to enforce the terms of the Stipulation and/or the Judgment as clarified herein. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

    12.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

    13.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then the Judgment as clarified herein shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 13, 2020.

14. Within seven (7) business days of entry of a Final order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, the Escrow Agent shall immediately return to Sogou, in accordance with the terms of the Stipulation, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred and approved by the Court as set forth in the Stipulation. Under those circumstances, Class Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments. Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to the Defendants.

15. Without affecting the finality of the Judgment as clarified herein in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) all Parties for the purpose of construing, enforcing and administering the Settlement and the Judgment as clarified herein; and (v) other matters related or ancillary to the foregoing. Immediate entry by the Clerk of the Court is expressly directed.

DATED this 28th day of June , 2021

BY THE COURT:

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE