# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAJIA LUO, *et. al.*, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOGOU INC, SOHU.COM, INC., TENCENT HOLDINGS LIMITED, XIAOCHUAN WANG, CHARLES (CHAOYANG) ZHANG, YUXIN REN, JOANNA (YANFENG) LU, BIN GAO, JOSEPH CHEN, JANICE LEE, JAMES (XIUFENG) DENG, CHI PING MARTIN LAU, DONALD J. PUGLISI, J. P. MORGAN SECURITIES LLC, CREDIT SUISSE (USA) LLC, GOLDMAN SACHS (ASIA) L.L.C., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LTD.,<br><br>Defendants. | Case No. 1:19-cv-00230-LJL<br><br>CLASS ACTION<br><br>Judge:    Hon. Lewis J. Liman |

## [PROPOSED] ORDER GRANTING LEAD PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND

Court-appointed Lead Plaintiffs Lizhen Zhang, Juean Xu, Yuehua Ding, Maggie Xu, Mark S. Frater, and Ketan Patel (collectively "Lead Plaintiffs"), having filed an Unopposed Motion for Distribution of the Net Settlement Fund[1] in the above-captioned Action; this Court having considered all the papers filed in connection therewith; and based upon all other prior proceedings had herein, and good cause appearing therefor:

**IT IS HEREBY ORDERED** that:

1.      The proposed final Distribution Plan recommended by the Court-appointed Claims Administrator in this matter, Strategic Claims Services ("SCS"), and set forth in the Declaration of Sarah Evans Concerning the Results of the Claims Administration Process (the "Evans Declaration"), to distribute the proceeds of the Settlement Fund in this Action to Settlement Class Members, is approved as fair and reasonable;

2.      SCS's administrative determinations accepting the claims as set forth in Exhibit B-1 of the Evans Declaration, and accepting the additional late but otherwise valid claims postmarked through and including June 30, 2021 as set forth in Exhibit B-2 of the Evans Declaration, are approved, and such claims are accepted;

3.      The administrative determinations of SCS rejecting other claims, as set forth in Exhibits D and E of the Evans Declaration, are approved, and such claims are rejected.

4.      Any claims received by SCS after June 30, 2021, and any responses to deficiency and/or rejection notices received by SCS after October 20, 2021, are, and shall be, rejected;

5.      SCS shall be paid the additional sum of $4,943.73 from the Settlement Fund for the balance of its fees and expenses incurred (and yet to be incurred) in connection with services

---

[1] Capitalized terms which are not defined herein shall have the same meaning as in the Stipulation and Agreement of Settlement, dated and filed on December 8, 2020 (Dkt. No. 99-1, the "Stipulation"), or in the Evans Declaration (defined below).

performed, and to be performed, by SCS in administering the Settlement and in distributing the Settlement Fund to Settlement Class Members.  Defendants are not responsible for any further costs related to administering or distributing the Settlement Fund.

6.    The balance of the Net Settlement Fund shall be distributed to the accepted claimants listed in Exhibits B-1 and B-2 to the Evans Declaration, in accordance with the Plan of Allocation, no later than 30 days after the entry of this Order;

7.    The payments distributed to the accepted claimants shall bear the notation ""CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to take appropriate actions to locate and/or contact any eligible claimant who has not cashed his, her or its distribution check within said time;

8.    If there is any remaining balance in the Settlement Fund after six months from the date of the issuance of the payments reference in paragraph 7 of this Order (whether by reason of tax refunds, uncashed checks, or otherwise), (i) any such balance shall be reallocated among Authorized Claimants in an equitable fashion, if logistically feasible and economically justifiable, and (ii) after any such reallocation, any remaining balance be donated to The Lawyers' Committee for Civil Rights Under Law, as provided in the Stipulation, ¶66.

9.    All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in this matter, or otherwise involved in the administration of the Settlement Fund, including Lead Plaintiffs, Lead Counsel and SCS (the "Released Persons") are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Settlement Fund, are barred from making any further claim against the Settlement Fund or any of the Released Persons beyond the amount allocated to them pursuant to this Order.

10.     SCS is hereby authorized to destroy paper or hard copies of the Proof of Claim forms and supporting documents no less than one year after the distribution of the Net Settlement Fund to eligible claimants, and to destroy electronic or magnetic media data no less than three years after the distribution of the Net Settlement Fund to the eligible claimants; and

11.     This Court retains jurisdiction over any further application or matter which may arise in connection with this Action.


IT IS SO ORDERED


Dated: _____          _____

                                     HON. LEWIS J. LIMAN
                                     UNITED STATES DISTRICT COURT JUDGE

3